**STEVEN N. FELDMAN**  sfeldman@hueston.com
D: 213 788 4272
T: 213 788 4340
F: 888 775 0898

523 West 6th Street
Suite 400
Los Angeles, CA 90014

# HUESTON HENNIGAN LLP

June 23, 2020

Hon. Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse, Courtroom 15C
500 Pearl St.
New York, NY 10007-1312

Re:   *Eric Fishon, et al. v. Peloton Interactive, Inc.*, Case No. 19-cv-11711 (LJL)
      <u>Letter Motion Re: Depositions of Unnamed Class Members</u>

Dear Judge Liman:

      We represent Peloton Interactive, Inc. ("Peloton") in the above-captioned class action dispute. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A) and Rule 4(B) of Your Honor's Individual Rules of Practice for Civil Cases, we submit this letter motion to seek leave of Court to conduct short, remote video depositions of 21 unnamed putative class members. Peloton believes these depositions are necessary to adequately prepare its opposition to Plaintiffs' forthcoming motion for class certification.

      As you may recall, after reviewing the parties' submissions, this Court agreed that the instant case involves "exceptional circumstances." (Dkt. 25, at 2). Indeed, not only are Plaintiffs seeking to certify a large, nationwide class, but additionally—unlike in virtually every other putative class action—many individuals within the putative class are already represented by counsel for Plaintiffs and have already sued Peloton. As Plaintiff's counsel Mr. Levitt represented to the Court at the Initial Pretrial Conference hearing, his firm, DiCello Levitt LLP, has signed nearly 3,000 engagement letters with putative class members, and previously filed nearly 3,000 arbitration demands against Peloton on behalf of those individuals asserting substantially the same claims as Plaintiffs here. (*See* Declaration of Sourabh Mishra ("Mishra Decl."), filed herewith, ¶ 2-3.) The 21 unnamed members of the putative class Peloton seeks to depose represent a tiny subset of the 3,000 individuals who have submitted arbitration demands against Peloton, (*id.*) and because these proposed deponents were already prepared to arbitrate against Peloton, these short depositions should not be unduly burdensome.

      On June 17, 2020, Peloton requested a meet and confer with Plaintiffs, and the Parties met and conferred via teleconference on June 19, 2020. (Mishra Decl. ¶¶ 2-4.) Plaintiffs stated that they would oppose Peloton's requested depositions. (*Id.* ¶ 5.) Pursuant to applicable rules, Peloton now files the instant letter motion to seek leave to exceed Rule 30(a)(1)(A)'s ten deposition limit and for authorization to obtain discovery from unnamed class members.

      **I.**    **Under Well-Established Southern District Case Law, Peloton Should Be Permitted to Conduct These Limited Depositions of Absent Class Members**

      Southern District courts have made clear that "[d]iscovery from absent class members will generally be permitted when it is necessary or helpful to the proper presentation and correct adjudication of the principal suit." *Dubin v. E.F. Hutton Grp., Inc.*, 1992 WL 6164, at *3 (S.D.N.Y. Jan. 8, 1992) (quotation marks and citations omitted). Depositions "may be taken even prior to

# HUESTON HENNIGAN LLP

certification," where, as here, "the proponent of the deposition demonstrates discovery is not sought to take undue advantage of class members or to harass class members, and is necessary . . . for preparation of the opposition to class certification." *Moreno v. Autozone, Inc.*, 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007).

In assessing whether to permit depositions of unnamed class members, including ones in excess of Rule 30's default 10-deposition limit, Southern District courts have applied the four-part test in *In re Warner Chilcott Ltd. Sec. Litig.*, 2008 WL 344715, at *2 (S.D.N.Y. Feb. 4, 2008) (granting depositions of "at least thirty absent class members"). Pursuant to *Chilcott*, "Courts consider whether discovery of absent class members (1) is needed for the purposes of trial or the issues common to the class, (2) is narrowly tailored, (3) will impose undue burden on the absent class members, and (4) is not available from representative plaintiffs." *Id.* Peloton's request easily meets these factors:

**The Limited Proposed Depositions Are Necessary.** Discovery of these absent class members is necessary to determine whether certain key issues are, in fact, common to the class and whether they are more prevalent than non-common, aggregation-defeating, individual issues—a "class-wide issue going to the heart of the plaintiffs' claim." *Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 451 (S.D.N.Y. 1995) (allowing class member depositions). Under Rule 23(b)(3), "[w]here individualized questions permeate the litigation, those 'fatal dissimilarities' among putative class members make the class-action device inefficient or unfair." *In re Petrobras Securities*, 862 F.3d 250, 261 (2d Cir. 2017) (quotations and alterations omitted). Peloton believes its depositions will show the following fatal dissimilarities: that (1) class members were not uniformly exposed to the "ever-growing library" statement, (2) class members do not share a common understanding of the statement, (3) there is no causal link between the statement and any class member's decision to purchase a Peloton product, and (4) if the reduction of the number of classes in Peloton's library caused any harm at all, it impacted each class member differently, rendering class certification inappropriate.[1] "Th[ese are] appropriate area[s] of inquiry for absent class members." *Indergit v. Rite Aid Corp.*, 2015 WL 7736533, at *2 (S.D.N.Y. Nov. 30, 2015) (allowing depositions to explore the "myriad reasons" why "Plaintiffs' overtime claim is not appropriate for continued class treatment"); *Moreno*, 2007 WL 2288165, at *1 (depositions were "necessary . . . for preparation of [the] opposition to class certification").

