# Keller | Lenkner

January 28, 2021

Hon. Lewis J. Liman
500 Pearl Street, Courtroom 15C
New York, New York 10007

Re.   *Eric Fishon, et al. v. Peloton Interactive, Inc.*, Case No. 19-cv-11711 (LJL)
      **Letter Motion to Quash Subpoena *Ad Testificandum***

Dear Judge Liman:

On behalf of Plaintiffs Eric Fishon and Alisha Pearlman, we respectfully move to quash Peloton's subpoena of Dana McMahon, an unrepresented absent class member to this matter.

This Court has allowed limited discovery of absent class members. [ECF No. 57]. That discovery is proceeding, with Peloton deposing absent class member Meagan Sullivan in September 2020 and a second absent class member, Jill Schneider, noticed for February 8, 2020. Both Ms. Sullivan and Ms. Schneider are represented by Plaintiffs' counsel. Those depositions (and others to come) accord with Peloton's representation to this Court that "because [the] proposed deponents are already represented by Plaintiffs' counsel, there is no danger that they will be harassed or taken advantage of." [ECF No. 47, p. 2]. But, despite Peloton's representation that it "is willing to consider a substitute unnamed class member represented by Plaintiffs' counsel," *id.* at p. 3, fn. 3, it has refused to do so with the unrepresented Ms. McMahon.

The subpoena should be quashed for at least two reasons. First, this information can be obtained from any of the thousands of absent class members who are represented by counsel and who could sit for a deposition without undue burden. Second, Peloton's willingness to ask personal and probing questions beyond the permitted scope of typicality, commonality, and predominance would be burdensome and potentially harassing for an unrepresented absent class member.

**I.      Background**

Plaintiffs in this matter represent a putative class of Peloton customers who allege that Peloton conducted a false and misleading advertising campaign in violation of New York law. On June 23, 2020, Peloton requested leave to conduct depositions of unnamed putative class members to "prepare its opposition to Plaintiffs' forthcoming motion for class certification." [ECF No. 47, p. 1]. This Court ordered that a small number of absent class member depositions could proceed, but only insofar as "the burden on the third party is not particularly great (for example, if the third party is well heeled or already has counsel)[.]" [ECF No. 57, p. 9].

Peloton first asked to depose Meagan Sullivan. Plaintiffs' counsel represents Ms. Sullivan and made her available for a deposition in September 2020. Under this Court's order, that deposition was limited to "issues of typicality, commonality, and predominance." *Id.* at p. 15. Yet Peloton, over counsel's objections, persisted in exploring a wide array of topics related not to these issues, but to her personal and professional life and her overall Peloton experience. None of these questions pertained to the claims at issue in this matter, let alone whether the Plaintiffs' claims are typical or common of the other putative class members. Specifically, Peloton's areas of inquiry included:

- Ms. Sullivan's work history, *See* Excerpt Dep. Tr. of Meagan Sullivan, Exhibit A, 12:21-13:23;
- What she knows about the secondary market for Peloton products, *id.* at 29:3-32:20;
- Accusing her of having brought this lawsuit, *id.* at 53:15-54:13;
- Asking her to speculate on whether she will be a class member in this case, *id.* at 55:1-13;
- What exercise classes she takes the most frequently, *id.* at 67:16-69:4;
- Asking her what she wants to get out of this lawsuit, *id.* at 119:10-21; and
- Her understanding of the Peloton Terms of Service, *id.* at 126:14-132:19.

Peloton has now served Ms. McMahon with a subpoena and seeks to depose her in what will be an unfamiliar, onerous, and burdensome proceeding conducted without the aid of counsel.

## II.     Standard

In deciding whether to quash a non-party subpoena, the Court maintains both the "specific power to quash under Rule 45" and "its general power to limit discovery under Rule 26(b)(2)." *In re Blackstone Partners, L.P.*, No. 04 CIV 7757 (NRB), 2005 WL 1560505, at *2 (S.D.N.Y. July 1, 2005) (quotation marks omitted). Whether to allow a third-party deposition is a matter left to the Court's broad discretion. *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 299 (S.D.N.Y.2009); *see also Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003).

In exercising its discretion to limit the discovery of absent class members, courts consider whether the requested information "is available from any other source." *Aristocrat Leisure Ltd.*, 262 F.R.D. 300; *see also* FED. RULE CIV. P 26(b)(2)(C)(i). Under Rule 26(b)(1), the discovery sought must be proportional to the needs of the case. *KOS Bldg. Grp., LLC v. R.S. Granoff Architects, P.C.*, No. 19CV2918 (PMH)(LMS), 2020 WL 1989487, at *2 (S.D.N.Y. Apr. 24, 2020). That means courts "must limit the frequency or extent of discovery" if "the discovery sought … can be obtained from some other source." FED. RULE CIV. P. 26(b)(2)(C). Courts also consider burden, with "special weight [given] to the burden on non-parties[]." *Cohen v. City of New York*, 255 F.R.D. 110, 117 (S.D.N.Y. 2008) (internal quotation omitted). One factor courts consider when assessing burden is the extent to which the deposing party would harass the deponent. *See, e.g., Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 450 (S.D.N.Y. 1995). Because the information Peloton seeks can be readily obtained from other, represented individuals, and with no risk of harassment to unrepresented absent class members, the subpoena should be quashed.

