Steven N. Feldman
Direct Dial: 213-891-8790
steve.feldman@lw.com

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

February 1, 2021

VIA ECF

Hon. Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 15C
New York, NY 10007-1312

Re:   *Fishon v. Peloton Interactive, Inc.*, Case No. 1:19-cv-11711-LJL (S.D.N.Y.)
      Response to Plaintiffs' Letter-Motion to Quash Subpoena

Dear Judge Liman:

Defendant Peloton Interactive, Inc. ("Peloton") respectfully submits this opposition to Plaintiffs' letter-motion to quash the deposition subpoena to absent class member Dana McMahon. ECF 84 ("Motion"). As set forth below and in the attached declaration and exhibits, Ms. McMahon is willing to appear for a deposition and is available to do so at 2 PM EST on February 4, 2021. Faced with the prospect of a deposition they cannot control, Plaintiffs now urge the Court that Peloton cannot depose absent class members who are willing to appear for a deposition but are unwilling to be represented by Plaintiffs' counsel. That is not the law. The Motion is a transparent attempt, without legal authority, to block Ms. McMahon's testimony. It should be rejected.

**I.    BACKGROUND.**

Pursuant to the Court's July 27, 2020 Order, ECF 57 ("Order"), on December 15, 2020, Peloton contacted Plaintiffs' counsel to schedule the depositions of five absent class members, including Ms. McMahon.[1] Ex. A at 3. On January 6 and 8, 2021, Plaintiffs' counsel represented that: (i) they represent all five requested deponents, including Ms. McMahon; and (ii) four out of those five, including Ms. McMahon, were unwilling to voluntarily appear for depositions. *Id.* at 1, 2. Peloton thus served deposition subpoenas pursuant to the Court's Order. Since serving Ms. McMahon, Peloton has learned that she actually: (i) *is not* represented by Plaintiffs' counsel, Ex. B; and (ii) *is willing* to appear for a deposition, Ex. C. Based on Ms. McMahon's initial preference, Peloton was prepared to go forward with her deposition tomorrow, February 2, 2021. When Peloton reached out to Plaintiffs' counsel to confirm their availability, counsel indicated they were

---

[1] All exhibits referenced herein are attached to the Declaration of Lilia B. Vazova In Support of Peloton's Opposition to Plaintiffs' Motion filed concurrently herewith.

**LATHAM&WATKINS**LLP

unavailable and, in any event, would be filing a motion to quash. Since the Motion was filed, Ms. McMahon has re-confirmed she is willing to appear for a deposition and has indicated she prefers the deposition to take place at 2 PM EST on Thursday, February 4, 2021. Ex. C.

### II.     PLAINTIFFS LACK STANDING TO BRING THIS MOTION TO QUASH.

As a threshold matter, Plaintiffs lack standing to bring this Motion. In the Second Circuit, "only the person or entity to whom a subpoena is directed has standing to file a motion to quash." *Dominion Res. Services, Inc. v. Alstom Power*, 2017 WL 3575892, at *3 (D. Conn. Aug. 18, 2017). The only exception is where the moving party claims privilege or demonstrates a "privacy or proprietary interest in the [information] sought." *Universitas Educ., LLC v. Nova Grp. Inc.*, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013); *see also Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975). The claimed "privilege or right must be personal to the movant, not to the non-party witness on whom the subpoena[] was served." *United States ex rel. Ortiz v. Mount Sinai Hospital*, 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016). Here, Plaintiffs' counsel do not represent Ms. McMahon and have not filed the Motion on her behalf. Mot. at 1. Ms. McMahon herself is willing to appear for her deposition. Ex. C. Other than the apparent concern that Ms. McMahon may provide testimony unhelpful to Plaintiffs' theory of the case, Plaintiffs do not identify any privilege or right *of Plaintiffs'* that would be infringed by Ms. McMahon's deposition. *Cf. U.S. Bank Nat. Ass'n v. PHL Variable Ins. Co.*, 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012). Plaintiffs' professed concerns about the supposed burden on Ms. McMahon not only ring hollow, *see infra*, Section III, but are also irrelevant to the question of standing: a party "lacks standing to challenge, on grounds of relevance or burden, a subpoena served on a non-party," *id.*, and a "general desire to thwart disclosure of information by a non-party is simply not an interest sufficient to create standing." *Id.* Plaintiffs' Motion should be denied for this reason alone.

### III.    PLAINTIFFS' ACCUSATIONS OF BURDEN ARE A THINLY-VEILED ATTEMPT TO PREVENT MS. MCMAHON FROM TESTIFYING.

Plaintiffs' Motion also fails on the merits. The crux of the Motion is that Peloton may not depose a witness unless that individual has agreed to be represented by Plaintiffs' counsel. Plaintiffs offer no cogent legal basis for this extraordinary proposition, and there is none.

