UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                               :

ERIC FISHON & ALICIA PEARLMAN, individually
and on behalf of all others similarly situated,

                       Plaintiffs,                              19-cv-11711 (LJL)

        -v-                                                    ORDER

PELOTON INTERACTIVE, INC.,

                       Defendant.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/2/2021

LEWIS J. LIMAN, United States District Judge:

       Plaintiffs have moved to quash Defendant's subpoena of Dana McMahon ("McMahon"), an unrepresented absent class member in this matter. The motion is denied.

       Whether to allow a third-party deposition is a matter committed to the discretion of the Court. *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009). The Court has previously authorized limited discovery of absent class members in this case. Dkt. No. 57.

       Plaintiffs do not have standing to bring this motion to quash. "In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975); *see also U.S. Bank Nat. Ass'n v. PHL Variable Ins. Co.*, 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012) (holding that a party "lacks standing to challenge, on grounds of relevance or burden, a subpoena served on a non-party."). Exceptions are made only where the moving party claims privilege or demonstrates a "privacy or proprietary interest in the [information] sought." *Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013). Plaintiffs' counsel do not represent McMahon, and McMahon herself is willing to appear for her deposition. Dkt. No. 85, Ex. C. Nor have Plaintiffs identified a privilege or right that would be violated by McMahon's deposition. Thus, Plaintiffs do not have standing to challenge the subpoena.

       On the merits, Plaintiffs' motion also fails. The Court did not limit depositions to deponents represented by Plaintiffs' counsel. Nor does the law limit the depositions of absent class members to individuals represented by Plaintiffs' counsel. *See, e.g.*, *In re Hallwood Energy Partners, L.P. Sec. Litig.*, 1993 WL 378461, at *3 (S.D.N.Y. Sept. 22, 1993). The Court previously determined that Peloton had articulated a reasonable basis for its need to depose absent class members for class certification purposes and that there was "no risk that permitting [the] depositions would create a costly and irrelevant diversion" or that deponents were at risk of being unduly burdened by the depositions. Dkt. No. 57 at 9-10. Plaintiffs' have not put forth any evidence that would lead the Court to alter this conclusion or to determine that McMahon's deposition will be unreasonably intrusive.

The motion to quash is DENIED.

SO ORDERED.

Dated: February 2, 2021
      New York, New York

                                           LEWIS J. LIMAN
                                      United States District Judge