UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC FISHON and ALICIA PEARLMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PELOTON INTERACTIVE, INC.,<br><br>Defendant. | Civil Action No. 1:19-cv-11711 (LJL)<br><br><u>**ORAL ARGUMENT REQUESTED**</u> |

**MEMORANDUM OF LAW IN SUPPORT OF PELOTON INTERACTIVE, INC.'S
PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

LATHAM & WATKINS LLP
Steven N. Feldman
William O. Reckler
Lilia B. Vazova
Megan A. Behrman
Alexis Kellert
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

William J. Trach (*pro hac vice*)
200 Clarendon Street
Boston, Massachusetts 02116
(617) 948-6000

*Attorneys for Defendant*

August 9, 2021

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ..............................................................................................................................2

I.      Procedural History. ................................................................................................2

II.     Plaintiffs' Allegations. ............................................................................................3

LEGAL STANDARD......................................................................................................................5

ARGUMENT ..................................................................................................................................7

I.      Pearlman Has Pleaded Claims That Are Facially Inapplicable to the Allegations in the Second Amended Complaint. ...............................................................................7

II.     Pearlman's Claims Fail Rule 9(b)'s Pleading Requirements................................8

     A.     Pearlman Has Not Pleaded with Particularity Any of the Circumstances of the Allegedly Deceptive Transaction. .......................................................8

     B.     Pearlman Fails to Plead That She Actually and Reasonably Relied on a Material Misstatement or Omission.........................................................10

III.    Pearlman Has Not Alleged That Her Purchase Was Made in the Conduct of Trade or Commerce......................................................................................................13

IV.     Pearlman's Claims Should be Dismissed With Prejudice. ..................................14

CONCLUSION..............................................................................................................................14

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Academy of Doctors of Audiology v. Int'l Hearing Society*,
  237 F. Supp. 3d 644 (E.D. Mich. 2017) ................................................................................. 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................. 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 554 (2007) ................................................................................................................. 5

*Bellikoff v. Eaton Vance Corp.*,
  481 F.3d 110 (2d. Cir. 2007) .................................................................................................. 14

*Coppelson v. Serhant*,
  No. 19-cv-8481, 2021 WL 2650393 (S.D.N.Y. June 28, 2021) ............................................... 7

*Cormier v. PF Fitness-Midland, LLC*,
  No. 331286, 2018 WL 3594443 (Mich. Ct. App. July 26, 2018) ....................................... 8, 12

*DiMuro v. Clinique Labs., LLC*,
  572 Fed. Appx. 27 (2d Cir. 2014) .......................................................................................... 14

*Gasperoni v. Metabolife, Int'l Inc.*,
  No. 00-cv-71255, 2000 WL 33365948 (E.D. Mich. Sept. 27, 2000) ..................................... 10

*German Free State of Bavaria v. Toyobo Co., Ltd.*,
  480 F. Supp. 2d 958 (W.D. Mich. 2007) ......................................................................... 6, 7, 13

*In re DDAVP Indirect Purchaser Antitrust Litig.*,
  903 F. Supp. 2d 198 (S.D.N.Y. 2012) .................................................................................... 10

*In re Ford Fusion & C-Max Fuel Econ. Litig.*,
  No. 13-MD-2450, 2015 WL 7018369 (S.D.N.Y. Nov. 12, 2015) .................................... 6, 8, 9

*In re Frito-Lay North America, Inc. All Natural Litig.*,
  No. 12-MD-2413, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ............................................ 3

*In re Grand Theft Auto Video Game Consumer Litig.*,
  No. 06-MD-1739, 2006 WL 3039993 (S.D.N.Y. Oct. 25, 2006) ............................................. 3

*In re OnStar Contract Litig.*,
  278 F.R.D. 352 (E.D. Mich. 2011) ............................................................................. 10, 11, 13

*In re Porsche Cars N. Am., Inc.*,
  880 F. Supp. 2d 801 (S.D. Ohio 2012) ...........................................................................9, 10

*Kerrigan v. ViSalus, Inc.*,
  112 F. Supp. 3d 580 (E.D. Mich. 2015) ..........................................................................11, 12

*Kussy v. Home Depot U.S.A. Inc.*,
  No. 06-12899, 2006 WL 3447146 (E.D. Mich. Nov. 28, 2006) ..................................6, 11, 12

*United States ex rel. Ladas v. Exelis, Inc.*,
  824 F.3d 16 (2d Cir. 2016) .....................................................................................................14

