# Keller | Lenkner

September 3, 2021

Hon. Lewis J. Liman
500 Pearl Street, Courtroom 15C
New York, New York 10007

Re:     *Eric Fishon, et al. v. Peloton Interactive, Inc.*, Case No. 19-cv-11711 (LJL)
        **Letter Motion to Compel Discovery**

Dear Judge Liman:

On behalf of Plaintiffs Eric Fishon and Alisha Pearlman, we respectfully write the Court to compel Defendant Peloton Interactive, Inc. ("Peloton") to comply with its discovery obligations by answering multiple interrogatories to which it current has not provided answers.

Pursuant to Local Rule 33.3, on July 16, 2021, Plaintiffs propounded their Third Set of Interrogatories on Defendant, followed by their Fourth Set of Interrogatories on August 10, 2021. Peloton responded to both sets on August 30, 2021, making blanket objections to nineteen of the twenty-one interrogatories. These blanket objections included arguments that the interrogatories, served a month before the end of discovery, were untimely; that they are not authorized by Rule 33.3 because they are not contention interrogatories; and that they are improper under Rule 33.3 because there are more practical methods of obtaining the information requested in the interrogatories.  *See* Defendant Peloton Interactive, Inc.'s Responses and Objections to Plaintiffs' Third and Fourth Sets of Interrogatories, attached hereto as Exhibit A.[1]

As an initial matter, Peloton is incorrect that all but two of these interrogatories are not contention interrogatories permitted by local rules.  It appears Peloton's position is that an interrogatory must use the word "contend" or "contention" to be a contention interrogatory.  But Rule 33.3 does not require magic words to transform a request into a contention interrogatory allowed under Rule 33(c).  As stated in the rule, Plaintiffs are entitled to interrogatories "seeking the claims and contentions of the opposing party[.]"  *See* Local Civil Rule 33.3(c).

Despite Peloton's position, Rule 33.3(c) interrogatories "may seek a variety of information from a party to the litigation, including identification of a party's legal positions regarding a given issue <u>and the evidence on which those contentions are based</u>."  *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 CIV. 8294 PKL, 1999 WL 672902, at *1 (S.D.N.Y. Aug. 27, 1999) (emphasis added).  Plaintiffs' interrogatories are permissible because they are "'designed to assist parties in narrowing and clarifying the disputed issues' in advance of summary judgment practice or trial." *Phillies v. Harrison/Erickson, Inc.*, No. 19-CV-07239 (VM)(SN), 2020 WL 6482882, at *2 (S.D.N.Y. Nov. 4, 2020).

---

[1] For the remaining two interrogatories, Nos. 15 and 19, Peloton provided only legal conclusions and opinions when asked for facts supporting Peloton's positions throughout the litigation.

# Keller | Lenkner

But more importantly, Peloton's obligation to answer interrogatories does not turn on whether they are "contention" interrogatories because they are proper under Rule 33.3(b). The local rules prohibit interrogatories as a first line of discovery, but they are permitted when they are "a more practical method of obtaining the information sought than a request for production or a deposition[.]" *See* Local Civil Rule 33.3(b). Now at the end of class certification discovery, Plaintiffs have used other discovery methods to acquire this information, but to no avail. These topics have been addressed through both document requests and in every deposition, including Peloton's Rule 30(b)(6) deposition. Yet Peloton has refused to produce responsive documents or deponents who are able to competently testify as to the subject matter therein.

For example, a vital issue is Peloton's use of the phrase "ever-growing" to characterize its class library. Peloton's Chief Content Officer, Jennifer Cotter, was asked "who would be the person to talk to about Peloton's advertisement touting its ever growing library[.]" April 30, 2021 Dep. Tr. of Jennifer Cotter, 249:20-22. Ms. Cotter testified that it was not herself, and pointed to Carolyn Tisch-Blodgett, Peloton's former head of marketing. That is consistent with Peloton's initial disclosures, which said Ms. Tisch-Blodgett had information related to the phrase "ever-growing" and "growing" library. But when Ms. Tisch-Blodgett was asked "when the first public characterization of Peloton's library as 'growing' or "ever-growing' occurred[,]" the response was the same: "I don't remember." July 28, 2021 Dep. Tr. of Carolyn Tisch-Blodgett, 11:18-21.

