# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIC FISHON and ALICIA PEARLMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PELOTON INTERACTIVE, INC., <br><br> Defendant. | Civil Action No. 1:19-CV-11711-LJL |

**DEFENDANT PELOTON INTERACTIVE, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD AND FOURTH SETS OF INTERROGATORIES[1]**

PROPOUNDING PARTY:      Plaintiffs ERIC FISHON and ALICIA PEARLMAN, individually and on behalf of all others similarly situated

RESPONDING PARTY:      Defendant PELOTON INTERACTIVE, INC.

Peloton Interactive, Inc. ("Peloton"), by and through its attorneys, and pursuant to Rule 33 of the Federal Rules of Civil Procedures and the Local Rules of this Court, hereby provides objections and responses to Plaintiffs Eric Fishon's and Alicia Pearlman's Third Set of Interrogatories, dated July 16, 2021, and Fourth Set of Interrogatories, dated August 10, 2021 (collectively, "Interrogatories"), as follows:

**PRELIMINARY STATEMENT**

1.      While they purport to be served pursuant to Local Rule 33.3, Plaintiffs' Third and Fourth Sets of Interrogatories do not comply with the provisions of that Rule. The Southern District of New York limits permissible interrogatories to: (a) interrogatories about the identity of

---

[1] Plaintiffs mislabeled their Interrogatories served on Peloton on July 16, 2021 as "Plaintiffs' First Set of Interrogatories" and mislabeled their Interrogatory served on Peloton on August 10, 2021 as "Plaintiffs' Third Set of Interrogatories." These Responses and Objections have been correctly labeled as "Defendant Peloton Interactive, Inc.'s Responses and Objections to Plaintiffs' Third and Fourth Sets of Interrogatories" to account for the two sets of Interrogatories previously served by Plaintiffs on Peloton.

witnesses, computation of alleged damages, and document custodians, served at the commencement of discovery, Rule 33.3(a); (b) interrogatories on subjects other than those covered by Rule 33.3(a) which may be served during discovery but only (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court, Rule 33.3(b); and (c) contention interrogatories served at the conclusion of discovery no less than 30 days before the discovery cut-off, unless ordered otherwise by the Court, Rule 33.3(c).   The parties exchanged interrogatories pursuant to Rule 33.3(a) at the commencement of discovery, and the deadline for serving Rule 33.3(a) interrogatories has long passed.  ECF No. 68, Second Amended Scheduling Order.  Out of the twenty interrogatories included in Plaintiffs' Third Set of Interrogatories, only two are contention interrogatories consistent with the provisions of Local Rule 33.3(c).  The remainder, as well as the Interrogatory contained in the Plaintiffs' Fourth Set of Interrogatories, are, on their face, interrogatories served pursuant to Local Rule 33.3(b).   But there is no Court order authorizing Rule 33.3(b) interrogatories and, as discussed in Peloton's Specific Responses and Objections, Plaintiffs' interrogatories are decidedly not "a more practical method of obtaining the information sought than a request for production or a deposition," particularly where Plaintiffs already have requested (and received) that exact information by way of document productions and/or deposition testimony.  Thus, the vast majority of Plaintiffs' Third Set of Interrogatories are inconsistent with the provisions of Rule 33.3 and are not authorized by the Rule.  Plaintiffs' Third and Fourth Sets of Interrogatories are also untimely pursuant to the deadline for supplemental discovery, which has also long passed.  ECF No. 94, Third Amended Scheduling Order.

2.      Peloton's investigation and development of all facts and circumstances relating to this action is ongoing.  These responses and objections are made without prejudice to, and are not

a waiver of, Peloton's right to rely on other facts or documents at trial.

3.      By making these responses and objections to Plaintiffs' Interrogatories, Peloton does not waive, and hereby reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.  Further, Peloton makes the responses and objections herein without in any way implying that it considers the Interrogatories or responses thereto to be relevant or material to the subject matter of this action.

4.      Peloton reserves the right to supplement, clarify, revise, or correct any or all responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS

Peloton asserts the following General Objections, which are incorporated by reference into each specific response set forth below.  These General Objections govern the scope of any response made by Peloton to all Interrogatories, and are neither waived nor limited by Peloton's specific responses and objections.

1.      Peloton objects to the Interrogatories to the extent they seek information that is irrelevant to class certification.

2.      Peloton objects to the Interrogatories, to the extent they are not contention interrogatories, as untimely and unauthorized by Rule 33.3.

3.      Peloton objects to the Interrogatories, to the extent they are improper attempts to serve supplemental discovery, as untimely.

