```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ERIC FISHON and ALICIA PEARLMAN, individually                    :
and on behalf of all others similarly situated,                  :
                                                                 :
                                  Plaintiffs,                    :    19-cv-11711 (LJL)
                                                                 :
            -v-                                                  :        ORDER
                                                                 :
PELOTON INTERACTIVE, INC.,                                       :
                                                                 :
                                  Defendant.                     :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/9/2021

LEWIS J. LIMAN, United States District Judge:

      Plaintiffs Eric Fishon and Alisha Pearlman move to compel responses by Defendant Peloton Interactive, Inc. ("Peloton") to Plaintiffs' Third Set of Interrogatories and Fourth Set of Interrogatories. Dkt. No. 113. The motion is denied.

      The operative case management plan in this case provides for fact discovery to be conducted in two phases. Phase One is directed to fact discovery for class certification purposes. Dkt. No. 94-1. Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York were to have been served by March 25, 2020. *Id.* ¶ 7B. Supplemental discovery requests were to be served by February 5, 2021. *Id.* ¶ 7D. Contention interrogatories were to be served consistent with Rule 33.3(c) of the Local Rules of the Southern District of New York. *Id.* ¶ 7C. That rule states: "At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise." Local Civil Rule 33.3(c). Fact discovery for class certification purposes was to be completed by August 16, 2021.

      Phase Two addresses any remaining fact discovery that may be necessary following any class certification ruling. The case management plan leaves the question of whether there is to be any additional discovery to be discussed between the parties and to the discretion of the Court. Any Phase Two discovery is to be commenced only after the class certification ruling and only after the parties have met and conferred and only as approved by the Court. It is to be completed within 120 days or less of the class certification ruling, with a specific schedule to be negotiated, if necessary and as detailed below, following any class certification ruling.

      Plaintiffs' Third Set of Interrogatories were served on July 16, 2021, and their Fourth Set of Interrogatories were served on August 10, 2021, well after the February 5, 2021 deadline and months late for the service of anything but contention interrogatories. They are untimely.

      Plaintiffs offer two responses. First, Plaintiffs contend that the interrogatories are contention interrogatories. Contention interrogatories need not use the word contention, they say. It is sufficient if they will assist the parties "'in narrowing and clarifying the disputed issues' in advance of summary judgment practice or trial." Dkt. No. 113 (quoting *Phillies v.*

*Harrison/Erickson, Inc.*, 2020 WL 6482882, at *2 (S.D.N.Y. Nov. 4, 2020)).

Plaintiffs' first response is without merit. "In this District, contention interrogatories, unlike other types of discovery, are not designed to reveal new information to the opposing side" and "courts generally resist efforts to use contention interrogatories as a vehicle to obtain every fact and piece of evidence a party may sigh to offer concerning a given issue at trial." *Phillies*, 2020 WL 6482882, at *2; *see also Pasternak v. Kim*, 2011 WL 4552389, at *3 (S.D.N.Y. Sept. 28, 2011) ("Contention interrogatories should be carefully drafted to obtain 'contentions,' rather than something more appropriately obtained through other discovery methods, such as depositions"); *Erchonia Corp. v. Bissoon*, 2011 WL 3904600, at *8 (S.D.N.Y. Aug. 26, 2011) ("the Local Rules do not anticipate that parties will use contention interrogatories to develop new information or provide notice of claims that could be followed by new rounds of other discovery"); Michael Silberberg, Edward M. Spiro & Judith L. Mogul, *Civil Practice in the Southern District of New York* § 20:7 (2020) ("Contention interrogatories should be carefully tailored to obtain 'contentions'; they are not an excuse to inflict burden by requiring an adversary to spew out numerous factual details or to regurgitate all factual information obtained during discovery. A party will not be required to go through documents already produced in order to explain what is 'obvious' nor will they be required to identify witnesses and documents where that information is required to be supplied in the pretrial order."). With two exceptions, the interrogatories are not drafted to ask for an "opinion or a contention that relates to fact," Fed. R. Civ. P. 33(a)(2), but rather are addressed to finding the facts in the first place. Indeed, Plaintiffs candidly admit that the interrogatories seek information Plaintiffs claim they were unable to obtain through discovery including depositions. They are not proper contention interrogatories. *See, e.g.*, *Pasternak*, 2011 WL 4552389, at *3 (denying motion to compel responses to purported contention interrogatories where the interrogatories sought more than defendant's "specific position on particular issues in the case" and demanded that defendant "describe all facts and produce all the documents that support his principal allegations in his defense of the lawsuit" and would not "narrow the issues for trial"); *Ritchie Risk-Limited Strategies Trading (Ireland), Ltd. v. Coventry First LLC,* 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("Plaintiffs should not be 'required to parse through documents that have already been produced to defendants, which defendants are in a position to review themselves, in order to explain the obvious.'") (quoting *Tribune Co. v. Purcigliotti*, 1997 WL 540810, at *2 (S.D.N.Y. Sept. 3, 1997)).

