*The motion is GRANTED with one exception: Eric Fishon's name appearing at Defendant's Exhibit 29 (filed originally at Dkt. No. 142-1) shall be unredacted. All other requested redactions and requests to file under seal are approved.*

SO ORDERED.

LEWIS J. LIMAN
United States District Judge
2/1/2022

**LATHAM & WATKINS LLP**

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

January 28, 2022

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court Judge
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, New York 10007

Re: *Fishon v. Peloton Interactive, Inc.*, Case No. 1:19-cv-11711 (S.D.N.Y.) – Joint Renewed Letter Motion to File Certain Documents Under Seal

Dear Judge Liman,

The Parties submit this joint letter motion pursuant to Rule 2(G) of the Court's Individual Practices in Civil Cases and the Court's January 21, 2022 Order, ECF No. 169 (the "Order"), to respectfully request permission to seal and file in redacted form certain documents that the Parties previously filed in conjunction with the Declarations of Alex J. Dravillas in Support of Plaintiffs' Motion for Class Certification, ECF No. 130; in Support of Plaintiffs' Reply in Support of Class Certification, ECF No. 153; and in Opposition to Defendant's Motion to Exclude the Testimony of Plaintiffs' Experts, ECF No. 157; the Declaration of Megan A. Behrman in Support of Peloton Interactive, Inc.'s Opposition to Plaintiffs' Motion for Class Certification and in support of Peloton's Motion to Exclude the Testimony of Plaintiffs' Experts, ECF Nos. 141, 143; and the declarations of the Parties' experts, ECF Nos. 121, 132, 134, 148, and 159 (collectively, the "Confidential Documents").[1]

**I. THE NEWLY PROPOSED REDACTIONS ARE NARROWLY TAILORED TO PROTECT HIGHLY SENSITIVE INFORMATION**

The presumptive right to access judicial documents is not absolute. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Rather, courts may exercise "discretion in

---

[1] Because each Party has filed documents that the other produced in discovery and believes should be kept confidential, the Parties submit this motion jointly to facilitate the Court's review. Plaintiffs do not object to Peloton's requests for confidentiality, and Peloton does not object to Plaintiffs'.

determining whether good cause exists to overcome the presumption of open access to documents filed . . . ." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006).

Consistent with the principles set forth in *Lugosch*, the Parties seek to redact or seal documents to protect information for which they believe there is good cause to shield information from public disclosure. Neither Peloton nor Plaintiffs take any position on the other side's proposals that documents be redacted or remain entirely under seal.

> A. Peloton's Request to Redact / Seal Confidential And Proprietary Business Information That, If Made Public, Would Commercially Or Competitively Disadvantage Peloton.

Courts regularly find that "documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (citation omitted). Indeed, protecting sensitive business information is among the "'higher values' consistently recognized by courts in this Circuit" as a "'countervailing factor' that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.,* 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021); *see also GoSmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents containing proprietary material concerning the party's marketing strategies, product development, costs and budgeting).

The Court has already permitted the redaction of portions of the Parties' submissions that reflect Peloton's sensitive and proprietary business information. *See* Order at 1 (permitting certain redactions of ECF Nos. 119, 136, and 151). Consistent with the Court's Order, Peloton proposes limited, narrowly tailored redactions of the following documents to protect the same kinds of highly sensitive business information:

| Peloton's Proposed Redactions | | |
|---|---|---|
| **Protected Information** | **Exhibit No. (ECF No. of Prior Filing)** | **Location of Proposed Redactions[2]** |
| Confidential consumer & market research; sensitive financial and business data, including pricing and budgeting, and competitor analysis | Def.'s Declaration of Bruce A Strombom, PhD (ECF No. 132 & 148) | 13-14, 47, 53, 56-57, 62-65, 79-80, 82-85, 91-93, 96-100, 103, 105, 107-08 |

---

[2] References are to PDF page numbers.

