```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ERIC FISHON, et al.,                                             :
                                                                 :
                         Plaintiffs,                             :
                                                                 :      19-cv-11711 (LJL)
             -v-                                                 :
                                                                 :      MEMORANDUM &
PELOTON INTERACTIVE, INC.,                                       :         ORDER
                                                                 :
                         Defendant.                              :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/12/2022

LEWIS J. LIMAN, United States District Judge:

On September 23, 2022, Plaintiffs moved for a protective order limiting the inquiry of Defendant Peloton Interactive, Inc. ("Peloton") into any crimes committed by Plaintiff Ishmael Alvarado for which more than ten years have passed since his conviction or release from confinement and Mr. Alvarado's financial history unbounded by time ("Plaintiffs' First Motion").  Dkt. No. 216.  Concluding that a "Defendant is entitled to test whether Mr. Alvarado is an adequate class representative and whether any of his prior convictions would be disabling," the Court, as relevant here, ordered Mr. Alvarado to answer the document requests directed to his criminal history, but required Defendant to file any such documents subject to a protective order.  Dkt. No. 220 at 3.[1]  The Court also invited Plaintiffs to make an application to place under seal documents previously filed by Defendants.  *Id.* at 3 n.2.

Plaintiffs have accepted the Court's invitation and move (1) to redact references to Mr. Alvarado's criminal history, convictions, and criminal proceedings on pages 1-3 of Peloton's Letter Response to Plaintiffs' First Motion, *see* Dkt. No. 218; (2) to place Exhibit 3 and Exhibit 4 to Peloton's Letter Response under seal, *see* Dkt. Nos. 218, Ex. 3 and 218, Ex. 4; and (3) to enter a protective order designating documents related to Mr. Alvarado's criminal history and proceedings "confidential."  Dkt. No. 221 at 2-3.  Defendant neither supports nor opposes this motion.  *Id.* at 1.  The motion is granted in part and denied in part.

There is a presumption of immediate public access to judicial documents under both the common law and the First Amendment.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).  To determine whether a document should be permitted to be filed under seal, the court engages in a three part test: (1) it determines whether the filing should be "classified as a 'judicial document,' "; (2) if the record at issue is a judicial document, the court "must next determine the particular weight of th[e] presumption of access for the record at issue"; and (3) "once the weight of the presumption has been assessed, the court is required to

---

[1] The Court granted the motion for a protective order to the extent that it sought to limit the questioning of Mr. Alvarado on his criminal history at deposition.  *Id.*

1

'balance competing considerations against it.' " *Olson v. Major League Baseball*, 29 F.4th 59, 87–88 (2d Cir. 2022) (citations omitted) (first quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"); and then quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*")).

In order to be designated a "judicial record," the document must be "relevant to the performance of the judicial function and useful in the judicial process." *Amodeo I*, 44 F.3d at 145. The test of relevance is whether a document "would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). There can be little doubt that Peloton's Letter Response to Plaintiffs' First Motion, including its exhibits, which was submitted in response to Plaintiffs' motion for a protective order, is a judicial document. *See id.* at 50 ("a court's authority to oversee discovery . . . surely constitutes an exercise of judicial power"). The presumption of immediate public access thus attaches to Peloton's Letter Response to Plaintiff's First Motion.

This presumption, however, does not attach equally to all judicial documents. *See Amodeo II*, 71 F.3d at 1049 ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."). "[W]hile evidence introduced at trial or in connection with summary judgment enjoys a strong presumption of public access, documents that 'play only a negligible role in the performance of Article III duties' are accorded only a low presumption that 'amounts to little more than a prediction of public access absent a countervailing reason.' " *Brown*, 929 F.3d at 49–50 (quoting *Amodeo II*, 71 F.3d at 1050). Discovery disputes fall on the lower end of this range. *See id.* at 50 ("[A] court's authority to oversee discovery . . . is ancillary to the court's core role in adjudicating a case. Accordingly, the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment.").

