**William O. Reckler**
Dierct Dial: 212-906-1803
william.reckler@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

**LATHAM & WATKINS LLP**

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

October 25, 2022

VIA ECF

Hon. Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 15C
New York, NY 10007-1312

Re:   *Passman, et al. v. Peloton Interactive, Inc.*, Case No. 1:19-cv-11711-LJL (S.D.N.Y.)
      Joint Letter re: Discovery Issues

Dear Judge Liman:

In accordance with the Court's October 20, 2022 Order (Dkt. 235), the parties have met and conferred regarding remaining discovery issues that they have been unable to resolve. Their respective positions on the open issues are set forth below.

### I. Timing of Mr. Alvarado's Updated Responses To Interrogatories And Requests For Admission

Peloton's Position:
    At approximately 5:30 pm on the night before this joint submission, Mr. Alvarado served updated responses and objections to Peloton's interrogatories and requests for admission. It appears that he has made at least some attempt to comply with the Court's September 29 (Dkt. 220) and Oct. 20 (Dkt. 235) Orders; however, Peloton is in the process of assessing those responses for completeness and will not be able to fully do so until after Mr. Alvarado completes his production of documents.

Plaintiffs' Position:
    Based on the Court's guidance in its October 20, 2022 Order, Mr. Alvarado provided what Plaintiffs believe are complete responses to Interrogatories and Requests for Admission on October 24, 2022.

**LATHAM&WATKINS**LLP

## II. Timing of Mr. Alvarado's Document Production

Peloton's Position:

Plaintiffs have failed to complete their production of documents related to Mr. Alvarado's criminal/civil litigation histories (including failing to produce documents obtained from his criminal counsel, documents obtained through Plaintiffs' own searches that they represented began well before Mr. Alvarado's Sept. 29 deposition, and hard copy documents in Mr. Alvarado's possession) or complete their production of documents related to Peloton and its products. None of Plaintiffs' litany of excuses are compelling given that their deadline to complete production was October 3 (Dkt. 212) and that the Court rejected Plaintiffs' motion for a protective order with respect to Alvarado's criminal history on Sept. 29 (Dkt. 220).

Plaintiffs' Position:

Mr. Alvarado's document production is substantially complete, with two remaining document categories to produce: (1) Mr. Alvarado is producing some additional Facebook posts shortly, and will be producing any responsive social media pictures or videos as soon as possible (as those formats require manual review); and (2) Mr. Alvarado has requested his legal file from his prior criminal legal counsel, and will produce responsive and non-privileged documents, if any, when that counsel provides them to us.

## III. Timing of Mr. Passman's Document Production

Peloton's Position:

Mr. Passman has not produced any documents even though Peloton agreed to extend his deadline to do so until October 7 (Dkt. 217-1). The fact that Peloton also agreed to extend the deadline for Mr. Passman's deposition until November 30 is of no moment, as those documents are relevant to more than just Mr. Passman's adequacy as a class representative (which will be the focus of his deposition) and therefore needed for Peloton's opposition to Plaintiffs' motion for class certification, due on November 14.

Plaintiffs' Position:

Due to his recent medical event, Mr. Passman remains away from his home. Various logistical challenges have prevented Mr. Passman from producing documents at this time, though his counsel are in touch with his family and are working to find ways to make the production as soon as possible.

## IV. Timing of Mr. Passman's Updated Responses To Interrogatories And Requests For Admission

Peloton's Position:

Mr. Passman served responses and objections to Peloton's interrogatories, requests for production, and requests for admission on October 14 (after the extended and agreed upon October 7 deadline (Dkt. 217-1)), but he limited his responses regarding his criminal history and civil/bankruptcy litigation to the past ten years despite the Court's previous order requiring Mr. Alvarado to include such information without any date limitation (Dkt. 220). Plaintiffs have now

LATHAM&WATKINS LLP

said that they are "still investigating" whether Mr. Passman needs to update those responses and have provided no indication when their investigation will conclude.

Plaintiffs' Position:

As Mr. Passman testified in his prior deposition, Mr. Passman has no recollection of ever being involved in a civil lawsuit, and has no recollection of any criminal or bankruptcy history. There is a civil lawsuit from the early 1990s that involved an Eric Passman and we are confirming that the lawsuit is not responsive to Peloton's discovery requests.

### V. Production of Plaintiffs' Privilege Logs

Peloton's Position:

Plaintiffs admit that they have withheld documents on the basis of privilege but have not yet provided any privilege logs, now offering do to so by October 26 after previously claiming without explanation that they did not think Peloton's requests for production required them to do so. Assuming they do so, this issue will be moot; however, Peloton respectfully requests that the Court enter an order memorializing that deadline.

Plaintiffs' Position:

Plaintiffs have agreed to produce by October 26, 2022, for Mr. Alvarado's production, a privilege log for the few privileged documents that Peloton contends are responsive. Plaintiffs will also produce a privilege log for Mr. Passman's production, should any privileged documents exist.

Respectfully submitted,

/s/ Benjamin J. Whiting
Benjamin J. Whiting (*pro hac vice*)[*]
Keller Postman LLC

/s/ William O. Reckler
William O. Reckler
Latham & Watkins LLP

*Attorneys for Plaintiffs and
the Proposed Class*

*Attorneys for Defendant*

cc:   All counsel of record (via ECF)

---

[*] The parties use electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.