

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
OFFICE OF THE CLERK
500 PEARL STREET
NEW YORK, NEW YORK 10007

DANIEL ORTIZ
ACTING CLERK OF COURT

July 30, 2024

**BY ECF AND OVERNIGHT MAIL**
Greg G. Gutzler
DiCello Levitt LLC
485 Lexington Ave.
Suite 1001
New York, NY 10017

Andrew Soukup
Covington & Burling, LLP (DC)
850 10th Street NW
Washington, DC 20001

                Re: <u>Fishon et. al v. Peloton Interactive, Inc.</u>, 1:19-cv-11711-LJL
                    Notice Concerning Waiver of Judicial Disqualification

Greetings.

     I have been contacted by Judge Lewis J. Liman, U.S.D.J., who has presided over the above-named case since it was re-assigned to him on February 4, 2020.

     As the parties are aware, on October 15, 2020, Judge Liman informed the litigants that it had come to his attention that his wife held shares in Peloton Interactive, Inc. Dkt. No. 63. At that time, Judge Liman explained that under Canon 3C(4) of the Code of Conduct for United States Judges, recusal was not required in that situation if divestment was made and it would not be in the public interest for him to recuse himself. *Id*. Judge Liman informed the parties that the divestment had been completed on November 2, 2020. Dkt. No. 64. The notice was provided and, as the parties were informed, the shares were divested, while a motion to dismiss was pending before the Court but before it was decided. *See* Dkt. Nos. 63–64. Since that time, no parties have suggested that Judge Liman's impartiality might be questioned, nor has anyone objected to Judge Liman's continuing to preside over this case or suggested that he should disqualify himself.[1] Judge

---

[1] On August 25, 2021, the Court provided notice that earlier that month, he had become aware that an investment advisor purchased a total of 550 shares of the stock of Peloton Interactive,

July 30, 2024
Page 2

Liman has since devoted substantial judicial resources to this case, in which a motion for summary judgment is currently pending.

Judge Liman is bound by the Code of Conduct to perform the duties of his office fairly and impartially. When he issued his October 15, 2020 Order, Judge Liman did not believe that his wife's former stock ownership had affected or impacted his decisions in the case up to that point nor that it would do so in the future. Judge Liman continues to believe that the former share ownership has not affected or impacted his decisions in this case and that it will not do so in the future. As described in the October 15, 2020 Order, under Canon 3C(4) of the Code of Conduct, a judge need not disqualify himself if he divests from an interest that provides the grounds for disqualification, which has been done in this case.

Nevertheless, judges must still disqualify themselves if their impartiality might reasonably be questioned. Under Canon 3D of the Code of Conduct, in cases where a "judge's impartiality might reasonably be questioned," the judge may participate in the proceeding only if all the parties and lawyers, after notice of the basis for the disqualification, have an opportunity to confer outside of the presence of the judge and all agree in writing or on the record to waive the disqualification under a procedure independent of the judge's participation. Although Judge Liman informed the parties of the share ownership and of his divestment of those shares, the parties were not asked at the time whether they would waive any claim that the share ownership would have required his disqualification.

Given the substantial time that has passed since Judge Liman's disclosures and the lack of objection or request for recusal from any party, the parties may have impliedly waived any argument that Judge Liman should recuse himself from the case.

Nonetheless, Judge Liman has directed that I provide the parties an opportunity to execute, or decline to execute, a formal waiver.

If you and your client(s) wish to waive the judge's disqualification, a letter to that effect from you and from your client(s) must be sent to Daniel Ortiz, Acting Clerk of Court, within twenty (20) days of the date of this Notice. A sample letter is enclosed. The letter should be signed and submitted by the attorney of record only after consultation with all of his or her clients in the above-styled and numbered cause.

---

Inc., split between an account for his wife and a joint account, that he was not aware of the purchases at the time they were made, that he did not make any decisions or issue any orders in the case at the time he was aware of the share ownership, and that he and his wife were in the process of divesting themselves of the position. Dkt. No. 110. No party asked Judge Liman to recuse himself or suggested that the ownership presented a conflict of interest requiring recusal.

July 30, 2024
Page 3

**THE LETTERS SHOULD NOT BE SENT TO THE JUDGE AND COPIES SHOULD NOT BE SENT TO OTHER COUNSEL.  DO NOT E-FILE YOUR LETTER(S). SUBMIT LETTERS DIRECTLY TO THE CLERK OF COURT**.

If all parties submit such letters, all responses will be made part of the record, as required by Canon 3D, and the judge will continue participation in the proceeding.

If a waiver is not received on behalf of all parties and their respective counsel, any responses to this Notice will be kept under seal by the clerk and not shown to the judge, nor will the judge be informed of the identity of any party or lawyer who declined to waive the potential disqualification.  If a waiver is not received on behalf of all parties, Judge Liman may recuse himself from this matter and request that the matter be assigned to another judge.

Signed,

_____
Daniel Ortiz
Acting Clerk of Court

cc: Hon. Lewis J. Liman, U.S.D.J.

*SAMPLE* Waiver of Disqualification Letter

NOTICE TO PARTIES: DO NOT E-FILE THIS FORM
SUBMIT DIRECTLY TO THE CLERK OF COURT

From: [*Insert Name and Address of Attorney or pro se party*]

To:    Daniel Ortiz
       Acting Clerk of Court
       United States District Court
       Southern District of New York
       Daniel Patrick Moynihan Courthouse
       500 Pearl Street
       New York, NY 10007

Date:  [*Insert date*]

Re: <u>Fishon et. al v. Peloton Interactive, Inc.</u>, 1:19-cv-11711-LJL

Dear Mr. Ortiz:

I have consulted with my client(s), [*Insert client name(s)*] which are all of the clients that I represent in the above-styled and numbered cause, concerning the Clerk's Notice that Judge Liman may disqualify himself from this case because his impartiality might reasonably be questioned.

My client(s) and I hereby waive any potential disqualification. We are willing to proceed forward with Judge Liman presiding.

Pursuant to Canon 3D of the Code of Conduct, I am submitting this letter to the Clerk of Court, but I am not copying Judge Liman, nor am I copying the other counsel of record or the other parties.

Yours truly,

_____
Signature
[*Insert attorney's name*]
Attorney of Record, on behalf of
[*Insert client name(s)*]