**COVINGTON**

BEIJING   BOSTON   BRUSSELS   DUBAI   FRANKFURT
JOHANNESBURG   LONDON   LOS ANGELES   NEW YORK
PALO ALTO   SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

**Via Electronic Mail**                                                        January 17, 2025

The Honorable Lorna G. Schofield
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007-1312

> Re: *Passman et al. v. Peloton Interactive, Inc.*, Case No. 1:19-cv-1171 (LGS) – Notice of Supplemental Authority in Support of Peloton's Brief in Opposition to Plaintiffs' Motion to Vacate and Retain Jurisdiction (Dkt. 340)

Dear Judge Schofield:

Defendant Peloton Interactive, Inc. ("Peloton") respectfully submits the recent decision of the United States Supreme Court in *Royal Canin U.S.A., Inc. v. Wullschleger*, No. 23-677 (U.S. Jan. 15, 2025) (**Exhibit A**) as supplemental authority in support of its Brief in Opposition to Plaintiffs' Motion to Vacate and Retain Jurisdiction (Dkt. 340).

In *Royal Canin*, the Supreme Court held that federal courts may not exercise supplemental jurisdiction over a case when a class-action plaintiff amends her complaint to "eliminate[] the basis for federal jurisdiction." Ex. A at 8–9. The Supreme Court explained that whether originally filed in federal court or removed there from state court, when plaintiffs amend their complaint, "[t]he amended complaint becomes the operative one," and that amendment "can either create or destroy jurisdiction" depending on "the claims and parties that the plaintiff includes in a complaint." *Id.* at 14, 15 n.5.

*Royal Canin* provides further support to dismiss this case for lack of subject matter jurisdiction. As Peloton has explained, Plaintiffs divested this Court of jurisdiction when they filed their Third Amended Complaint seeking certification of a New York class, under New York law, by New York plaintiffs, against a New York defendant. Peloton's Brief in Opposition (Dkt. 340), 2, 8–11. As *Royal Canin* holds, "Section 1367 contemplates that when an amended complaint is filed, the jurisdictional basis for the suit is reviewed anew." Ex. A at 13. Having withdrawn the claims asserted on behalf of non-New York class members, Plaintiffs here ensured that "nothing in the amended complaint now falls 'within [the federal court's] original jurisdiction, [so] neither does anything fall within the court's 'supplemental jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1367(a)) (first alteration in original).

**COVINGTON**

The Honorable Lorna G. Schofield
January 17, 2025
Page 2

Sincerely,

Mark Mosier

*Counsel for Defendant
Peloton Interactive, Inc.*