May 16, 2025

**VIA EMAIL**

The Honorable Lorna G. Schofield
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., New York, New York 10007

>  Re:  *Eric Fishon, et al. v. Peloton Interactive, Inc.*, Case No. 19-cv-11711: **May 16, 2025, Joint Letter**

Dear Judge Schofield,

The Parties respectfully submit this joint letter in compliance with the Court's May 2, 2025, Order. Prior to filing, the Parties met and conferred on May 12, 2025, and were unable to reach a consensus on how best to proceed.

**Plaintiffs' Position**

Plaintiffs understand the Court's May 2 Order to bring the litigation, procedurally, to "square one." As the Court knows, since the original complaint was filed in 2019, as a result of prior rulings (that have since been vacated), some named plaintiffs have entered the case and others have left the case, and some of the allegations have been refined over the course of the multiple (albeit now mooted) complaints. The most reasonable course of action would be an amended complaint, in which Plaintiffs will identify the operative named plaintiffs going forward and lay out the claims before the Court, including the proposed class or subclasses. Peloton has indicated that it would likely not oppose Plaintiffs' request for leave to file their proposed amended complaint. Plaintiffs would file that amended nationwide class complaint no later than July 1, 2025.

Plaintiffs will not seek duplicative discovery, but, as a result of some of the prior Court's rulings, some critical fact and expert discovery remains. For example, there were previous orders from the former judge that prevented some discovery from being conducted for various reasons. Expert reports were then compiled based both on the discovery that came in and the prior (now vacated) rulings from the prior judge. The Plaintiffs will need to finish the discovery process; if Peloton has objections to discovery as duplicative or burdensome, they are of course welcome to file a motion to quash or for a protective order. When the discovery is completed in the near term, Plaintiffs intend to move for class certification.

This litigation is in its sixth year, and is procedurally restarting, by no fault of either party. Plaintiffs are eager to pursue the rights of the class members, and commend Peloton for also seeking to push this case forward expeditiously. As a starting point, Plaintiffs believe that an amended complaint is the best first step.

**Defendant's Position**

Contrary to Plaintiffs' counsel's position, this case has not been reset to the beginning. Extensive discovery has occurred to date, including extensive document productions, fact depositions, and expert reports and depositions. Even when Peloton filed a motion for summary judgment, Plaintiffs' counsel did not contend they needed any additional discovery to respond to that motion or for any other purpose in this case. So, although Plaintiffs' counsel claim "some" non-duplicative discovery "remains," it is unclear what discovery Plaintiffs' counsel could seek to conduct at this stage that would be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Peloton generally agrees with Plaintiffs' counsel that they will need to file an amended complaint that identifies the plaintiffs and the claims they seek to pursue, but counsel has not provided any details on what that complaint might contain. The Plaintiffs originally identified in the initial complaint in this case—Fishon, Pearlman, and Yang—have long since been dismissed. As a result, it is unclear whether there are any plaintiffs who can assert individual claims against Peloton, much less purport to represent a class. When the parties met-and-conferred, Plaintiffs' counsel were unable to identify the plaintiffs who would appear in their amended complaint or the nature of the claims they intend to assert.

This Court should therefore order an amended complaint to be filed by May 27, and it should further make clear that no further amendments will be permitted. Plaintiffs' counsel has litigated this case for nearly six years and have auditioned five individuals for the role of class representatives. Further delays in filing an amended complaint would cause further prejudice to Peloton, and the parties and this Court will be unable to determine the most efficient path for this case to proceed.

How this litigation should proceed beyond the amended complaint depends on the who and what of that complaint. If, for example, the amended complaint contains claims asserted only by the most recent plaintiffs—Alvarado and Passman, who only appeared in the Third Amended Complaint in this case—it may be appropriate for Peloton to re-file a version of its summary judgment motion that complies with this Court's standing order (Peloton's previous summary judgment motion complied with the standing order of the judge then assigned to this case). But the new complaint may raise jurisdictional or other issues that should be the subject of a motion to dismiss. And because Peloton retains the right to pursue an appeal of this Court's May 2, 2025 order, how Plaintiffs intend to proceed may influence whether Peloton pursues an appeal of that order and whether a stay of further proceedings is appropriate pending the outcome of any appeal that Peloton may file. Peloton therefore proposes that this Court set a status conference for June 10, with the parties ordered to meet-and-confer and to submit a joint letter setting forth their proposals on how the case should proceed by June 6.

Although Peloton appreciates Plaintiffs' counsel's commitment that they will not seek duplicative discovery, it appears that counsel intends to seek to re-litigate issues they previously lost before the judge previously assigned to this case. If that occurs, Peloton reserves the right to seek attorney's fees under all applicable law, including 28 U.S.C. § 1927.

The Parties thank Your Honor for considering their positions and look forward to discussing them with the Court at the May 20 status conference.

Respectfully submitted,

Benjamin J. Whiting
ben.whiting@kellerpostman.com
Alex J. Dravillas (*pro hac vice*)
ajd@kellerpostman.com
KELLER POSTMAN LLC
150 North Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Telephone: (312) 741-5222

Adam J. Levitt
alevitt@dicellolevitt.com
Adam Prom (*pro hac vice*)
aprom@dicellolevitt.com
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900

Chuck Dender
cdender@dicellolevitt.com
DICELLO LEVITT LLP
485 Lexington Avenue, Suite 1001
New York, New York 10017
Telephone: (646) 933-1000

Aaron M. Zigler
aaron@ziglerlawgroup.com
ZIGLER LAW GROUP, LLC
308 South Jefferson Street, Suite 333
Chicago, Illinois 60661

Telephone: (312) 673-8427

*Attorneys for Plaintiffs*

Andrew Soukup, pro hac vice
Mark W. Mosier, pro hac vice
Phyllis A. Jones, pro hac vice
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
asoukup@cov.com
mmosier@cov.com
pajones@cov.com

*Counsel for Defendant Peloton Interactive, Inc.*