COVINGTON

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

**Andrew Soukup**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5066
asoukup@cov.com

**By CM/ECF**

January 29, 2026

The Honorable Lorna G. Schofield
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**Re:** ***Passman v. Peloton Interactive, Inc.*, No. 19-cv-11711 (S.D.N.Y.)**
**Peloton's Pre-Motion Letter Regarding Motion to Dismiss**

Dear Judge Schofield:

Pursuant to the Court's January 22, 2026 order, Defendant Peloton Interactive, Inc. ("Peloton") submits this pre-motion letter in support of its anticipated motion to dismiss all claims asserted by Plaintiffs Eric Passman, Ishmael Alvarado, Jill Schneider, and Alicia Pearlman in the operative complaint.[1] ECF No. 355.

Peloton respectfully requests that the Court enter the following briefing schedule, but it is prepared to brief this motion on any schedule entered by the Court: (1) motion due by March 19, 2026; (2) response due by April 20, 2026; and (3) reply due by May 5, 2026.

## I. Plaintiffs Fail to State a GBL Claim.

Every Plaintiff fails to state a claim under New York's General Business Law ("GBL") §§ 349 and 350 for two reasons. First, none alleges that they actually *saw* any of the challenged statements, a threshold requirement under the GBL. *See, e.g.*, *Chimienti v. Wendy's Int'l, LLC*, 698 F. Supp. 3d 549, 557 & n.2 (E.D.N.Y. 2023) ("Courts within the Second Circuit . . . regularly dismiss GBL claims brought by plaintiffs who did not allege that they ever saw the advertisements that they claimed were misleading before purchasing the advertised products from defendants."). Instead, Plaintiffs offer the single conclusory assertion that they "rel[ied] on Peloton's uniform

---

[1] As Peloton previously stated, it intends to move to dismiss the claims of Plaintiffs Passman, Alvarado, and Schneider to the extent the Court does not order summary judgment briefing on their claims at this stage. *See* ECF 359 at 4 n.2. Under § III.C.2 of this Court's Individual Rules and Procedures for Civil Cases, filing this letter stays Peloton's February 12 deadline to answer the claims of these Plaintiffs.

representations about its 'ever-growing' on-demand library of fitness classes," *see* ECF No. 351 ("FAC") ¶¶ 39, 41, 43, 45, which is not enough.

Second, Plaintiffs fail to plead causation or injury based on an alleged "price premium" they paid because they do not—and cannot—allege that the price of Peloton's products or services changed before, during, or after Peloton made the challenged statements. The "price premium" theory is based on the notion that, in an efficient market, certain marketing statements may allow a manufacturer to charge a higher market price for their products or services than they otherwise would without the statements. Consequently, if a product's price remains the same before, during, and after the challenged marketing statement is used, there is no plausible basis to conclude that the challenged statement had any impact on price. *See Colpitts v. Growers*, 2023 WL 2752161, at *4 (S.D.N.Y. Mar. 31, 2023) (no viable GBL claims where price of allegedly mislabeled product was sold at same price as other products not at issue). General, conclusory statements about a statement's impact on pricing are insufficient to state a claim. *See, e.g.*, *Gamma Traders-I LLC v. Merrill Lynch Commodities, Inc.*, 41 F.4th 71, 80 (2d Cir. 2022) (dismissing market manipulation claim where plaintiff made only conclusory allegations about "artificial" prices). Plaintiffs' conclusory allegation that they "overpaid" for Peloton's services therefore does not allow them to state a claim when they do not—and cannot—allege that Peloton's pricing changed.

## II. Pearlman Fails to Plead Statutory Standing for Her GBL Claims

Pearlman's GBL claims should be dismissed for the independent reason that, as a Michigan resident who bought the products at issue in Michigan, she may not assert a claim under the GBL. To establish statutory standing to bring a GBL claim, a plaintiff must plead facts showing that "the transaction in which the consumer" was allegedly deceived "occur[red] in New York." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 123 (2d Cir. 2013) (quoting *Goshen v. Mut. Life Ins. Co of N.Y.*, 98 N.Y.2d 314, 324 (2002)). The test does not turn "on the residency of the parties." *Id.* at 122. Nor is it sufficient that the plaintiff "received advertisements from a seller in New York" or that the defendant "processed [the] transaction in New York." *Wright v. Publishers Clearing House, Inc.*, 439 F. Supp. 3d 102, 111 (E.D.N.Y. 2020).

Despite having three chances to replead and having pursued discovery on this issue in this case, Pearlman still fails to plausibly allege that the relevant transaction occurred in New York. At most, Pearlman alleges that (i) Peloton resides in New York, (ii) Peloton uses a New York choice of law clause in its contracts, (iii) the conduct purportedly rendering Peloton's challenged statements false occurred in New York, and (iv) Peloton received payment electronically in New York. FAC ¶¶ 2, 7–9, 12–13, 26–27, 38. Courts frequently find near identical allegations—none of which speak to where *the specific transaction at issue* occurred—insufficient to state a claim. *See, e.g.*, *Wright*, 439 F. Supp. 3d at 110 (allegations that defendant "hatched the deceptive scheme in New York; sent the relevant advertising materials from New York; and received payment and processed orders in New York" not enough to establish statutory standing); *see also Greene v. Clean Rite Ctrs., LLC*, 714 F. Supp. 3d 134, 148–49 (E.D.N.Y. 2024) (similar). Pearlman's GBL claim thus should be dismissed.

**III. Pearlman Fails to State an MCPA Claim.**

Pearlman's claims under the Michigan Consumer Protection Act ("MCPA") should be dismissed because she does not meet Rule 9(b)'s heightened pleading requirement. *See In re Ford Fusion & C-Max Fuel Econ. Litig.*, 2015 WL 7018369, at *12 (S.D.N.Y. Nov. 12, 2015) (applying Rule 9(b) to MCPA claim). Judge Liman properly dismissed Pearlman's MCPA claims because she failed to plead "where and when" she saw the statements she claims to have relied on. *Fishon v. Peloton Interactive, Inc.*, 2022 WL 179771, at *7 (S.D.N.Y. Jan. 19, 2022). Pearlman still does not allege where or when she saw any of the challenged statements nor how she came to rely on them, and thus her claim should again be dismissed. *See, e.g.*, *Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 613 (E.D. Mich. 2015) (dismissing MCPA claim under Rule 9(b) because, "while Plaintiffs broadly allege that the Defendants made fraudulent statements . . . Plaintiffs have not identified the speaker of each statement or when and where the statements were made"); *In re Ford Fusion*, 2015 WL 7018369, at *20–21 (similar).

Moreover, two of the MCPA provisions that Pearlman relies on are facially inapplicable. Pearlman asserts a violation of MCPA § 445.903(1)(g), which prohibits advertising or representing goods or services with the intent not to dispose of those goods or services as advertised or represented. But Pearlman does not allege that, at the time of the marketing campaign at issue, Peloton intended not to provide the goods or services it advertised. Pearlman also asserts a violation of MCPA § 445.903(1)(z), which prohibits charging a price "grossly in excess" of the price at which similar property or services are sold. But Pearlman does not allege either the price she paid for her Peloton hardware or the relative price of any similar product or subscription, as the MCPA requires.

In conclusion, Plaintiffs' claims should be dismissed with prejudice, and Plaintiffs should not be given a further opportunity to amend. Peloton looks forward to discussing this further with the Court.

Respectfully Submitted,

*s/ Andrew Soukup*

Andrew Soukup
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000
Email: asoukup@cov.com

*Counsel for Defendant Peloton Interactive, Inc.*