DICELLO LEVITT

TEN NORTH DEARBORN STREET SIXTH FLOOR CHICAGO, ILLINOIS 60602

ADAM J. LEVITT
ALEVITT@DICELLOLEVITT.COM
312.214.7900

February 5, 2026

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: *Eric Fishon, et al. v. Peloton Interactive, Inc.*, Case No. 19-cv-11711: Plaintiffs' Response to Peloton's Pre-Motion to Dismiss Letter**

Dear Judge Schofield,

Plaintiffs agree to the following briefing scheduled proposed by Peloton for its anticipated motion to dismiss: (1) motion due by March 19, 2026; (2) response due by April 20, 2026; and (3) reply due by May 5, 2026.

**Plaintiffs Adequately Plead New York GBL Claims**

Peloton proffers two reasons for dismissal, both of which should be rejected. First, Peloton espouses an "exposure" argument that all Plaintiffs must have actually seen the deceptive representations at issue (*i.e.*, that Peloton's on-demand library of classes was "ever-growing" or "growing"). That is neither a requirement nor appropriate under New York's General Business Law ("GBL") §§ 349-50. *See Hasemann v. Gerber Prod. Co.*, 331 F.R.D. 239, 267 (E.D.N.Y. 2019) ("Requiring one hundred percent certainty that each and every customer has been exposed to the representations at issue would impermissibly depart from the objective standards of [] the GBL, and would impermissibly read a seeing and a reliance requirement into the statute."); *Sharpe v. A&W Concentrate Co.*, No. 19-CV-768 (BMC), 2021 WL 3721392, at *4 (E.D.N.Y. July 23, 2021) (requiring individual "exposure" for GBL claims "is another attempt to sneak in reliance"); *Eidelman v. Sun*

*Prods. Corp.*, No. 21-1046-CV, 2022 WL 1929250, at *1 (2d Cir. June 6, 2022) (reliance is not an element).[1]

Moreover, Peloton incorrectly contends that Plaintiffs offer a single conclusory allegation that they relied on Peloton's representations. Plaintiffs allege far more, including that the representations were on Peloton's website which was the primary source for marketing and purchases (viewed millions of times) and that this case also involves omissions regarding the failure to disclose Peloton's drastic class purge. *See, e.g.*, First Amended Complaint ("FAC") ¶¶ 1, 16, 18-19, 30, 32-38, 79-90, 130-35, 150-54; *see also Winans v. Ornua Foods N. Am. Inc.*, 731 F. Supp. 3d 422, 430 (E.D.N.Y. 2024) ("Omissions are actionable under the GBL where the business alone possesses material information that is relevant to the consumer and fails to provide this information.") (cleaned up).

Second, Peloton contends that Plaintiffs fail to plead causation or injury. Not so. Alleging that a plaintiff suffered a price premium injury is sufficient. *See, e.g.*, FAC ¶¶ 13-14, 28, 49-50, 79, 94, 108, 114, 137, 157, 179, 184; *see also Guariglia v. Procter & Gamble Co.*, 2018 WL 1335356, at *12 (E.D.N.Y. Mar. 14, 2018) (noting "that courts in this circuit 'have construed the payment of a premium price to be an injury in and of itself.' "); *Sharpe*, 2021 WL 3721392, at *2 (injury occurs when a company marketed a product as having a unique quality and charged a price premium but the product did not have that quality); *McNulty v. Polar Corp.*, 2020 WL 5658667, at *5 (S.D.N.Y. Sept. 23, 2020) ("Allegations that a product had significantly less value than it warranted constitute a classic price premium theory of injury...") (cleaned up).[2] As they did before, Plaintiffs anticipate presenting expert opinions regarding their price premium injury.

**<u>Plaintiff Pearlman Adequately Pleads Standing for Her New York GBL Claims</u>**

GBL claims protect against deceptive acts and transactions for which "some part" occurs in New York, which applies to Plaintiff Pearlman, a Michigan citizen. *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 122-24 (2d Cir. 2013) (this inquiry does not "bar . . . out-of-state plaintiffs' claims."). Plaintiffs detail the many New York-related parts of the transactions here, including: Peloton's New York headquarters, classes were filmed there, Peloton's deceptive marketing was made there, the decision to purge Peloton's class library was effectuated there, Peloton interacts with customers through its website there, Peloton had a New York choice of law clause with ***all*** consumers, Peloton's payment processes were devised there, and the revenues from Peloton's consumer transactions were routed to and recorded there. FAC ¶¶ 2, 7-13, 26-27, 46, 52, 55, 72, 101, 111-12.