**The Limited Proposed Depositions Are Narrowly Tailored.** Peloton's "narrowly tailored" request for remote, "short depositions" of a small number of individuals who have information "necessary for [its] defense" should be permitted. *See Chilcott*, 2008 WL 344715 at *2. Peloton's proposal of 21, two-hour long depositions is well within the realm of reasonableness. *See Arredondo v. Delano Farms Co.*, 2014 WL 5106401, at *9 (E.D. Cal. Oct. 10, 2014) (granting 196 depositions for 2-4 hours each); *Moreno*, 2007 WL 2288165, at *1 (the "burden [of 2-hour depositions] on the witnesses is minimal"). In addition, because proposed deponents are *already represented* by Plaintiffs' counsel, there is no danger that they will be harassed or taken advantage of.[2]

---

[1] *See, e.g.*, *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 317 F.R.D. 374, 389 (S.D.N.Y. 2016) (Advertising claims "which would require individualized showings as to exposure to the company's website . . . are not suitable for inclusion in the proposed class."); *Ault v. J.M. Smucker Co.*, 310 F.R.D. 59, 67 (S.D.N.Y. 2015) ("'[T]he fact that 'damages may have to be ascertained on an individual basis is a factor that courts 'must consider in deciding whether issues susceptible to generalized proof outweigh individual issues.'" (quoting *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 408 09 (2d Cir. 2015)).
[2] At the meet and confer, Plaintiffs' counsel objected that they will not have time to conduct in-person meetings to prepare their clients for depositions. (Mishra Decl. Ex. 2.) With respect, Peloton has requested short, virtual depositions *precisely*

**HUESTON HENNIGAN LLP**

**The Limited Depositions Will Not Impose An Undue Burden On Absent Class Members.**  Peloton's request is not unduly burdensome, given that it impacts only class members who have already pursued legal claims against Peloton, and who already have signed engagement letters with counsel.[3] Unlike in the typical class action, where it may be assumed class members wish to remain passive, the unusual constitution of the class in *Fishon* presents "exceptional circumstances." (Dkt. 25, at 2.) The class at issue includes nearly 3,000 individuals who, by retaining Plaintiffs' counsel and by filing arbitration demands, have expressed support for and actively instituted legal action against Peloton. Courts routinely permit defendants to conduct depositions of class members who express support for or "inject" themselves into class litigation. *Vasquez v. Leprino Foods Co.*, 2019 WL 4670871, at *4 (E.D. Cal. Sept. 25, 2019) (citing cases); *Robertson v. Nat'l Basketball Assoc.*, 67 F.R.D. 691, 699 (S.D.N.Y. 1975) (permitting class member discovery where the members "specifically authorized th[e] litigation").

**The Discovery Peloton Seeks Is Not Available From The Named Plaintiffs.**  The discovery Peloton seeks simply cannot be obtained from the named plaintiffs; indeed, Plaintiffs are not even representative of the class itself.  For example, Plaintiffs each purchased Peloton products in November of 2018, whereas the putative class includes purchasers spanning from April 2018 to March 2019. In addition, all three Plaintiffs purchased Peloton hardware, but purport to represent consumers who purchased a subscription to Peloton Digital alone.  Because of these, and other critical differences between Plaintiffs and the class they seek to certify, Peloton needs to ascertain, among other things, (1) whether differently-situated class members were exposed to its advertisements, (2) whether differently-situated class members share Plaintiffs' interpretation of the "ever growing" statement, (3) to what extent the statement played a role in inducing a sale of a Peloton product by the differently-situated class members, and (4) whether the effect of the takedowns was similar for the Plaintiffs as for the differently-situated class members.  Given the inherently individualized nature of the purchasing decision, Peloton will not be able to obtain this information from Plaintiffs. *Indergit*, 2015 WL 7736533, at *2 (named class members could not testify to the job duties and responsibilities of absent members); *Bruhl v. Price Waterhousecoopers Int'l*, 2010 WL 5090207 at *2 (S.D. Fla. Dec. 8, 2010) ("no other way" for defendant to get information relevant to class issues).  Moreover, to defend itself in this action, Peloton is entitled to choose which individuals from the putative class it wishes to depose.[4]  *Vasquez*, 2019 WL 4670871, at *4 (allowing moving party to select its deponents).

*       *       *

In sum, Peloton's proposed depositions meet all four *Chilcott* factors.  Peloton therefore respectfully requests that this Court grant leave for Peloton to take narrowly tailored, two-hour, remote depositions of 21 unnamed class members.

---

to minimize burdens on potential deponents, and suggests—especially in light of COVID-19—that Plaintiffs' counsel consider reducing health and time burdens on their clients by preparing for depositions remotely. If Plaintiffs' counsel's concern is that certain potential deponents lack the technology to participate in video conferencing, Peloton is willing consider identifying alternative deponents.

[3] During and after the meet and confer, Plaintiffs' counsel remarkably claimed that they do not currently know whether they still represent the 21 identified deponents.  (Mishra Decl. Ex. 2.)  To the extent that Plaintiffs' counsel represents to the Court that it no longer represents an identified potential deponent, Peloton is willing to consider a substitute unnamed class member represented by Plaintiffs' counsel.

[4] Despite not yet producing a single document or verified interrogatory response nor serving any RFPs requesting specific information about the 21 deponents, Plaintiffs complain that Peloton has not yet produced information about the 21 deponents.  If Peloton's relief is granted, Peloton will of course produce such information if properly requested.

**HUESTON HENNIGAN LLP**

Sincerely,

*[signature]*

Steven N. Feldman