## III.    Argument

*Information sought is available from other sources*: Plaintiffs' counsel has worked with Peloton in good faith to provide the depositions of unnamed class members. Peloton has requested the deposition of six absent class members; Peloton has already deposed one, and will depose another soon. Plaintiffs' counsel currently represents thousands of absent putative class members and has told Peloton they will continue working with Peloton to produce absent class members for whom a deposition would not be unduly burdensome. Peloton thus has access to other absent class members from whom it can get the same information it seeks from Ms. McMahon.

Peloton nevertheless insists that it must take the deposition of this unrepresented absent class member specifically. There is no basis for forcing Ms. McMahon to sit for this deposition, however, when Peloton has shown no reason to suspect that Ms. McMahon has knowledge about any class wide issues superior to that of the named plaintiffs or of other absent class members represented by counsel here. *See Redmond v. Moody's Inv'r Serv.*, No. 92 CIV. 9161 (WK), 1995 WL 276150, at *2

(S.D.N.Y. May 10, 1995) (denying absent class member depositions for class certification discovery where defendant "has not identified any such class member whose knowledge about class-wide issues is superior to that of the named plaintiffs").

*Burdensome and harassing*: To be sure, Peloton has represented to Plaintiffs that Ms. McMahon has said she could make herself available to sit for a deposition. But because Ms. McMahon is not represented by counsel, it is doubtful she understands the consequences of offering sworn testimony to adversarial counsel on issues of typicality, commonality, or predominance—questions about which would clearly each seek legal conclusions from a layperson—let alone the wide-reaching questions Peloton's counsel seeks to ask at these depositions. For that reason, attending a deposition, even a remote one, would be unduly burdensome for Ms. McMahon.

Peloton has shown that its approach to these depositions is not to limit questions to "typicality, commonality, and predominance." To the contrary, it subjects deponents to wide-ranging questions that unnecessarily probe at the individual's private life and personal experiences unrelated to this case (*see above*). To allow Peloton's counsel to continue harassing individuals who sit for what should be a limited deposition, and do so for class members who lack the benefit of representation and who would unknowingly be subjecting themselves to such questions, is an onerous and unwitting burden for these unsuspecting people.

By extending Peloton's ability to depose unnamed class members to people who, through the termination of their relationship with counsel, have expressed their desire to be left alone and their decision to take no part in any proceeding related to the claims in this case, Peloton seeks to "defeat the purpose of class actions[.]" *In re Facebook, Inc.*, 2016 WL 5080152, at *5 (quoting *Stinson*, 2015 WL 8675360 at *1). Where, as here, an unnamed class member, through the effort of divorcing herself from these proceedings, would now be deposed without the benefit of counsel, this is especially true. *Holman v. Experian Info. Sols., Inc.*, No. C 11-00180 CW DMR, 2012 WL 2568202, at *4 (N.D. Cal. July 2, 2012) (denying unnamed class member deposition where prospective deponents would not have the benefit of counsel); *see also McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 518 (S.D.Cal.2008) (noting that each class member "would need to confer with Class Counsel to understand the purpose of the request, the penalty for not filing a response, the need to discuss all relevant information, [and] the need to refresh their recollection with documentation" in denying discovery request (citation and quotation marks omitted)). It is also unnecessary, for the information Peloton seeks—a cross-section of class members' experiences with Peloton—is available from thousands of individuals who have counsel and would continue to prosecute their claims but-for (1) Peloton's refusal to pay arbitration fees, and (2) the representation of their interests by Plaintiffs in this action.

For the foregoing reasons and in the interests of justice, Plaintiffs respectfully ask the Court to quash the third-party subpoena served on Ms. McMahon.

    Dated this 28th day of January, 2021.

                                    Respectfully,
                                    */s/ Aaron M. Zigler*
                                    Aaron M. Zigler
                                    *One of the Attorneys for Plaintiffs and the Proposed Class*



## CERTIFICATION

I, Aaron M. Zigler, an attorney in this matter, hereby certify that prior to filing this letter motion, I attempted to confer with Defendant Peloton Interactive Inc., in good faith, in an attempt to resolve this discovery dispute, in accordance with Fed. R. Civ. P. 37(a)(1).

*/s/ Aaron M. Zigler*