<u>First</u>, Plaintiffs argue that Ms. McMahon should not testify because Peloton has "shown no reason to suspect that [she] has knowledge about any class wide issues superior to that of the named plaintiffs or of other absent class members represented by counsel here." Mot. at 2. "Superior knowledge" about "class wide issues" is a figment of Plaintiffs' Motion, not a requirement found anywhere in the Court's Order. *See generally* Order. And contrary to Plaintiffs' insinuation, it is neither the Court's directive nor the law that Peloton can take absent class member depositions *only* if the deponent is represented by Plaintiffs' counsel. *See id.* at 15 (Peloton may "select some of the (former) clients of counsel who filed arbitration claims but who were not selected or did not select themselves to be class representatives"); *In re Hallwood Energy Partners, L.P. Sec. Litig.*, 1993 WL 378461, at *3 (S.D.N.Y. Sept. 22, 1993) (no requirement that deposed parties be represented). Rather, representation by counsel is one of the many factors that informs the balancing test of whether the potential burden on the deponent outweighs a defendant's need for the requested testimony. *See* Order at 9 ("If there is no improper purpose, however, and

**LATHAM&WATKINS**LLP

if the burden on the third party is not particularly great (***for example***, if the third party is well-heeled or already has counsel) and the request is not particularly burdensome, the showing of necessity need not be particularly strong.") (emphasis added).

Here, Ms. McMahon has been asked—***and has agreed***—to appear for a two-hour remote deposition at a time convenient for her. But for Plaintiffs' Motion, her deposition would have been done and over with tomorrow. Unable to point to any burden specific to Ms. McMahon, Plaintiffs ask the Court to adopt the blanket rule that the deposition of any absent class member who has declined their counsel's representation is "unduly burdensome." Mot. at 2-3. That is because, according to the Motion, it is "dubious" that any individual who has chosen to terminate their relationship with Plaintiffs' counsel "understands the consequences of offering sworn testimony to adversarial counsel on issues of typicality, commonality, or predominance." *Id.* at 3. Besides being condescending toward Ms. McMahon, Plaintiffs also turn witness testimony on its head. Sworn testimony does not depend on the "consequences" of that testimony "on issues of typicality, commonality, or predominance." *Id.* It is the other way around. Ms. McMahon is prepared to offer her truthful testimony at 2 PM EST on Thursday, February 4, 2021; the "consequences" of that testimony are for the parties and the Court to address in due course.

Second, Plaintiffs speculate that Ms. McMahon may be asked "questions that unnecessarily probe at [her] private life and personal experiences unrelated to this case," Mot. at 3, because during the deposition of represented absent class member Meagan Sullivan, Peloton asked "probing" questions like, "what do you do for a living?," Mot. at 2 (*citing* Mot. Ex. A, Excerpt Dep. Tr. of Meagan Sullivan, ECF 84-1 ("Tr.") 12:21-13:23); "Is it fair to say that you do not as a practice retake Peloton classes?," *id.* (*citing* Tr. at 67:16-69:4); and "What do you want to get out of being a class member in this litigation?," *id.* (*citing* Tr. at 119:10-21). That Plaintiffs' counsel—who represented Ms. Sullivan at her deposition—did not object to the majority of these questions and at no point suggested they "harassed" her, *compare* Tr. *and* Mot. at 3, belies the pretextual nature of these purported concerns. In any event, besides the entirely innocuous background question about Ms. Sullivan's job, each of Peloton's questions was squarely relevant to her experience with Peloton, the particulars of her purchase, and the nature of her injury—and thus well within the scope of questioning contemplated by the Court's Order. *See* Order at 13-15. To the extent Plaintiffs believe any of these questions "call for legal conclusions," Mot at 3 (which they do not), Plaintiffs will have ample opportunity to file appropriate motions *in limine*.

Finally, it is not the case, as the Motion suggests, that Peloton can simply depose countless absent class members represented by Plaintiffs' counsel. Of the six depositions noticed to date, Plaintiffs' counsel have challenged four (including Ms. McMahon's). If Plaintiffs were to have their way, Peloton could depose ***neither*** represented class members who (according to counsel) are unwilling to appear for depositions ***nor*** unrepresented class members who ***are willing*** to appear for depositions. Such a result effectively ensures that only depositions of absent class members who are cherry-picked and approved by Plaintiffs' counsel will go forward. Plaintiffs and their counsel would no doubt like to have veto power over what absent class members Peloton gets to depose. But such extraordinary relief is not only unsupported, it is also highly prejudicial to Peloton's ability to defend itself, and should be rejected.

For the foregoing reasons, Peloton respectfully requests that the Court deny the Motion.

**LATHAM&WATKINS**LLP

                Respectfully submitted,

                */s/ Steven N. Feldman*
                Steven N. Feldman
                Of Latham & Watkins LLP
                *Attorneys for Peloton Interactive, Inc.*

cc:  All counsel of record