*Lipov v. Louisiana-Pacific Corp.*,
  No. 1:12-cv-439, 2013 WL 3805673 (W.D. Mich. July 22, 2013) ........................................9

*Luce v. Edelstein*,
  802 F.2d 49 (2d Cir. 1986) .......................................................................................................7

*Lynch v. City of New York*,
  952 F.3d 67 (2d Cir. 2020) .......................................................................................................5

*Montgomery v. Kraft Foods Glob., Inc.*,
  No. 1:12-cv-00149, 2014 WL 1875022 (W.D. Mich. May 9, 2014) ........................................6

*Olson v. Major League Baseball*,
  447 F. Supp. 3d 159 (S.D.N.Y. 2020) ......................................................................................9

*Rezulin Prods. Liab. Litig.*,
  210 F.R.D. 61 (S.D.N.Y. 2002) ...............................................................................................3

*Robertson v. State Farm Fire & Casualty Co.*,
  890 F. Supp. 671 (E.D. Mich. 1995) ......................................................................................13

*Rosipko v. FCA U.S. LLC*,
  No. 15-11030, 2015 WL 8007649 (E.D. Mich. Dec. 7, 2015) ..................................6, 8, 9, 11

*Shain v. Advanced Techs. Grp., LLC*,
  No. 16-10367, 2017 WL 768929 (E.D. Mich. Feb. 28, 2017) ..........................................10, 11

*Slobin v. Henry Ford Health Care*,
  469 Mich. 211 (Mich. 2003) ...................................................................................................13

*Smith Living Tr. v. Erickson Ret. Communities*,
  326 Mich. App. 366 (Mich. Ct. App. 2018) .....................................................................10, 11

*Starr v. VSL Pharms., Inc.*,
  509 F. Supp. 3d 417 (D. Md. 2020) ........................................................................................10

*Tyman v. Pfizer, Inc.*,
  No. 16-cv-06941, 2017 WL 6988936 (S.D.N.Y. Dec. 27, 2017) ..............................................6

*Williams v. Scottrade, Inc.*,
  No. 06-10677, 2006 WL 2077588 (E.D. Mich. July 24, 2006) ...............................................11

*Zine v. Chrysler Corp.*,
  236 Mich. App. 261 (Mich. Ct. App. 1999) ................................................................5, 6, 13

**STATUTES**

Michigan Consumer Protection Act § 445.901 *et seq.* ........................................................... *passim*

N.Y. Gen. Bus. Law § 349 ................................................................................................... *passim*

N.Y. Gen. Bus. Law § 350 ................................................................................................... *passim*

**RULES**

Fed. R. Civ. P. Rule 8(a) ..................................................................................................... *passim*

Fed. R. Civ. P. 9(b) ............................................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6) ................................................................................................................5

Defendant Peloton Interactive, Inc. ("Peloton") respectfully submits this memorandum of law in support of its partial motion to dismiss with prejudice the Second Amended Class Action Complaint (ECF No. 106, the "Second Amended Complaint," cited as "SAC ¶ _") as to the claims brought by Plaintiff Alicia Pearlman ("Pearlman" and, together with Plaintiff Eric Fishon ("Fishon"), "Plaintiffs").

## PRELIMINARY STATEMENT

This is the third time Pearlman has tried, and failed, to state a viable claim. Pearlman initially brought claims under Sections 349 and 350 of the New York General Business Law ("NYGBL"). When confronted with her lack of statutory standing to bring those claims, she doubled down and filed an amended complaint under New York law instead of suing under the consumer protection laws of the state where she resides, Michigan—a much more obvious choice for a Michigan consumer. Pearlman's efforts to shoehorn her claims into the NYGBL were, no doubt, driven by the significantly more exacting standards that govern claims brought under the Michigan Consumer Protection Act ("MCPA"). Unlike the NYGBL, the MCPA requires that Pearlman establish reasonable reliance on any allegedly misleading statement, and that all claims be pleaded with particularity pursuant to Federal Rule of Civil Procedure 9(b).