Given the lack of information provided by the individuals Peloton said would provide some basic facts in this case, Plaintiffs identified these as topics for Peloton's Rule 30(b)(6) deposition. But Peloton objected, saying it was unwilling to prepare its corporate representative to answer basic questions about the basic facts because it would be "inefficient and impractical to prepare a witness to testify on the requested topics."[2] True to its objections, when Peloton's representative was asked when this phrase first came into use, he responded by saying: "I don't recall how it was first used….I don't recall when certain words would have [] entered [] the vocabulary." August 12, 2021 Dep. Tr. of Graham Stanton ("Stanton Dep. Tran."), 28:20-25. That is only one of many times Mr. Stanton could not answer questions.

- When asked when the phase "ever-growing library" came about: "I recall that we would refer—you know, we would refer to the library as 'growing' going back fairly early, and I don't remember exactly – you know, exactly when." Stanton Dep. Tran., 28:11-15.
- When asked how the phrase "ever-growing library" was initially used: "I don't recall how it was first used." Stanton Dep. Tran., 28:20-21.
- When asked where on the website the "ever-growing library" representation was located: "I don't recall – you know, I don't recall precisely which page it was on. You know, we changed the structure of the website a number of times and, you know, what we call one page versus the other." Stanton Dep. Tran.98:24-99:5.
- When asked on what media the "ever growing" or "growing" library representation was used, he could not recall. *See generally* Stanton Dep. Tran., 100-104.

---

[2] *See* Peloton's Response and Objections to Rule 30(b)(6) Deposition Notice, attached hereto as Exhibit B, including Peloton's Response No. 1 at pg. 4.

# Keller│Lenkner

Further, Peloton "designate[d] Mr. Stanton to testify about the people believed to have been involved in discussions about describing Peloton's on-demand class library as "ever-growing" or "growing." See Ex. B., Response to Topic No. 3 at page 5.  Yet, when Mr. Stanton was asked about the origin of the phrase, he replied that, "[a]s for the people involved in [] the origin of the phrase, who first uttered it or that type of thing, I can't recall that specific process."  Stanton Dep. Tran., 142:13-16.

Peloton's interrogatory objections also frequently object on the ground that it is "cumulative or duplicative of documents already produced in response to Plaintiffs' Requests for Production and deposition testimony."  See, e.g., Ex. A, Peloton's Response to Interrogatory No. 1, at page 6. Plaintiffs disagree that this information has been adequately provided in documentary form. But at a minimum, if Peloton's position is that it has answered the interrogatory through its document production, it is required to "specif[y] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."  Fed. R. Civ. Pro. Rule 33(d)(1).  But Peloton has identified no such records.

Plaintiffs' position is that Peloton should have prepared its Rule 30(b)(6) witness to answer basic questions included in the Rule 30(b)(6) topics.  Peloton did not do that.  But because Peloton has refused to provide sufficient documents, or deposition witnesses capable of testifying to the basic facts relevant to this case, Plaintiffs, in an effort to prevent Court intervention here, other than as a last resort, tried to obtain this information from Peloton through interrogatories authorized under Rule 33.3(b).  Rather than answer the interrogatories, or even direct Plaintiffs to documents that would respond to Plaintiffs' requests as Peloton is required to do under Rule 33(d), Peloton instead made whole-cloth objections, providing no responsive information.

For each of Plaintiffs' interrogatories at issue, Plaintiffs previously proffered document requests and took depositions, but, at every turn, Peloton has obdurately refused to provide the requested information.  At this late date, where Peloton has otherwise refused or been unable to provide the information sought, interrogatories are the most practical method of seeking the requested information.  The requested information is vital to this case, because one of the issues at the heart of it is Peloton's use of the phrase "ever-growing" to characterize its digital class library.

One day after Peloton provided its objections to the interrogatories, Plaintiffs requested a meet and confer with Plaintiffs.  Peloton made itself available the afternoon of September 2, 2021, and the parties met and conferred in effort to resolve this dispute.  We have, in good faith, tried to resolve this dispute without Court intervention, but to no avail.  Peloton refused to supplement their interrogatory responses or direct Plaintiffs to responsive documents.  In fact, Peloton refused to take *any* action beyond considering to provide a "catalog" of Peloton's advertisements at some undisclosed future date, which does nothing to address the actual interrogatories posed.

We do not wish to delay discovery any longer, given the fast-approaching filing deadline for Plaintiffs' class certification motion.  For the reasons stated above, Plaintiffs respectfully request Your Honor compel Peloton to respond to Plaintiffs' Third and Fourth Sets of Interrogatories.

We thank the Court for its time and consideration in this matter.

Keller | Lenkner

Dated this 3rd day of September, 2021.

          Respectfully,

          /s/ Benjamin J. Whiting
          *Counsel for Plaintiffs*

cc: Counsel for Defendant Peloton Interactive, Inc.