4.      Peloton objects to the Interrogatories to the extent they seek to impose on Peloton any obligations beyond those authorized under the Federal Rules of Civil Procedure, this Court's

local rules or standing orders, any case management order entered in this case, any other applicable court orders, rules or laws, or any agreements entered into among the parties.

5.      Peloton objects to the Interrogatories to the extent they seek information that is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  *See* Fed. R. Civ. P. 26(b)(2)(ii).  Peloton further objects to the Interrogatories to the extent they seek information that can more practically be obtained from requests for production or through testimony from Peloton's designated corporate representative or other witnesses.  *See* Local Civil Rule 33.3(b). Peloton also objects to the Interrogatories to the extent they seek information that is already in the possession, custody, or control of Plaintiffs or their attorneys, including by virtue of Peloton's prior productions of documents to Plaintiffs, and for which the burden on Plaintiffs to obtain the information sought is no greater than the burden on Peloton.

6.      Peloton objects to the Interrogatories to the extent they seek information, including financial information, personal information, confidential information, proprietary business information, competitively sensitive business or commercial information, strategic planning information, trade secrets, or other sensitive or private information, that is protected or prohibited from disclosure under applicable law, statutes, regulations, rules, case law, or any other legal authority, including, but not limited to, the right of privacy, as well as any other confidentiality rights possessed by third parties.

7.      Peloton objects to the Interrogatories to the extent they seek information protected by the attorney-client or attorney work product privileges.

8.    Peloton objects to the Interrogatories as vague and ambiguous to the extent they contain terms or phrases that Peloton cannot interpret or understand and to the extent the terms and/or phrases used therein are undefined.

9.    Peloton objects to the Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, or not proportional to the claims and defenses in this action. Peloton further objects to the Interrogatories as unduly burdensome to the extent they seek information from a time period beyond that for which Peloton agreed to produce documents: January 1, 2016 – December 31, 2019.  Unless specified otherwise, where Peloton has responded to a particular Interrogatory, such response is for the time period January 1, 2016 – December 31, 2019.

## SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF INTERROGATORIES

In addition to the General Objections set forth above, which are incorporated by reference in each response below, Peloton further sets forth the following specific Responses and Objections:

## INTERROGATORY NO. 1:

Identify the time, place, and manner of any marketing or other public statements where You characterize Your on-demand Class Library as ever-growing or growing, including the people (at Peloton or another company) involved in creating the marketing or the public statements where You characterize Your on-demand Class Library as ever-growing or growing.

## RESPONSE TO INTERROGATORY NO. 1:

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information

sought than a request for production or a deposition, as required by Rule 33.3(b).  Plaintiffs have already sought this same information pursuant to their requests for production and F.R.C.P. 30(b)(6) Deposition Notice.  Peloton further objects to this Interrogatory on the ground that it is overbroad and not reasonably proportional to the claims and defenses in this action, and would be cumulative or duplicative of documents already produced in response to Plaintiffs' Requests for Production and deposition testimony.

**INTERROGATORY NO. 2:**

Identify the time, place, and manner of any marketing or other public statements concerning Your on-demand Class Library made during the period in which You were characterizing Your on-demand Class Library as ever-growing or growing.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production or a deposition, as required by Rule 33.3(b).  Plaintiffs have already sought this same information pursuant to their requests for production and F.R.C.P. 30(b)(6) Deposition Notice.  Peloton also objects to this Interrogatory on the ground that it is overbroad and not reasonably proportional to the claims and defenses in this action, and would be cumulative or duplicative of documents already produced in response to Plaintiffs' Requests for Production, deposition testimony, and information sought through Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Identify the people involved in making the decision to publicly market or otherwise characterize Your on-demand Class Library as ever-growing or growing.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production or a deposition, as required by Rule 33.3(b).  Plaintiffs have already sought this same information pursuant to their requests for production and F.R.C.P. 30(b)(6) Deposition Notice.  Peloton further objects to this Interrogatory to the extent it assumes that there was a deliberate decision to publicly market or otherwise characterize Peloton's on-demand class library as "ever-growing" or "growing."  Peloton also objects to this Interrogatory on the ground that it seeks information that would be cumulative or duplicative of documents already produced in response to Plaintiffs' Requests for Production, deposition testimony, and information sought through Interrogatory Nos. 1-2.

**INTERROGATORY NO. 4:**

Why did You choose to publicly market or otherwise characterize Your on-demand Class Library as ever-growing and growing?