Second, Plaintiffs argue that the interrogatories were properly issued pursuant to Local Civil Rule 33.3(b) because "they are a more practical method of obtaining the information sought than a request for production or a deposition." Local Civil Rule 33.3(b). Local Civil Rule 33.3(b) is a limitation on the interrogatories that may be served. A party in the Southern District of New York may serve interrogatories other than contention interrogatories and those addressed to preliminary matters such as the names of witnesses with knowledge or information relevant to the subject matter of the action," only (a) by order of the Court or (b) if "they are a more practical method of obtaining the information sought than a request for production or a deposition." *Id.* Plaintiffs argue that the interrogatories are more efficient than, for example, a 30(b)(6) deposition because Defendant's 30(b)(6) deponent was not able to answer all of Plaintiffs' questions.

Local Civil Rule 33.3(b) would have permitted Plaintiffs to serve, by February 2021, interrogatories seeking information other than that covered by Local Civil Rule 33.3(a) if they could make a showing that interrogatories were more efficient than, for example, a deposition. The Local Rule, however, does not give Plaintiffs license, having first taken the 30(b)(6)

deposition, then to claim disappointment with the answers they received and serve an untimely interrogatory.  *See O'Brien v. Lane Bryant, Inc.*, 1987 WL 6914, at *2 (S.D.N.Y. Feb. 11, 1987) (holding that a plaintiff seeking to proceed by interrogatory must show a "good faith basis" for using interrogatories rather than depositions).

If Plaintiffs believed that Defendant's 30(b)(6) deponent was inadequately designated or prepared or limited in the scope of the answers he was permitted to give, Plaintiffs' recourse was to make a motion directed to the 30(b)(6) deposition.  That motion then would have been judged against the law relevant to the topics that can be addressed through a 30(b)(6) deposition and the preparation required for such a deposition.  *See Soroof Trading Dev. Co., Ltd. v. GE Fuel Cell Sys., LLC*, 2013 WL 1286078, at *2 (S.D.N.Y. Mar. 28, 2013) (ordering a new 30(b)(6) deposition because the original 30(b)(6) witness was not properly prepared and holding that Rule 30(b)(6) establishes a two-step process under which the party seeking the 30(b)(6) deposition must first "serve a notice that describes 'with reasonable particularity' the issues and topic that will be addressed at the deposition" and that then the responding party must "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." (quoting *Sheehy v. Ridge Tool Co.*, 2007 WL 1548976, at *4 (D. Conn. May 24, 2007) then *Tailored Lighting Inc. v. Osram Sylvania Prods., Inc.*, 255 F.R.D. 340, 349 (W.D.N.Y. 2009))).  Plaintiffs did not make such a motion.  They cannot avoid the need to make such a motion and to satisfy the standards necessary to show a violation of Rule 30(b)(6) by exercising self-help and serving a purported, and untimely, Local Civil Rule 33.3(b) interrogatory.

SO ORDERED.

Dated: September 9, 2021
       New York, New York

LEWIS J. LIMAN
United States District Judge