LATHAM&WATKINS LLP

| Peloton's Proposed Redactions |||
|---|---|---|
| **Protected Information** | **Exhibit No. (ECF No. of Prior Filing)** | **Location of Proposed Redactions[2]** |
| Confidential consumer & market research; sensitive financial and business data, including pricing and budgeting | Def.'s Decl. of Rebecca Kirk Fair (ECF No. 134) | 11, 35-37 |
| Sensitive financial and business data, including pricing and budgeting, competitor analysis, and product development | Def.'s Ex. 3 (ECF No. 141-1) | 2 |
| Confidential consumer & market research; confidential brand strategy & marketing plans; Sensitive financial and business data, including financial projections | Def.'s Ex. 6 (ECF No. 141-2) | 7-8, 10, 17-18, 20, 28, 33, 35-39, 41, 44, 49-52, 55-58, 60, 64, 67-74, 76, 78, 82, 89-95, 97-105, 108, 110-12, 119-21 |
| Sensitive financial and business data, including pricing and budgeting, competitor analysis, and product development | Def.'s Ex. 12 (ECF No. 141-6) | 17-18 |
| Sensitive financial and business data, including pricing and budgeting, competitor analysis, and product development | Def.'s Ex. 14 (ECF No. 141-7) | 2 |
| Confidential brand strategy & marketing plans | Defs' Ex. 15 (ECF No. 141-8) | 2 |
| Confidential consumer & market research | Def.'s Ex. 28 (ECF No. 141-16) | 5-7, 9-15, 17-29, 31-33, 35-41, 43-48, 50-69 |
| Confidential consumer & market research | Def.'s Ex. 40 (ECF No. 143-4) | 5, 8-11, 13, 16-24, 26, 29-33, 35-41 |
| Confidential consumer & market research | Pls.' Declaration of Colin B. Weir (ECF No. 121) | 4-5 |

| Peloton's Proposed Redactions | | |
|---|---|---|
| **Protected Information** | **Exhibit No. (ECF No. of Prior Filing)** | **Location of Proposed Redactions[2]** |
| Confidential consumer & market research; sensitive financial and business data | Pls.' Reply Declaration of Colin B. Weir (ECF No. 159) | 25, 177-78, 183-84 |
| Confidential consumer & market research | Pls.' Ex. 2 (ECF Nos. 126-2; 130-2) | 8-9 |
| Sensitive business data (website code) | Pls.' Ex. 14 (ECF Nos. 126-14; 130-15) | 2 |
| Confidential consumer & market research | Pls.' Ex. 15 (ECF Nos. 126-15; 130-16) | 7-8 |
| Confidential consumer & market research | Pls.' Ex. 16 (ECF Nos. 126-16; 130-17) | 5, 8, 10-13, 15, 17-18, 20-22, 24-25, 27-30, 33-48, 50-55 |
| Confidential consumer & market research | Pls.' Ex. 17 (ECF Nos. 126-17; 130-18) | 5, 8-11, 13,16-31, 33, 36-40, 42-49 |
| Sensitive branding data | Pls.' Ex. 18 (ECF Nos. 126-18; 130-19) | 3 |
| Sensitive financial and business data, including pricing and budgeting, competitor analysis, and product development | Pls.' Ex. 23 (ECF Nos. 126-23; 130-24) | 1 |
| Sensitive marketing information, including results from surveys. | Pls.' Ex. 25 (ECF Nos. 126-25; 130-26) | 5-6, 8-19, 21-23, 25-36, 38-39 |
| Sensitive marketing information, specifically discussing segments of targeted market; sensitive business information regarding terms of a contract. | Pls.' Ex. 29 (ECF Nos. 126-29; 130-30) | 3-5 |
| Confidential consumer & market research; confidential brand strategy & marketing plans | Pls.' Ex. 1 (ECF No. 153-1) | 4-5, 12 |

LATHAM&WATKINS LLP

| Peloton's Proposed Redactions |||
|---|---|---|
| **Protected Information** | **Exhibit No. (ECF No. of Prior Filing)** | **Location of Proposed Redactions[2]** |
| Confidential consumer & market research | Pls.' Ex. 2 (ECF No. 153-2) | 4-5 |
| Sensitive business data (website code) | Pls.' Ex. 3 (ECF No. 153-3) | 2 |
| Confidential consumer & market research; sensitive financial and business data | Pls.' Ex. 6 (ECF No. 153-6) | 3-4, 7-8 |
| Confidential consumer & market research | Pls.' Ex. 3 (ECF No. 157-3) | 4-5 |
| Confidential consumer & market research | Pls.' Ex. 4 (ECF No. 157-4) | 4-5 |

Additionally, because the confidential information reflected on certain documents cannot be redacted in such a way as to leave anything meaningful available to the public, Peloton respectfully requests that the following submissions remain fully under seal.

| Peloton's Proposed Documents to Remain Under Seal ||
|---|---|
| **Protected Information** | **Exhibit No. (ECF No. of Prior Filing)** |
| Proprietary business data (website code) | Pls.' Ex. 4 (ECF Nos. 126-4; 130-4; 130-5) |
| Proprietary business data (website code) | Pls.' Ex. 5 (ECF Nos. 126-5; 130-6) |
| Proprietary business data (website code) | Pls.' Ex. 7 (ECF Nos. 126-7; 130-8) |
| Proprietary business data (website code) | Pls.' Ex. 8 (ECF Nos. 126-8; 130-9) |
| Confidential brand strategy and marketing plans | Pls.' Ex. 13 (ECF Nos. 126-13; 130-14) |
| Sensitive financial and business data, including pricing and budgeting, competitor analysis, and product development | Pls.' Ex. 26 (ECF Nos. 126-26; 130-27) |

**LATHAM&WATKINS**LLP

   Peloton submits that the proposed redactions and sealing requests are appropriate, consistent with the Court's directive, and necessary to protect Peloton's commercially sensitive business information, the public disclosure of which would be damaging to Peloton's competitive position.