The task of the Court is then to balance the "countervailing factors," including "the privacy interest of those resisting disclosure," against the relatively lower "value of public disclosure." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016) (quoting *Amodeo II*, 71 F.3d at 1050) (internal quotation mark omitted). Here, Plaintiffs claim that Mr. Alvarado has a privacy interest in (1) information related to Mr. Alvarado's criminal history included in the body of Peloton's Letter Response to Plaintiffs' First Motion; (2) an affirmation submitted by a New York Assistant District Attorney that references Mr. Alvarado's criminal history (Exhibit 3); and (3) a risk assessment prepared at the request of Mr. Alvarado's counsel in another case (Exhibit 4). However, Plaintiffs acknowledge that this information is already "publicly available." Dkt. No. 221 at 1. In particular, Plaintiffs' legal adversary has uncovered the information from the public records and has placed it on the public docket. The information was not uncovered in discovery. The Court could not prohibit defense counsel from otherwise making the information publicly known—e.g., in response to questions from putative class members. To the degree Mr. Alvarado has a privacy interest in this public

information, it is a limited one. *See U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 764 n.15 (1989) ("The common law recognized that one did not necessarily forfeit a privacy interest in matters made part of the public record, albeit the privacy interest was diminished and another who obtained the facts from the public record might be privileged to publish it."); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 494–95 (1975) ("[T]he interests in privacy fade when the information involved already appears on the public record."). Thus, the Court finds that Peloton's Letter Response to Plaintiffs' First Motion should remain unredacted and Exhibits 3 and 4 to Peloton's Letter Response should remain unsealed.

Plaintiffs point to *Mirlis v. Greer* to support their contention that the public availability of this information weighs in favor of redaction. Dkt. No. 221 at 2; *see* 952 F.3d 51 (2d Cir. 2020). *Mirlis*, however, is distinguishable. First, *Mirlis* involved a video deposition of a non-party fact witness, *Mirlis*, 952 F.3d at 57, and "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation," *Amodeo II*, 71 F.3d at 1050 (internal quotation marks and citations omitted). In contrast, Mr. Alvarado is a plaintiff in this case who seeks to act as a fiduciary representing the absent class members.

Second, although the *Mirlis* Court correctly noted that the "primary public interest" is the "general availability of the relevant information," 952 F.3d at 65, the importance of the public interest cannot be separated from the common law rationale connected to this public interest. The common law right of public access to judicial documents stems from "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch*, 435 F.3d at 119 (quoting *Amodeo II*, 71 F.3d at 1048) (internal quotation marks omitted). In *Mirlis*, the district court docket contained both an unedited version of the transcript of the video deposition and an edited version of the transcript reflecting the portions of the video deposition shown to the jury. 952 F.3d at 55 n.2. The public could thus readily access the deposition transcript, together with the other materials necessary for Article III accountability. Here, if Mr. Alvarado's criminal records were redacted from the docket, the public would have to scour public databases to hold the Court to account.

Finally, and perhaps most relevant, the *Mirlis* court's analysis was rooted in the differences between the publicly available deposition transcript and the unavailable video deposition. *See id.* at 65 ("The availability of a transcript of the deposition does not in our view necessarily eliminate or even diminish a party's privacy interest in the publication or copying of a video of those proceedings. To the contrary: That the substance of the desired content is publicly available in some format (i.e., a transcript) tends in the circumstances presented here to cut against the public interest in the release of the content *in a different form*.") (emphasis added). Plaintiffs here cannot claim that Mr. Alvarado has a privacy interest in the materials in Peloton's Letter Response to Plaintiffs' First Motion because they are in a different form than the materials that are publicly available. *See* Dkt. 221 at 2.

Accordingly, Plaintiffs' motion to redact references to Mr. Alvarado's criminal history, convictions, and criminal proceedings on pages 1–3 of Peloton's Letter Response to Plaintiffs' First Motion and to place Exhibit 3 and Exhibit 4 to Peloton's Letter Response under seal is denied.

4

      The Court's September 29, 2022 Memorandum & Order only required that Plaintiffs disclose the relevant information subject to a protective order. Dkt. No. 220 at 3. Plaintiffs move to enter the proposed supplemental protective order. *See* Dkt. No. 221 at 3, Ex. A. Plaintiffs' motion is granted, and the Court will enter the supplemental protective order.

      The Clerk of Court is respectfully directed to close Dkt. No. 221.

      SO ORDERED.

Dated: October 12, 2022
      New York, New York

                                           LEWIS J. LIMAN
                                          United States District Judge