[1] Peloton's cited case is inapposite. *Chimienti v. Wendy's Int'l, LLC*, 698 F. Supp. 3d 549, 557-58 (E.D.N.Y. 2023) (dismissing for multiple reasons, including failure to allege that defendants' use of menu pictures that look more appealing than the food served caused his alleged injury or that a reasonable consumer would be misled by the pictures).

[2] Peloton cites *Colpitts v. Growers*, 2023 WL 2752161, at *4 (S.D.N.Y. Mar. 31, 2023), but that decision addressed class certification and summary judgment, not the pleadings.

Courts evaluating much less New-York based facts than here still found that "some part" of the transaction occurred in New York to confer GBL standing. *See Cline v. TouchTunes Music Corp.*, 211 F. Supp. 3d 628, 633 (S.D.N.Y. 2016) (New York choice of law clause and out-of-state consumers who used an **electronic** form of payment had GBL claims because defendant processed and received the transactions in New York); *Ward v. TheLadders.com, Inc.*, 3 F.Supp.3d 151, 167-68 (S.D.N.Y. 2014) (defendant operated a website and maintained its bank account in New York); *Polk v. Del Gatto, Inc.*, No. 21 CIV. 129 (PAE), 2021 WL 3146291, at *10-11 (S.D.N.Y. July 23, 2021) (involving New York choice of law clause, defendant marketing and communication from New York, and payments from New York).[3]

**Plaintiff Pearlman Sufficiently Pleads a MCPA Claim**

Peloton curiously relies upon the prior judge's previous dismissal based on Rule 9(b), which was *vacated*. Regardless, Peloton wrongly asserts that Plaintiff Pearlman has not detailed which statement is at issue. FAC ¶¶ 45 (Pearlman relied upon Peloton's representation about its "ever-growing" on-demand library of classes). Moreover, Peloton *already deposed* her on this issue and should more appropriately raise the issue at summary judgment. She sufficiently pleads a MCPA claim. *See Date v. Sony Elecs., Inc.*, No. 07-CV-15474, 2010 WL 3702599, at *10, 13 (E.D. Mich. Sept. 16, 2010) (denying motion to dismiss MCPA claim, because plaintiffs pled that they relied on the 1080p representation for their purchase, which had specific meaning to them).

Peloton is also wrong that two out of the seven alleged unlawful practices are "facially inapplicable": § 445.903(1)(z), prohibiting charging a grossly excessive price; and § 445.903(1)(g), prohibiting advertising or representing goods or services with intent not to dispose of them as advertised or represented. Regarding (z), Plaintiff Pearlman need not allege pricing details of comparative products. *See Stalker v. MBS Direct, LLC*, No. 10-11355, 2011 WL 797981, at *6 (E.D. Mich. Mar. 1, 2011) (denying motion to dismiss a claim under (z)). Plus, Plaintiff Pearlman alleges overpaying for her purchases, given Peloton's misrepresentations and omissions. FAC ¶¶ 34, 49-50, 98, 100, 122, 178-79, 183.

Also, Plaintiff Pearlman's allegations fall squarely within subsection (g), because Peloton represented its on-demand class library as being "ever-growing" and "growing," despite simultaneously knowing that it would have to remove any classes using allegedly infringing music. *See id*. at ¶¶ 18-25, 31-34, 91-105, 171-180.

***

[3] Peloton's reliance on *Wright v. Publishers Clearing House, Inc.*, 439 F. Supp. 3d 102, 111 (E.D.N.Y. 2020) is misplaced, because that case relies on pre-*Cruz* and out-of-circuit opinions and construed the allegations as having no locus in New York beyond defendant's residency.

Plaintiffs respectfully submit that Peloton's anticipated motion to dismiss should be denied in full, and to the extent that the Court finds any deficiency, Plaintiffs request leave to amend.

Respectfully submitted,

*/s/ Adam J. Levitt*

Adam J. Levitt
Adam Prom (*pro hac vice*)
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
alevitt@dicellolevitt.com
aprom@dicellolevitt.com

Chuck Dender
cdender@dicellolevitt.com
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, New York 10017
Telephone: (646) 933-1000

Benjamin J. Whiting
Alex J. Dravillas (*pro hac vice*)
**KELLER POSTMAN LLC**
150 North Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Telephone: (312) 741-5222
ben.whiting@kellerpostman.com
ajd@kellerpostman.com

Aaron M. Zigler
**ZIGLER LAW GROUP, LLC**
308 South Jefferson Street, Suite 333
Chicago, Illinois 60661
Telephone: (312) 673-8427
aaron@ziglerlawgroup.com

***Counsel for Plaintiffs***
***and the Proposed Class***