The MCPA requires that Pearlman allege: the particulars of any allegedly misleading statement; when, where, and how she saw or heard such a statement; and, with particularity, that she reasonably relied on that statement. Pearlman does not even attempt to make any of those allegations—even though each of them, if true, would be readily (and exclusively) available to her. Instead, the Second Amended Complaint rehashes the allegations from Plaintiffs' original complaint and concludes that the same allegations also state a claim under the MCPA. That is not so. Plaintiffs' allegations may have been sufficient to meet the bare-bones pleading requirements of Rule 8(a) and the NYGBL. But they are insufficient under the MCPA and Rule 9(b). For the

1

reasons that follow, and in light of Pearlman's repeated failure to cure the deficiencies of her claims, Peloton respectfully requests that the Court dismiss those claims with prejudice.

## BACKGROUND

I.   **PROCEDURAL HISTORY.**

Plaintiffs first filed this lawsuit on December 23, 2019.  ECF No. 1.  Their original complaint alleged claims under Sections 349 and 350 of the NYGBL on behalf of both Fishon, a resident of New York, and Pearlman, a resident of Michigan.  On March 13, 2020, Peloton moved to dismiss the Complaint for failure to state a claim and, as to Pearlman, for lack of statutory standing under the NYGBL.  ECF No. 29.

On November 9, 2020, the Court allowed the claims brought by Fishon to proceed but dismissed all of Pearlman's claims for lack of standing.  ECF No. 65, Op. and Order Granting In Part Def.'s Mot. to Dismiss at 1 ("November Order").  In upholding Fishon's claims, the Court held that because claims under Sections 349 and 350 of the NYGBL are subject only to the "bare-bones" notice pleading requirements of Rule 8(a), and not the pleading-with-particularity requirements of Rule 9(b), Plaintiffs had alleged enough to satisfy the *Twombly* and *Iqbal* standards.  *Id.* at 18, 21.  Specifically, because reliance is not an element of a private cause of action under Sections 349 or 350 of the NYGBL, Plaintiffs were not required to allege with particularity that they saw any allegedly misleading statement or how they came to rely upon the allegedly misleading statement.  *Id.* at 18-19.  Nonetheless, Pearlman had failed to plead a claim under the NYGBL because she had not adequately alleged that her purchase of (unspecified) Peloton goods and services was sufficiently connected to New York to support statutory standing.  *Id.* at 27-29.

On January 21, 2021, following discovery into the statutory standing of out-state-consumers, Plaintiffs filed their First Amended Complaint, again alleging Fishon and Pearlman's

claims under Sections 349 and 350 of the NYGBL. ECF No. 81. On February 4, 2021, Peloton moved to dismiss with prejudice Pearlman's renewed claims under the NYGBL on the basis of her continued failure to adequately allege statutory standing. ECF Nos. 88-89. On July 12, 2021, the Court granted Peloton's motion to dismiss. ECF No. 102, Op. and Order Granting Def.'s Mot. to Dismiss ("July Order"). The Court held that Pearlman's amended allegations remained deficient for the same reasons the Court articulated in its November Order and observed that, much like in the original Complaint, "Pearlman still has not identified what 'hardware' she purchased from Peloton," nor did she allege that her purchases had a sufficient nexus to New York. *Id.* at 6. The Court accordingly dismissed Pearlman's NYGBL claims with prejudice, but granted her leave to replead her claims under Michigan law. *Id.* at 11.

On July 26, 2021, Plaintiffs filed the Second Amended Complaint. Fishon brings claims under Sections 349 and 350 of the NYGBL and seeks damages on behalf of himself and a putative class of all purchasers of Peloton equipment and membership subscriptions between April 9, 2018 and March 25, 2019.[1] SAC ¶¶ 101, 111-171. Pearlman now brings claims under various sections of the MCPA, Mich. Comp. Laws. Ann. § 445.901 *et seq.*, and seeks damages on behalf of herself and a subclass of purchasers in the state of Michigan. SAC ¶¶ 102, 172-193.

## II.     PLAINTIFFS' ALLEGATIONS.

The core allegations in this action remain unchanged over Plaintiffs' three complaints. Peloton offers stationary bikes and treadmills with integrated high-definition tablets that stream

---

[1] To the extent Fishon purports to bring NYGBL claims on behalf of a nationwide class of Peloton purchasers, such claims are obviously not viable for putative class members who lack statutory standing under the NYGBL. *See* November Order at 24-29; *see also* July Order. Even though that may constitute grounds for dismissal at the motion to dismiss stage, *see, e.g.*, *In re Frito-Lay North America, Inc. All Natural Litig.*, No. 12-MD-2413, 2013 WL 4647512, at *13 (E.D.N.Y. Aug. 29, 2013), consistent with this Court's general guidance, Peloton will address this issue at class certification. *See, e.g.*, *Rezulin Prods. Liab. Litig.*, 210 F.R.D. 61 (S.D.N.Y. 2002); *In re Grand Theft Auto Video Game Consumer Litig.*, No. 06-MD-1739, 2006 WL 3039993, at *2-3 (S.D.N.Y. Oct. 25, 2006).