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and

has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production or a deposition, as required by Rule 33.3(b).  Plaintiffs have already sought this same information pursuant to their requests for production and F.R.C.P. 30(b)(6) Deposition Notice.  Peloton also objects to this Interrogatory to the extent it assumes that Peloton made a deliberate choice to use the terms "ever-growing" or "growing" to "publicly market or otherwise characterize" its on-demand class library.  Peloton also objects to this Interrogatory on the ground that it seeks information that would be cumulative or duplicative of documents already produced in response to Plaintiffs' Requests for Production and deposition testimony.

**INTERROGATORY NO. 5:**

Identify the intended audience(s) of any marketing or other public statements where You characterize Your on-demand Class Library as ever-growing or growing.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production or a deposition, as required by Rule 33.3(b).  Plaintiffs have already sought this same information pursuant to their requests for production and F.R.C.P. 30(b)(6) Deposition Notice.  Peloton further objects to this Interrogatory to the extent it assumes that there were specific "intended audience(s)" of Peloton's marketing or other public statements describing its on-demand class library as "ever-growing" or "growing," and also objects to the phrase "intended audience(s)" as vague and ambiguous.  Peloton further objects to this Interrogatory on the ground that it is overbroad and not reasonably proportional to the claims and

defenses in this action, and would be cumulative or duplicative of documents already produced in response to Plaintiffs' Requests for Production, deposition testimony, and information sought through Interrogatory Nos. 1-2.

**INTERROGATORY NO. 6:**

What were the intended effect(s) of any marketing or other public statements where You characterize Your on-demand Class Library as ever-growing or growing?

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production or a deposition, as required by Rule 33.3(b). Plaintiffs have already sought this same information pursuant to their requests for production and F.R.C.P. 30(b)(6) Deposition Notice. Peloton further objects to this Interrogatory to the extent it assumes that there were specific "intended effect(s)" of Peloton's marketing or other public statements describing its on-demand class library as "ever-growing" or "growing," and also objects to the term "intended effect(s)" as vague and ambiguous. Peloton also objects to this Interrogatory on the ground that it seeks information that would be cumulative or duplicative of documents already produced in response to Plaintiffs' Requests for Production, deposition testimony, and information sought through Interrogatory Nos. 1-2.

**INTERROGATORY NO. 7:**

Identify the actual or estimated penetration or reach of Your public marketing or other statements where You characterize Your on-demand Class Library as ever-growing or growing.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production or a deposition, as required by Rule 33.3(b). Plaintiffs have already sought this same information pursuant to their requests for production and F.R.C.P. 30(b)(6) Deposition Notice. Peloton also objects to this Interrogatory to the extent it assumes that Peloton estimated the "penetration" or "reach" of its "public marketing or other statements" describing its on-demand class library as "ever-growing" or "growing," or that Peloton has any knowledge or understanding of the actual penetration or reach of such statements. Peloton also objects to the terms "penetration" and "reach" as vague and ambiguous. Peloton also objects to this Interrogatory to the extent it seeks information that Peloton would not have access to, including the actual penetration or reach of Peloton's marketing or other public statements disseminated by third parties other than Peloton. Peloton further objects to this Interrogatory to the extent it is a more proper subject for expert testimony. Peloton also objects to this Interrogatory to the extent it seeks information that would be cumulative or duplicative of documents already produced in response to Plaintiffs' Requests for Production, deposition testimony, and information sought through Interrogatory Nos. 1-2.

**INTERROGATORY NO. 8:**

Identify how Peloton set the price of its hardware (bike or tread) and subscription services, including the relevant factors, and any reasons for a price premium over competitors.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production or a deposition, as required by Rule 33.3(b).  Plaintiffs have already sought this same information pursuant to their requests for production and F.R.C.P. 30(b)(6) Deposition Notice.  Peloton further objects to this Interrogatory to the extent it assumes that a "price premium" existed for Peloton's products and services relative to Peloton's competitors, if any.  Peloton also objects to the terms "price premium" and "competitors" as vague and ambiguous, particularly because this Interrogatory is not limited to a particular time period. Peloton also objects to this Interrogatory on the ground that it seeks information that would be cumulative or duplicative of documents already produced in response to Plaintiffs' Requests for Production and deposition testimony.

**INTERROGATORY NO. 9:**

How much did You pay to market or otherwise distribute Your public characterization of Your on-demand Class Library as ever-growing or growing?

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production or a deposition, as required by Rule 33.3(b).  Peloton objects

to the phrase "pay to market or otherwise distribute" as vague and ambiguous.  Peloton further objects to this Interrogatory to the extent it suggests that Peloton segments its spend for marketing or other public characterizations of its on-demand class library as "ever-growing" or "growing." Peloton also objects to this Interrogatory on the ground that it is irrelevant to class certification and not reasonably proportional to the claims and defenses in this action.