  **B.** <u>Peloton's and Plaintiffs' Proposed Redactions of the Non-Relevant Private Information of Individuals.</u>

   Courts within this Circuit regularly permit the redaction of an individual's personal information, such as medical information, personal e-mail address, home address, phone number, and other similar personal identifiable information that is irrelevant to the underlying dispute. *See, e.g., Cohen v. Gerson Lehrman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (permitting the redaction of individuals' e-mail addresses, home addresses, and phone numbers); *Online Payment Sols. Inc. v. Svenska Handelsbanken AB*, 638 F. Supp. 2d 375, 384 n.4 (S.D.N.Y. 2009) (deeming it "improper to file publicly names, e-mail addresses, phone numbers, and the IP addresses of individuals who are not parties to this suit and who did not give permission for such public filing"); *see also Palomo v. DeMaio*, 2018 WL 5113133, at *2 (N.D.N.Y. Oct. 19, 2018) (ordering redaction of "personal identifying information, email addresses, mailing addresses, and phone numbers not already public").

   Consistent with this case law and to protect the privacy interests of certain party and non-party individuals, the Parties propose the following limited redactions:

| PELOTON'S PROPOSED REDACTIONS | | |
|---|---|---|
| **Protected Information** | **Exhibit No. (ECF No. of Prior Filing)** | **Location of Proposed Redactions[3]** |
| Medical information pertaining to the child of a former Peloton employee | Def.'s Ex. 42 (ECF No. 143-6) | 7 |

| PLAINTIFFS' PROPOSED REDACTIONS | | |
|---|---|---|
| **Protected Information** | **Exhibit No. (ECF No. of Prior Filing)** | **Location of Proposed Redactions[4]** |
| Named Plaintiffs' personal identifiable information | Def.'s Ex. 33 (ECF No. 143-1) | 2-4, 7-10, 13-14, 16-17, 19-20, 25, 30, 34, 38, 40-41, 43-45, 48-50, 52-53, 55, 58, 66, 68-70, 72, 74, 75-76 |

---

[3] References are to PDF page numbers.
[4] References are to PDF page numbers.

LATHAM&WATKINS LLP

| PLAINTIFFS' PROPOSED REDACTIONS | | |
|---|---|---|
| **Protected Information** | **Exhibit No. (ECF No. of Prior Filing)** | **Location of Proposed Redactions[4]** |
| Non-parties' personal identifiable information | Def.'s Ex. 37 (ECF No. 143-2) | 2-3. |
| Non-parties' personal identifiable information | Def.'s Ex. 42 (ECF No. 143-6) | 2-5, 7, 12-13, 15, 25-33 |
| Non-parties' personal identifiable information | Def.'s Ex. 43 (ECF No. 143-7) | 2 |
| Non-parties' personal identifiable information | Def.'s Ex. 44 (ECF No. 143-8) | 2-4 |
| Named Plaintiffs' personal identifiable information | Def.'s Ex. 46 (ECF No. 143-9) | 2-3 |
| Named Plaintiffs' personal identifiable information | Def.'s Ex. 47 (ECF No. 143-10) | 2-4 |
| Named Plaintiffs' personal identifiable information; non-parties' personal identifiable information | Def.'s Ex. 48 (ECF No. 143-11) | 3, 6-7 |
| Named Plaintiffs' personal identifiable information | Def.'s Ex. 49 (ECF No. 143-12) | 2-3 |
| Named Plaintiffs' personal identifiable information | Def.'s Ex. 50 (ECF No. 143-13) | 2-3 |
| Named Plaintiffs' personal identifiable information; Non-parties' personal identifiable information | Def.'s Ex. 51 (ECF No. 143-14) | 3, 8-9 |

Plaintiffs also request that two documents previously filed publicly now be redacted, because such documents contain a Named Plaintiffs' personal email address (ECF Nos. 142-1, 142-3, Def.s' Exs. 29, 31). The Parties contacted the ECF Help Desk on January 28, 2022

regarding these documents, and the clerk has temporarily sealed them. Plaintiffs now propose limited redactions of protected information therein:

| **PLAINTIFFS' PROPOSED REDACTIONS** | | |
|---|---|---|
| **Protected Information** | **Exhibit No. (ECF No. of Prior Filing)** | **Location of Proposed Redactions[5]** |
| Named Plaintiffs' personal identifiable information | Def.'s Ex. 29 (ECF No. 142-1) | 2 |
| Named Plaintiffs' personal identifiable information | Def.'s Ex. 29 (ECF No. 142-3) | 2-3 |

## II.   CONCLUSION

The Parties respectfully requests that the Court permit the proposed redaction and sealing of the foregoing documents. In accordance with the Court's Individual Practices in Civil Cases, each Party will file through the ECF system their respective documents with the proposed redactions applied and will simultaneously file under seal a copy of the documents with the proposed redactions highlighted.