3

live and on-demand fitness classes.  *See* SAC ¶¶ 2-4; *see also* November Order at 1; July Order at 2.  Peloton also offers subscriptions that provide members with access to Peloton's on-demand class library.  *See* SAC ¶¶ 3, 5; November Order at 1; July Order at 2.  All subscription members pay the same subscription price and receive the same access to Peloton's entire content library.  *See* SAC ¶¶ 3, 5-6; November Order at 1; July Order at 2-3.  Both Plaintiffs allege they purchased Peloton products in reliance on allegedly deceptive representations that Peloton's library of classes was "ever-growing."  SAC ¶¶ 35, 37; November Order at 1; July Order at 1.

Other than the allegations about each Plaintiff's residency, the allegations underlying Fishon and Pearlman's claims are substantively identical; the Second Amended Complaint adds no new factual allegations beyond those that Plaintiffs pleaded in support of their NYGBL claims.  The Second Amended Complaint generally alleges that Peloton "aggressively market[ed] access to an 'ever-growing' library of fitness classes" and purports to provide examples of Peloton's description of its class library as "ever-growing" or "growing"—most of which do not actually contain that language.  *E.g.*, SAC ¶¶ 17, 21, 30, 73-79, 83, 93.  Pearlman does not allege she actually saw any "ever-growing" statement before (or after) she decided to purchase Peloton hardware or a membership subscription.  Instead, she alleges in a conclusory fashion that she purchased Peloton hardware and a subscription "relying on Peloton's uniform representations about its 'ever-growing' on-demand library of fitness classes."  SAC ¶ 37.  Pearlman does not allege what Peloton statement she saw or heard; when or where she saw or heard such a statement; or how she allegedly came to rely on that statement in deciding to purchase her Peloton hardware and subscription.  Pearlman also *still* does not allege what Peloton "hardware" she allegedly purchased; how much she paid for her hardware or subscription; or how much she was allegedly overcharged.  *See generally* SAC; *cf.* November Order at 29; July Order at 6.

On the basis of these allegations, Pearlman brings seven claims under the MCPA: (1) § 445.903(1)(c) (representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have); (2) § 445.903(1)(e) (representing that goods or services are of a particular standard, quality, grade, style, or model, if they are of another); (3) § 445.903(1)(g) (advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented); (4) § 445.903(1)(s) (failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer); (5) § 445.903(1)(z) (charging the consumer a price that is grossly in excess of the price at which similar property or services are sold); (6) § 445.903(1)(bb) (making a representation of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is); and (7) § 445.903(1)(cc) (failing to reveal facts that are material to the transaction in light of representations made in a positive manner). *See* SAC ¶¶ 175, 188.

## **LEGAL STANDARD**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). In other words, "a complaint must contain sufficient facts to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." November Order at 3 (citing *Lynch v. City of New York*, 952 F.3d 67, 74 (2d Cir. 2020)). To do so, "[a] complaint must offer more than 'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action,' or 'naked assertion[s]' devoid of 'further factual enhancement' in order to survive dismissal." July Order at 4 (citing *Twombly*, 550 U.S. at 555, 557).

The MCPA "prohibits the use of unfair, unconscionable, or deceptive methods, acts, or

5

practices in the conduct of trade or commerce." *Zine v. Chrysler Corp.*, 236 Mich. App. 261, 270-71 (Mich. Ct. App. 1999) (citing MCPA § 445.903(1)). "Claims under the MCPA are construed with reference to the common law tort of fraud." *Montgomery v. Kraft Foods Glob., Inc.*, No. 1:12-cv-00149, 2014 WL 1875022, at *2 (W.D. Mich. May 9, 2014). Thus, claims under the MCPA based on affirmative misstatements or alleged omissions, like Plaintiffs' claims here, must meet Rule 9(b)'s heightened pleading requirements. *Rosipko v. FCA U.S. LLC*, No. 15-11030, 2015 WL 8007649, at *4 (E.D. Mich. Dec. 7, 2015); *In re Ford Fusion & C-Max Fuel Econ. Litig.*, No. 13-MD-2450, 2015 WL 7018369, at *18 (S.D.N.Y. Nov. 12, 2015) (claims under the MCPA that are premised on fraud must be pleaded with particularity).