Subject to and without waiving the foregoing General and Specific Objections, Peloton states that it does not track or otherwise maintain information about the amount it pays to "market or otherwise distribute" statements containing specific words or phrases such as "ever-growing" or "growing."

**INTERROGATORY NO. 10:**

What was the cost of creating the content containing Your public characterization of Your on-demand Class Library as ever-growing or growing?

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production or a deposition, as required by Rule 33.3(b).  Peloton further objects to this Interrogatory on the ground that it is irrelevant to class certification and not reasonably proportional to the claims and defenses in this action.

Subject to and without waiving the foregoing General and Specific Objections, Peloton states that it does not track or otherwise maintain information about the amount it pays to "create content" containing specific words or phrases such as "ever-growing" or "growing."

**INTERROGATORY NO. 11:**

Identify each person, other than then current Peloton employees, who had advanced knowledge of Peloton's intent to remove classes from the on-demand Class Library due to alleged copyright infringement, including but not limited to the removals on or about March 25, 2019.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production or a deposition, as required by Rule 33.3(b).  Peloton further objects to this Interrogatory on the ground that it is irrelevant to class certification and not reasonably proportional to the claims and defenses in this action.

**INTERROGATORY NO. 12:**

Identify each person, other than then current Peloton employees, who had knowledge of Peloton's failure to secure licensing for copyrighted works from [date to date].

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production or a deposition, as required by Rule 33.3(b).  Peloton further objects to this Interrogatory on the ground that it is irrelevant to class certification and not reasonably proportional to the claims and defenses in this action.  Peloton also objects to this

Interrogatory on the ground that it is vague and ambiguous in that it provides a date range of "date to date."

**INTERROGATORY NO. 13:**

Identify all cease-and-desist letters received by Peloton for alleged copyright infringement.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production or a deposition, as required by Rule 33.3(b). Peloton further objects to this Interrogatory as overbroad and not reasonably proportional to the claims and defenses in this action. Peloton also objects to this Interrogatory as irrelevant to class certification.

**INTERROGATORY NO. 14:**

Identify by bates number each marketing or other public statements where You characterize Your on-demand Class Library as ever-growing or growing.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production, as required by Rule 33.3(b). Plaintiffs are already in possession of the requested information and this Interrogatory is an improper attempt to shift the burden of reviewing Peloton's document production from Plaintiffs to Peloton.

**INTERROGATORY NO. 15:**

State all of the facts supporting Your contention that a reasonable consumer could have interpreted ever-growing or growing Class Library to mean something other than increasing in absolute size.

**RESPONSE TO INTERROGATORY NO. 15:**

Peloton objects to this Interrogatory to the extent it seeks information that would be cumulative or duplicative of documents already produced in response to Plaintiffs' Requests for Production and testimony related to the phrases "ever-growing" or "growing."  Peloton further objects to this Interrogatory to the extent it is a more proper subject for expert testimony.

Subject to and without waiving the foregoing General and Specific Objections, Peloton states that a reasonable consumer could have interpreted "ever-growing" or "growing" class library to mean a class library to which new content is being added because that is a common use of these phrases and a key attribute of Peloton's on-demand class library, and is how Peloton employees have understood these phrases and intended them to be understood.  Those facts have been and will be supported by the testimony of both Peloton employees and absent class members.

**INTERROGATORY NO. 16:**

State all characteristics of the Peloton hardware (bike or tread) and subscription services that justify a price premium over any competitor's product.

**RESPONSE TO INTERROGATORY NO. 16:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information

sought than a request for production, as required by Rule 33.3(b).  Peloton further objects to the terms "competitors," "price premium," and "subscription services" as vague and ambiguous, particularly because this Interrogatory is not limited to a particular time period.  Peloton also objects to this Interrogatory to the extent it assumes that a "price premium" existed for Peloton's products and services relative to Peloton's competitors, if any, and that Peloton has an understanding or views of the characteristics of Peloton's hardware or services that justify such a price premium, if any.  Peloton also objects to this Interrogatory on the ground that it seeks information that would be cumulative or duplicative of documents already produced in response to Plaintiffs' Requests for Production and testimony related to the characteristics that add value to Peloton's hardware and subscription services.  Peloton further objects to this Interrogatory to the extent it is a more proper subject for expert testimony.

**INTERROGATORY NO. 17:**

Identify each of Your competitors to Your hardware (bike or tread) and subscription services.