For completeness, the Parties do not oppose the unsealing of the remaining exhibits the Parties previously sought to file under seal, *see* ECF Nos. 116, 131, 149, and 160:

- Defendant's Exhibits:

    - ECF No. 133 – Declaration of Joel H. Steckel
    - ECF No. 141-3 – Def.'s Ex. 7
    - ECF No. 141-4 – Def.'s Ex. 8
    - ECF No. 141-5 – Def.'s Ex. 9
    - ECF No. 141-9 – Def.'s Ex. 17
    - ECF No. 141-10 – Def.'s Ex. 18
    - ECF No. 141-11 – Def.'s Ex. 19
    - ECF No. 141-12 – Def.'s Ex. 20
    - ECF No. 141-13 – Def.'s Ex. 21
    - ECF No. 141-14 – Def.'s Ex. 24
    - ECF No. 141-15 – Def.'s Ex. 27
    - ECF No. 143-3 – Def.'s Ex. 38
    - ECF No. 143-5 – Def.'s Ex. 41

---

[5] References are to PDF page numbers.

LATHAM&WATKINS LLP

- Plaintiffs' Exhibits:

    o ECF No. 120 – Declaration of J. Michael Dennis
    o ECF No. 158 – Reply Declaration of Michael Dennis
    o ECF Nos. 126-1; 130-1 – Pls.' Ex. 1
    o ECF Nos. 126-3; 130-3 – Pls.' Ex. 3
    o ECF Nos. 126-6; 130-7 – Pls.' Ex. 6
    o ECF Nos. 126-9; 130-10 – Pls.' Ex. 9
    o ECF Nos. 126-10; 130-11 – Pls.' Ex. 10
    o ECF Nos. 126-11; 130-12 – Pls.' Ex. 11
    o ECF Nos. 126-12 ; 130-13 – Pls.' Ex. 12
    o ECF Nos. 126-19; 130-20 – Pls.' Ex. 19
    o ECF Nos. 126-20; 130-21 – Pls.' Ex. 20
    o ECF Nos. 126-21; 130-22 – Pls.' Ex. 21
    o ECF Nos. 126-22; 130-23 – Pls.' Ex. 22
    o ECF Nos. 126-24; 130-25 – Pls.' Ex. 24
    o ECF Nos. 126-31; 130-32 – Pls.' Ex. 31
    o ECF Nos. 126-32; 130-33 – Pls.' Ex. 32
    o ECF Nos. 126-33; 130-34 – Pls.' Ex. 33
    o ECF Nos. 126-34; 130-35 – Pls.' Ex. 34
    o ECF Nos. 126-36; 130-37 – Pls.' Ex. 36
    o ECF Nos. 126-37; 130-38 – Pls.' Ex. 37
    o ECF No. 153-4 – Pls.' Ex. 4,
    o ECF No. 153-5 – Pls.' Ex. 5
    o ECF No. 153-7 – Pls.' Ex. 8,
    o ECF No. 153-8 – Pls.' Ex. 11
    o ECF No. 153-9 – Pls.' Ex. 12
    o ECF No. 153-10 – Pls.' Ex. 13
    o ECF No. 153-11 – Pls.' Ex. 14
    o ECF No. 153-12 – Pls.' Ex. 15
    o ECF No. 153-13 – Pls.' Ex. 18
    o ECF No. 153-14 – Pls.' Ex. 19
    o ECF No. 157-1 – Pls.' Ex. 1
    o ECF No. 157-2 – Pls.' Ex. 2
    o ECF No. 157-5 – Pls.' Ex. 5

LATHAM&WATKINS LLP

          Respectfully submitted,

          */s/ Steven N. Feldman*
          Steven N. Feldman
          of Latham & Watkins LLP
          *Attorneys for Peloton Interactive, Inc.*

          */s/ Adam J. Levitt*
          Adam J. Levitt
          DiCello Levitt Gutzler LLC

          Aaron M. Zigler
          Zigler Law Group, LLC

          Benjamin J. Whiting
          Keller Lenkner LLC

          *Attorneys for Plaintiffs and*
          *the Proposed Class*

cc:    All Counsel of Record (via ECF)