In order to make out a claim under the MCPA, "a plaintiff must show that: (1) the defendant made a material representation; (2) it was false; (3) when the defendant made the statement, the defendant knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that it should be acted upon by plaintiff; (5) plaintiff acted in reliance upon it; and (6) the plaintiff thereby suffered injury." *Rosipko*, 2015 WL 8007649, at *3; *Kussy v. Home Depot U.S.A. Inc.*, No. 06-12899, 2006 WL 3447146, at *4-5 (E.D. Mich. Nov. 28, 2006). "Furthermore, in order to meet the reliance element of a fraudulent or innocent misrepresentation claim, a plaintiff must prove that reliance on the misrepresentation was reasonable." *Rosipko*, 2015 WL 8007649, at *3.

In order to state an MCPA claim with the requisite particularity, plaintiffs must allege the circumstances of the fraud with particularity; in other words, they must "set forth the who, what, when, where and how of the alleged fraud." *Tyman v. Pfizer, Inc.*, No. 16-cv-06941, 2017 WL 6988936, at *8 (S.D.N.Y. Dec. 27, 2017) (applying Rule 9(b) analysis to claims brought under various consumer protection statutes); *see also German Free State of Bavaria v. Toyobo Co., Ltd.*,

480 F. Supp. 2d 958, 963 (W.D. Mich. 2007) (Plaintiffs must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."). "Allegations that are 'conclusory and unsupported by assertion of fact' are not sufficient to meet the Rule 9(b) standard." *Coppelson v. Serhant*, No. 19-cv-8481, 2021 WL 2650393, at *2 (S.D.N.Y. June 28, 2021) (Liman, J.) (citing *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986)).

## ARGUMENT

### I. PEARLMAN HAS PLEADED CLAIMS THAT ARE FACIALLY INAPPLICABLE TO THE ALLEGATIONS IN THE SECOND AMENDED COMPLAINT.

Of Pearlman's seven claims under the MCPA, two are facially inapplicable to the facts alleged in the Second Amended Complaint, and should be dismissed on that basis alone.

First, Section 445.903(1)(z) prohibits charging a price "that is grossly in excess of the price at which similar property or services are sold." Pearlman does not allege how much she paid for her Peloton hardware and subscription; does not allege that the price she was charged was in excess of the price charged for similar products; nor does she identify any allegedly similar products relative to which the price she was charged should be measured. *See generally* SAC.

Second, Section 445.903(1)(g) prohibits advertising or representing goods or services with intent not to dispose of those goods or services as advertised or represented. But Pearlman makes no such allegations. As an initial matter, her claims fail under a plain reading of the statute: She does not allege that Peloton failed to provide the products it advertised—hardware equipment and subscriptions. Moreover, Pearlman only alleges that Peloton intended that she and other Michigan Subclass members would "believe" that Peloton's on-demand class library was ever-growing, even though Peloton was aware that the library contained songs that may be subject to copyright challenges. SAC ¶¶ 179, 181. However, Pearlman does not allege that Peloton ever marketed its

products with the *intention* not to provide its members with a library that was anything other than "ever-growing." Indeed, Pearlman does not make such an allegation even in conclusory fashion—let alone under the strictures of Rule 9(b). *See generally* SAC; *cf. Cormier v. PF Fitness-Midland, LLC*, No. 331286, 2018 WL 3594443, at *3 (Mich. Ct. App. July 26, 2018) ("The fact that plaintiff may disagree with [the defendants' interpretation] fails to establish that defendants intended not to dispose of goods or services as advertised or represented.").

Thus, Pearlman's claims under Sections 445.903(1)(g) and (z) are facially deficient as a matter of law and should be dismissed.

## II. PEARLMAN'S CLAIMS FAIL RULE 9(B)'S PLEADING REQUIREMENTS.

Unlike claims under the NYGBL, to state a claim under the MCPA, Pearlman needs to allege with particularity the circumstances of the alleged fraud. Beyond that overarching pleading requirement, Pearlman also needs to plausibly allege that she reasonably relied on any alleged misrepresentation—a requirement absent from the NYGBL. Like the remainder of Pearlman's claim, reasonable reliance must also be pleaded with particularity. But Pearlman does not allege with particularity any of the circumstances of the alleged fraud—including whether she ever saw any "ever-growing" statement at all. Having failed to make even that basic allegation, Pearlman also does not, and cannot, allege that she reasonably relied on any "ever-growing" statement in making her purchases from Peloton. These pleading deficiencies are fatal to her claims.