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production or a deposition, as required by Rule 33.3(b).  Peloton further objects to the term "competitors" as vague and ambiguous, particularly because this Interrogatory is not limited to a particular time period.  Peloton also objects to this Interrogatory as overbroad and not reasonably proportional to the claims and defenses in this action.  Peloton also objects to

this Interrogatory on the ground that it seeks information that would be cumulative or duplicative of documents already produced in response to Plaintiffs' Requests for Production and deposition testimony. Peloton also objects to this Interrogatory to the extent it is a more proper subject for expert testimony.

**INTERROGATORY NO. 18:**

Identify each fact witness who You may call to testify in opposition to class certification or at trial of this matter.

**RESPONSE TO INTERROGATORY NO. 18:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production or a deposition, as required by Rule 33.3(b). Peloton further objects to this Interrogatory to the extent it seeks information that is protected by the attorney work product doctrine. Peloton also objects to this Interrogatory on the ground that it is premature and not an appropriate subject matter for a Rule 33.3 Interrogatory.

Peloton will identify any such fact witnesses consistent with its obligations pursuant to Rule 26(a)(3)(A)-(B) of the Federal Rules of Civil Procedure and any pre-trial orders entered by the Court.

**INTERROGATORY NO. 19:**

What do You contend that a reasonable consumer would believe the phrase ever-growing or growing Class Library means?

**RESPONSE TO INTERROGATORY NO. 19:**

In addition to and without waiving its General Objections, Peloton states that a reasonable consumer could believe the phrases "ever-growing class library" or "growing library" to mean a class library to which new content is being added.

**INTERROGATORY NO. 20:**

State the names, addresses, email addresses, and phone numbers for each Peloton user that purchased Peloton hardware and/or corresponding Peloton membership subscription from April 9, 2018 through March 25, 2019.

**RESPONSE TO INTERROGATORY NO. 20:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it is not a contention interrogatory pursuant to Rule 33.3(c) and has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production, as required by Rule 33.3(b). Peloton further objects to this Interrogatory to the extent it seeks the identity of Peloton's customers, which is subject to privacy and confidentiality restrictions and is irrelevant to class certification.

**SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES**

In addition to the General Objections set forth above, which are incorporated by reference in each response below, Peloton further sets forth the following specific Response and Objections:

**INTERROGATORY NO. 1:**

Explain each iteration of a public representation You have made about your on-demand Class Library as ever-growing or growing, including but not limited to what was represented in each iteration, the way in which each representation was made (website, social media, radio, television, print, email, etc.), where each iteration occurred (nationally, globally, etc.), and when each representation was made.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to and without waiving its General Objections, Peloton objects to this Interrogatory as (i) untimely pursuant to the deadline for supplemental discovery, and (ii) unauthorized by Rule 33.3 because it has neither been ordered by the Court nor is it a more practical method of obtaining the information sought than a request for production, as required by Rule 33.3(b). Plaintiffs have already sought this same information pursuant to their requests for production and F.R.C.P. 30(b)(6) Deposition Notice. Peloton further objects to the term "iteration" as vague and ambiguous. Peloton further objects to this Interrogatory on the ground that it is overbroad and not reasonably proportional to the claims and defenses in this action, particularly because this Interrogatory is not limited to a specific time period, and would be cumulative or duplicative of documents already produced in response to Plaintiffs' Requests for Production and deposition testimony.

Dated:  August 30, 2021                    By: */s/ Steven N. Feldman*

Steven N. Feldman
William O. Reckler
Lilia B. Vazova
Alexis Kellert
Megan A. Behrman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Steve.Feldman@lw.com
William.Reckler@lw.com
Lilia.Vazova@lw.com
Alexis.Kellert@lw.com
Megan.Behrman@lw.com

William J. Trach (admitted *pro hac vice*)
200 Clarendon Street
Boston, Massachusetts 02116
(617) 948-6000
William.Trach@lw.com

*Attorneys for Peloton Interactive, Inc.*

<u>**VERIFICATION**</u>

I, Jennifer Cotter, am the Chief Content Officer for Peloton Interactive, Inc., a party to this action, and am authorized to make this verification for and on its behalf.

I have read the foregoing **DEFENDANT PELOTON INTERACTIVE, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD AND FOURTH SETS OF INTERROGATORIES**, and know its contents.

I am informed and believe that the matters stated therein are true and on that ground verify under penalty of perjury that the foregoing answers are true and correct.

Dated:  August 30, 2021

By: /s/ Jennifer Cotter

Jennifer Cotter
Chief Content Officer
Peloton Interactive, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2021, a copy of the foregoing document was served via email upon all counsel of record for Eric Fishon and Alicia Pearlman in this case.


By: */s/ Megan Behrman*

Megan Behrman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Megan.Behrman@lw.com
*Attorney for Peloton Interactive, Inc.*