### A. Pearlman Has Not Pleaded with Particularity Any of the Circumstances of the Allegedly Deceptive Transaction.

All seven of Pearlman's MCPA claims are subject to Rule 9(b)'s heightened pleading requirements. *Rosipko*, 2015 WL 8007649, at *4 (MCPA claims based on allegations of affirmative representations or omissions are subject to Rule 9(b)); *In re Ford Fusion*, 2015 WL 7018369, at *18 (same). Plaintiffs do not even attempt to meet Rule 9(b)'s pleading standard.

8

For the third time, Pearlman still does not even allege what Peloton "hardware" she allegedly purchased. *See generally* SAC; *cf.* November Order at 29; July Order at 6 (describing Pearlman's omission as "puzzling, as this information is presumably readily accessible to her"). The SAC only alleges that Peloton "market[ed] access to an 'ever-growing' library of fitness classes," SAC ¶ 73, and that in November 2018, Pearlman purchased unspecified Peloton "hardware" and a membership subscription in "rel[iance] on Peloton's uniform representations about its 'ever-growing' on-demand library of fitness classes," SAC ¶ 37.

Pearlman also fails to identify the specific statement on which she allegedly relied to make her purchase (as she must), nor does she allege where, when, or how she was exposed to that statement (as she must). *Cf. In re Ford Fusion*, 2015 WL 7018369, at *20-21 (Plaintiffs must identify "each and every advertisement [they] relied upon in order to establish the 'who . . . where, when[,] and why' of the fraud," as well as "when [they] [were] exposed to the materials."). Pearlman does not even allege that she ever saw any "ever-growing" statement at all, *see generally* SAC—a basic factual allegation necessary to sustain her a claim under the MCPA. *See*, *e.g.*, *Rosipko*, 2015 WL 8007649, at *3; *Olson v. Major League Baseball*, 447 F. Supp. 3d 159, 171 (S.D.N.Y. 2020) (dismissing consumer protection claims because "plaintiffs have failed to allege with any specificity that they even saw or heard plaintiffs' misrepresentations such that these misrepresentations could have caused them to enter [transactions] they otherwise would not have entered"); *Lipov v. Louisiana-Pacific Corp.*, No. 1:12-cv-439, 2013 WL 3805673, at *3-4 (W.D. Mich. July 22, 2013) (dismissing MCPA claim where plaintiff "merely identif[ied] the representations Defendant made in its product materials" and "failed to allege that he even saw any of the offending materials that allegedly contained these representations"); *In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 855 (S.D. Ohio 2012) (dismissing MCPA claims where plaintiff

9

did "not allege or argue that he heard, saw, had access to, or was aware of any of [defendant's] purported misrepresentations").

Pearlman's allegations may have sufficed to meet the "bare-bones notice-pleading requirements of Rule 8(a)" for purposes of Pearlman's original claims under the NYGBL, *see* November Order at 18, but that is not the standard that governs her amended claims under the MCPA. To state a claim under the MCPA, Pearlman had to plead, with particularity, when, where, and how she saw an allegedly deceptive statement. Instead of alleging those facts—each of which is readily (and uniquely) available to her, Pearlman recycled the allegations from the original complaint and tacked on an assortment of claims under the MCPA. *See generally* SAC. That is plainly insufficient to meet her pleading burden under Rule 9(b).

### B. Pearlman Fails to Plead That She Actually and Reasonably Relied on a Material Misstatement or Omission.

Pearlman's pleading failures are particularly salient with respect to reliance—an element of her claim absent from the NYGBL, but required under the MCPA. Under the MCPA, "a plaintiff alleging a violation based on material misrepresentations or omissions must show reliance." *Shain v. Advanced Techs. Grp., LLC*, No. 16-10367, 2017 WL 768929, at *11 (E.D. Mich. Feb. 28, 2017); *see also In re OnStar Contract Litig.*, 278 F.R.D. 352, 378 (E.D. Mich. 2011) (noting that there is no dispute that an individual asserting an omission-based claim under subsection (s) of the MCPA must establish reliance). Although some courts outside of Michigan have suggested that plaintiffs bringing MCPA claims need not show reliance, particularly on claims based on alleged omissions,[2] Michigan courts are unequivocal that reliance is a required

---

[2] *See In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198, 225-26 (S.D.N.Y. 2012); *see also Starr v. VSL Pharms., Inc.*, 509 F. Supp. 3d 417, 452 (D. Md. 2020). The decision on which these cases rely, *Gasperoni v. Metabolife, Int'l Inc.*, No. 00-cv-71255, 2000 WL 33365948, at *7 (E.D. Mich. Sept. 27, 2000), has been specifically criticized by the Michigan Court of Appeals as an outdated and inaccurate statement of Michigan law. *Smith Living Tr. v. Erickson Ret. Communities*, 326 Mich. App.

element of MCPA claims based on either affirmative representations or alleged omissions. *See*, *e.g.*, *Rosipko*, 2015 WL 8007649, at *3; *Shain*, 2017 WL 768929, at *11; *In re OnStar*, 278 F.R.D. at 378; *Kussy*, 2006 WL 3447146, at *7. Any alleged reliance must also be reasonable. *Rosipko*, 2015 WL 8007649, at *3. In that regard, claims under the MCPA critically differ from claims under the NYGBL.

Despite this clear requirement, Pearlman does not allege with any particularity that she actually and reasonably relied on any statement or omission from Peloton: She does not identify the statement on which she allegedly relied, specify how she came to rely on that statement, or make any attempt to allege why her reliance was reasonable. *See generally* SAC. That is not surprising, given that Pearlman did not allege that she even saw or heard any "ever-growing" statement at all. *See supra* II.A. Under the more permissive NYGBL standard, Pearlman could get away with that pleading gap because reliance was not a required element of her claims. November Order at 17-19. But in the context of Pearlman's MCPA claims, Michigan law and Rule 9(b) compel dismissal. *See*, *e.g.*, *Rosipko*, 2015 WL 8007649, at *3-5; *Williams v. Scottrade, Inc.*, No. 06-10677, 2006 WL 2077588, at *7 (E.D. Mich. July 24, 2006) (dismissing MCPA claims where plaintiff referred to defendant's website, but "fail[ed] to identify the representation(s) made by [defendant] on which he allegedly relied with any specificity"); *Shain*, 2017 WL 768929, at *11 (dismissing MCPA claims where "Plaintiffs fail to allege facts establishing their reliance on any particular material misstatement or omission by Defendants"); *Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 612-13 (E.D. Mich. 2015) (dismissing MCPA claims because, among other

---

366, 390 n.8 (Mich. Ct. App. 2018) ("The courts of this state are the ultimate arbiters of questions of state law . . . Even assuming that *Gasperoni* represented an accurate statement of this state's common law at the time, subsequent Michigan decisions . . . have made clear that reliance is an essential element of a claim for silent fraud.").

11

reasons, "Plaintiffs have not specifically identified any particular allegedly-fraudulent statements that induced them to enroll in the ViSalus Program").

Moreover, Pearlman does not allege, other than in a thoroughly conclusory fashion that parrots the applicable legal standard, that any alleged misstatement or omission on which she supposedly relied was material to her decision to purchase Peloton products. *Compare Kussy*, 2006 WL 3447146, at *6 ("[A] material fact for purposes of the MCPA would likewise be one that is important to the transaction or affects the consumer's decision to enter into the transaction."), *with* SAC ¶ 186 ("Peloton's representations and omissions were material because the size of Peloton's library of classes is important to the transaction and would and did affect Plaintiff Pearlman's and the other Michigan Subclass members' decision to enter into the transaction."). Instead, Pearlman only alleges that "the size of Peloton's library of classes"—as opposed to its "ever-growing" attribute—was important to the transaction, *see* SAC ¶ 186, but does not allege that she considered whether or not the library was "ever-growing" in making her purchasing decision; that following the alleged class removal, she found the "size" of the library to be inadequate; or that she ever complained about the removal of classes or the number of remaining classes available to her. *See generally* SAC; *cf. Cormier*, 2018 WL 3594443, at *5 (finding plaintiff sufficiently alleged materiality where, upon discovering certain "unwritten" policies at the gym she had joined, she complained to an employee and warned other members about them). Pearlman's failure to allege that the allegedly deceptive description of the class library—and not some other attribute of the library—led to her purchasing decision further makes her claims deficient as a matter of law.

Pearlman's pleading failures are particularly egregious given how easily she could have made the requisite allegations—if they were true. She certainly knows whether she saw any "ever-

growing" statement by Peloton before she purchased her Peloton products. She also certainly knows whether she relied on any "ever-growing" statement to make her purchase and how she came to rely upon it. She easily could have made those allegations, if true. Pearlman did not do any of that, and these failures compel dismissal of her MCPA claims.

### III.  PEARLMAN HAS NOT ALLEGED THAT HER PURCHASE WAS MADE IN THE CONDUCT OF TRADE OR COMMERCE.

The "MCPA applies only to purchases by consumers and does not apply to purchases that are primarily for business purposes." *Slobin v. Henry Ford Health Care*, 469 Mich. 211, 216 (Mich. 2003). Accordingly, "if an item is purchased primarily for business or commercial rather than personal purposes, the MCPA does not supply protection." *Id.* at 217; *see also Zine*, 236 Mich. App. at 270-71 (same); *Academy of Doctors of Audiology v. Int'l Hearing Society*, 237 F. Supp. 3d 644, 661 (E.D. Mich. 2017) (same).

Pearlman alleges that she "and the other Michigan Subclass members are individuals, corporations, limited liability companies, trusts, partnerships, incorporated or unincorporated associations, or another legal entity who made the purchases at issue primarily for personal, family, or household purposes." SAC ¶ 176. Even accepting at face value Pearlman's conclusory description of her own unspecified purchase as one for "personal, family, or household purposes," *id.*, the concomitant allegation that the putative subclass includes "corporations" and other corporate entities who purchased Peloton products for "personal" use is facially incongruous. "It would be rare indeed (if even possible) for a corporation to purchase goods for 'personal, family or household purposes.'" *German Free State*, 480 F. Supp. 2d at 969 (quoting *Robertson v. State Farm Fire & Casualty Co.*, 890 F. Supp. 671, 679 (E.D. Mich. 1995)); *see also In re OnStar*, 278 F.R.D. at 381 n.5 ("It is very unlikely that any 'entity' that is not a natural person purchased or leased a vehicle 'primarily for personal, family, or household purposes.'").

Lacking any particulars about Pearlman's own purchase, and paired with an allegation that is facially nonsensical, the Second Amended Complaint begs the question: What did Pearlman purchase and why? Without even that most basic information about her alleged purchase, Pearlman has not plausibly alleged that her purchase of Peloton products falls within the protections of the MCPA, and her claims should be dismissed on that basis as well.

## IV.  PEARLMAN'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

Rule 15's liberal application to proposed amendments is not limitless, *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d. Cir. 2007), and leave to amend should generally be denied in instances of "repeated failure to cure deficiencies by amendments previously allowed." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016). The Second Amended Complaint was Pearlman's third bite at the apple, and she has again failed to plead a viable claim. After a year and a half of litigation and three opportunities to do so, that failure is inexcusable. It is also all the more striking given that the facts necessary to do so (if they exist) are readily in Pearlman's possession. *DiMuro v. Clinique Labs., LLC*, 572 Fed. Appx. 27, 33 (2d Cir. 2014) (affirming lower court's denial of leave to amend where "much of the information necessary for a properly pled complaint is and has always been in the possession of the Plaintiffs").

Enough is enough. At this stage of the litigation—a week before the close of discovery and a month before the start of class certification briefing—any further amendments are dilatory and unfairly prejudicial to Peloton. Peloton respectfully submits that it is time for this litigation to move past initial pleadings and respectfully requests that, due to Pearlman's repeated failure to cure the deficiencies in her complaint, her claims should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Ms. Pearlman's claims should be dismissed with prejudice.

15

| | |
|---|---|
| Dated: August 9, 2021<br>New York, New York | Respectfully submitted,<br><br>LATHAM & WATKINS LLP<br><br>*/s/ Steven N. Feldman*<br>Steven N. Feldman<br>William O. Reckler<br>Lilia B. Vazova<br>Megan A. Behrman<br>Alexis Kellert<br>1271 Avenue of the Americas<br>New York, NY 10020<br>(212) 906-1200<br>Steve.Feldman@lw.com<br>William.Reckler@lw.com<br>Lilia.Vazova@lw.com<br>Megan.Behrman@lw.com<br>Alexis.Kellert@lw.com<br><br>William J. Trach (*pro hac vice*)<br>200 Clarendon Street<br>Boston, Massachusetts 02116<br>(617) 948-6000<br>William.Trach@lw.com<br><br>*Attorneys for Defendant*<br>*Peloton Interactive, Inc.* |