COVINGTON

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

**Andrew Soukup**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5066
asoukup@cov.com

**By CM/ECF** February 10, 2026

The Honorable Lorna G. Schofield
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**Re: *Passman v. Peloton Interactive, Inc.*, No. 19-cv-11711 (S.D.N.Y.)**
**Joint Letter Regarding Proposed Case Management Orders**

Dear Judge Schofield:

Pursuant to the Court's January 22, 2026 order and Individual Rule III.D.2, Plaintiffs Eric Passman, Ishmael Alvarado, Jill Schneider, and Alicia Pearlman ("Plaintiffs") and Defendant Peloton Interactive, Inc. ("Peloton") (together with Plaintiffs, the "Parties") submit this joint letter to (1) briefly set forth their respective positions with respect to the case schedule and (2) attach the their competing proposed case management orders. Plaintiffs' proposed case management order is attached as Exhibit A to this letter, and Peloton's proposed case management order is attached as Exhibit B.

## I. Motion to Dismiss Schedule (Agreed)

Consistent with the Court's February 9, 2026 memorandum endorsement (ECF No. 363), the Parties will follow the below schedule for Peloton's forthcoming motion to dismiss Plaintiff Pearlman's claims:

- Peloton's motion to dismiss: March 19, 2026
- Plaintiffs' opposition: April 20, 2026
- Peloton's reply: May 5, 2026

## II. Peloton's Planned Motion to Dismiss Regarding Plaintiffs Passman, Alvarado, and Schneider (Disputed)

### A. <u>Peloton's Position</u>

In its January 29, 2026 letter, Peloton indicated that it intended to move to dismiss the claims of all four plaintiffs, including the three New York-based plaintiffs (Passman, Alvarado,

and Schneider). The Court's February 9 memorandum endorsement (ECF No. 363) did not set a schedule for Peloton's planned motion to dismiss those claims. As a result, it is unclear whether the Court intends to permit briefing on that planned motion.[1] To the extent the Court is not inclined to permit immediate summary judgment briefing on those claims, Peloton requests leave to file a motion to dismiss those claims on the same briefing schedule set forth above.[2] Because the Court's prior dismissals of the New York Plaintiffs' claims were vacated, *see* ECF No. 345, and because these Plaintiffs were given leave to file amended complaints, *see* ECF No. 347, Plaintiffs' First Amended Complaint (ECF No. 349) only just became the operative complaint. Peloton should therefore not be deprived of its right to move to dismiss this complaint in its entirety. *See ADYB Engineered for Life, Inc. v. Edan Admin. Servs., Ltd.*, 2022 WL 912127, at *8 (S.D.N.Y. Mar 28, 2022) (granting leave to move to dismiss claims only after those claims became operative).

B. <u>Plaintiffs' Position</u>

In its two recent memorandum endorsements (ECF Nos. 360 and 363), the Court specified that Peloton shall file a motion to dismiss Plaintiff Pearlman's claims, not a motion to dismiss all Plaintiffs' claims. *See also* ECF No. 360 (stating that Peloton shall file its answer as to Plaintiffs Passman, Alvarado, and Schneider by February 12, 2026). Plaintiffs assume that the Court meant what it said, namely, that Peloton's anticipated motion to dismiss should only pertain to Plaintiff Pearlman. And Plaintiffs assume that the Court has good reasons for specifying as much. Further, Plaintiffs have submitted good reasons why an attempt by Peloton to dismiss all Plaintiffs' claims should be rejected. *See* ECF No. 363 at 1-2 (discussing how all Plaintiffs adequately plead New York GBL claims and why Peloton's reasons for dismissal should be rejected).

Plaintiffs acknowledge that Peloton's January 16, 2026 and January 29, 2026 letters proposed filing either (1) a motion for summary judgment concurrently with a motion to dismiss Plaintiff Pearlman's claims and answer to Plaintiff Passman, Alvarado, and Schneider's claims; or (2) a motion to dismiss all Plaintiffs' claims. Plaintiffs strongly oppose Peloton's proposal to file a motion for summary judgment concurrently with an answer to Plaintiff Passman, Alvarado, and Schneider's claims. For the same reasons articulated in the January 16, 2026 letter to the Court (ECF No. 360), Peloton's proposal to file a motion for summary judgment is an attempt to defeat Plaintiffs' claims on the merits before Plaintiffs have a chance to complete any remaining discovery, which this Court has already allowed. *See* ECF No. 360 (the Court's memorandum

---

[1] Given this uncertainty, Peloton also understands the deadline to answer Plaintiffs' complaint to remain stayed, consistent with § III.C.2 of this Court's Individual Rules and Procedures for Civil Cases.

[2] In its January 16, 2026 proposal regarding next steps, Peloton stated that it was prepared to file a motion for summary judgment as to the New York-based Plaintiffs, but that if the Court was not inclined to grant that request, Peloton was prepared to file a motion to dismiss. *See* ECF No. 359 at 4 n.2.

endorsement "assum[es] some discovery will take place"). A motion for summary judgment also improperly skips the class certification stage, which runs afoul of Fed. R. Civ. P. 23(c)(1)(A) (the court must determine whether to certify a class "[a]t an early practicable time"). In sum, if the Court is inclined to change its two recent memorandum endorsements (ECF Nos. 360 and 363) and allow Peloton to challenge all Plaintiffs' claims, rather than only Plaintiff Pearlman, then Peloton should only be allowed to file a motion to dismiss by the March 19, 2026 deadline and not a motion for summary judgment.

**III. Whether Additional Discovery Should Occur While Peloton's Motion To Dismiss Is Pending (Disputed)**

A. Peloton's Position

The most efficient path forward is for this Court to rule on Peloton's forthcoming motion to dismiss before entering a further schedule, including a schedule that permits the parties to engage in any further discovery. Peloton recognizes that this Court only grants temporary stays in "extraordinary circumstances," but extraordinary circumstances exist here given the unusual posture of this case, which has been pending for more than six years and has already gone through full fact and expert discovery. Plaintiffs have already received extensive discovery from Peloton, including more than 33,000 documents, multiples sets of written interrogatory responses, and ten company fact depositions (including a Rule 30(b)(6) deposition). They relied on that discovery in advancing the allegations in the operative complaint. Proportionality is always an important consideration for discovery, but it looms especially large in this case given the voluminous discovery record that already exists and the uncertainty regarding which theories of liability and damages, if any, will survive Peloton's motion to dismiss.

To inform these scheduling negotiations, Peloton has repeatedly attempted to meet and confer with Plaintiffs regarding what specific discovery Plaintiffs believe they still need. Plaintiffs *still* have not provided any specifics, or explained why they did not pursue this unspecified discovery before. Instead, Plaintiffs have vaguely claimed that they "anticipate pursuing limited discovery through interrogatories and/or re-opening a Rule 30(b)(6) deposition," and "reserve the right to amend their previous expert disclosures and reports." Given Plaintiffs' inability to offer any specifics more than nine months after this Court vacated Judge Liman's prior rulings, Peloton anticipates there will be substantial differences of opinion regarding the appropriate scope of any future fact and expert discovery that will require the Court's attention. It would be inefficient for the Parties to raise abstract discovery disputes—most or all of which will turn on considerations of burden, proportionality, and timeliness in relation to prior discovery and the scope of remaining claims (if any)—before the Court has resolved Peloton's motion to dismiss. For these reasons, Peloton respectfully suggests that the Court should rule on Peloton's forthcoming motion to dismiss before entering a further case management order.

B. Plaintiffs' Position

This Court's Individual Rules and Procedures for Civil Cases clearly state: "Absent extraordinary circumstances, the Court does not stay discovery or any other case management deadlines during the pendency of a motion to dismiss." No extraordinary circumstances exist here to delay limited discovery. Peloton's description of the discovery completed to date is not a reason to stay discovery; rather, it is a reason to allow it to move forward. The substantial discovery already completed means that Plaintiffs will only be pursuing limited discovery now. *See* ECF No. 360 at 2 (specifying that Plaintiffs will not seek duplicative discovery from what has already been completed).

Peloton suggests that Plaintiffs have not provided specifics as to what limited discovery they would like. Wrong. Plaintiffs specified that they anticipate using interrogatories and/or re-opening a Rule 30(b)(6) deposition regarding issues such as Peloton's use of the phrases "ever-growing" or "growing" to characterize its class library. The discovery to date provided by Peloton on that example issue has been insufficient. Plaintiffs also specified to Peloton that they anticipate challenging some of Peloton's privilege log entries. These are not abstract discovery issues, they are concrete examples of the limited and focused discovery Plaintiffs anticipate pursuing. Extraordinary circumstances do not exist to stay such discovery while a motion to dismiss is pending. It would be much more efficient for the Parties to complete the remaining discovery sooner rather than later.

## IV. Remaining Case Schedule (Disputed)

A. Peloton's Position

<table>
<tr><th>Event</th><th>Timing</th></tr>
<tr><td>Plaintiffs' Deadline to Amend</td><td>No further amendments</td></tr>
<tr><td>Beginning of Fact Discovery</td><td>1 Day Following a Ruling on Peloton's Motion to Dismiss, if denied</td></tr>
<tr><td>Service of Requests for Production, Interrogatories, and Requests to Admit</td><td>14 Days Following the Beginning of Fact Discovery</td></tr>
<tr><td>Depositions Completed</td><td rowspan="3">60 Days Following the Beginning of Fact Discovery</td></tr>
<tr><td>Parties to Submit a Joint Status Letter per Individual Rule III.D.3</td></tr>
<tr><td>Close of Fact Discovery</td></tr>
<tr><td>Plaintiffs' Supplemental Expert Reports Completed</td><td>21 Days Following the Close of Fact Discovery</td></tr>
<tr><td>Defendants' Supplemental Expert Reports Completed</td><td>42 Days Following the Close of Fact Discovery</td></tr>
<tr><td>Close of Expert Discovery</td><td>63 Days Following the Close of Fact Discovery</td></tr>
</table>

| | |
|---|---|
| Plaintiffs' Motion for Class Certification | 28 Days Following the Close of Expert Discovery |
| Defendant's Opposition to Plaintiffs' Motion for Class Certification | 28 Days Following Plaintiffs' Motion |
| Plaintiffs' Reply in Support of their Motion for Class Certification | 21 Days Following Defendant's Opposition |
| Plaintiffs' Rule 702 Motions | 28 Days Following the Close of Expert Discovery (i.e., the same date Plaintiffs' class certification motion is due) |
| Defendant's Opposition to Plaintiffs' Rule 702 Motions | 28 Days Following Plaintiffs' Motion |
| Plaintiffs' Reply in Support of their Rule 702 Motions | 21 Days Following Defendant's Opposition |
| Defendant's Rule 702 Motions | 56 Days Following the Close of Expert Discovery (i.e., the same date Defendant's Opposition to Class Certification is due) |
| Plaintiffs' Opposition to Defendant's Rule 702 Motions | 21 Days Following Defendant's Motion |
| Defendant's Reply in Support of its Rule 702 Motions | 21 Days Following Plaintiffs' Opposition |
| Hearing on Class Certification and All Rule 702 Motions | 77 Days Following the Filing of Plaintiffs' Class Certification Motion |
| Parties to Submit a Joint Status Letter per Individual Rule III.D.3, Including Whether or Not They Request a Referral for Settlement Discussions | 14 Days Following Class Certification Ruling |
| Pre-Motion Conference for Any Anticipated Dispositive Motions | 42 Days Following Class Certification Ruling |

The parties disagree about five issues, set forth below:

*First*, Plaintiffs seek the right to file a further amended complaint if this Court grants Peloton's motion to dismiss. This Court should not permit them to do so. The current complaint represents the fifth version of Plaintiffs' complaint over more than six years of litigation. This Court should make clear that Plaintiffs must amend their complaint before the parties brief, and this Court decides, Peloton's forthcoming motion; otherwise, no further amendments will be permitted.

*Second*, Plaintiffs propose more than 120 days to conduct additional fact discovery. A 60-day period should be more than sufficient. The only fact discovery Plaintiffs have identified that they intend to pursue is "limited discovery through interrogatories and/or re-opening a Rule 30(b)(6) deposition." Setting aside whether any of this discovery is appropriate given the extensive

discovery that has already occurred in this case,[3] and given that Plaintiffs did not oppose Peloton's prior summary judgment motion on the grounds that they needed to additional discovery, the parties should be able to complete whatever discovery is proportionate to the needs of the case within 60 days.

*Third*, with respect to expert discovery, the parties have already served extensive expert disclosures and conducted depositions. Although the parties engaged in two rounds of class certification briefing, the underlying expert reports did not change. Nor did Plaintiffs say they needed addition expert discovery to oppose Peloton's prior summary judgment. Although Plaintiffs have not indicated any present intention to provide new expert discovery, to the extent this Court allows Plaintiffs to conduct supplemental expert discovery, the parties should be limited to supplementing their existing expert disclosures based only on any new discovery that occurs, and those supplemental reports should be served before class certification briefing occurs.

*Fourth*, Peloton proposes filing any Rule 702 motions concurrently with class certification briefing, just as the parties did in prior submissions in this case.

*Fifth*, Peloton believes it is premature to enter a case management order setting dates past a ruling on class certification.

B. Plaintiffs' Position

Plaintiffs oppose Peloton's proposed schedule, primarily because it proposes staying discovery until the motion to dismiss is decided, and then all of the proposed dates follow that decision. Instead, Plaintiffs propose a more efficient schedule that allows the Parties to complete limited discovery while the motion to dismiss is pending so that the Parties can then move quickly into the class certification stage.

| ***Event*** | ***Timing*** |
|---|---|
| Answer and/or Amended Complaint | If the motion to dismiss is denied in any part, Defendant's answer due 21 days after opinion and order. If the motion to dismiss is granted in any part, Plaintiffs' amended complaint due 14 days following opinion and order. |
| Service of Requests for Production, Interrogatories, and Requests to Admit | By March 27, 2026 |

[3] Peloton has produced over 33,000 documents, including thousands of additional documents produced in a significant expansion of discovery negotiated by the parties; responded to multiples sets of interrogatory requests; and provided ten depositions, including a 30(b)(6) witness. The only discovery Judge Liman denied Plaintiffs from obtaining were two sets of interrogatories (out of four sets served), which Judge Liman deemed untimely. *See* ECF No. 155.

| | |
|---|---|
| Discovery Deadline, Including Depositions | Discovery can commence now and shall be completed by July 1, 2026 |
| Plaintiffs' Motion for Class Certification and Expert Disclosures/Reports | July 31, 2026 |
| Defendant's Depositions of Plaintiffs' Experts | By August 31, 2026 |
| Defendant's Opposition to Plaintiffs' Motion for Class Certification and Expert Disclosures/Reports | August 31, 2026 |
| Plaintiffs' Depositions of Defendant's Experts | By September 30, 2026 |
| Plaintiffs' Reply in Support of their Motion for Class Certification and Rebuttal Expert Disclosures/Reports | September 30, 2026 |
| Hearing on Motion for Class Certification | 77 Days Following the Filing of Plaintiffs' Class Certification Motion |
| Parties to Submit a Joint Status Letter per Individual Rule III.D.3, Including Whether or Not They Request a Referral for Settlement Discussions | 14 Days Following Class Certification Ruling |
| Motion(s) to Strike Experts | Any motion due October 14, 2026<br>Any response due November 13, 2026<br>Any reply due December 4, 2026 |
| Defendant's Motion for Summary Judgment | December 18, 2026 |
| Plaintiffs' Opposition to Defendant's Motion for Summary Judgment | January 18, 2027 |
| Defendant's Reply in Support of its Motion for Summary Judgment | February 1, 2027 |

Plaintiffs have requested leave to amend the operative complaint should this Court find any pleading deficiency. ECF No. 363 at 4. That is customary when a defendant challenges a pleading, and leave to amend should be freely given. Fed. R. Civ. P. 15(a)(2). That should be especially true where Peloton's anticipated motion to dismiss challenges pleading issues like causation/injury, whether "some part" of Plaintiff Pearlman's purchases occurred in New York for standing purposes, and whether Plaintiff Pearlman sufficiently pleads a MCPA claim. *See* ECF No. 363.

Plaintiffs request until July 1, 2026 to complete any remaining discovery (less than five months away), because it provides sufficient time for Plaintiffs to serve any limited remaining written discovery, for Peloton to respond to that written discovery, and for Plaintiffs to prepare for and conduct any remaining depositions. That deadline also provides sufficient time for Plaintiffs to challenge certain entries in Peloton's privilege log, for Peloton to respond to such challenges and possibly produce documents, for Plaintiffs to review any such production, and for Plaintiffs to

prepare for and conduct any remaining depositions using such production. Plaintiffs' proposed July 1, 2026 discovery deadline is reasonable particularly if discovery can commence now.

Plaintiffs have informed Peloton that they will continue to evaluate expert discovery based on forthcoming rulings from the Court and the limited discovery Plaintiffs anticipate conducting. Plaintiffs also informed Peloton that they reserve the right to amend their previous expert disclosures and reports for the purpose of class certification, which were served in connection with the previous motions for class certification and subsequently vacated rulings. Any such amending and/or supplementation should not be limited to any new discovery as proposed by Peloton, because this Court's forthcoming rulings and recent applicable case law can also impact expert opinions. There is no valid reason to limit how Plaintiffs may amend and/or supplement their previous expert disclosures and reports. Also, those disclosures and reports should occur simultaneously with the class certification deadlines, because the experts will be proffered for class certification. It makes no sense to disclose experts before class certification like Peloton desires when that is the very purpose for their opinions.

Any motions to strike experts are best completed after all disclosures, reports, and rebuttals are served so that there is a complete record upon which any motion can be made. Peloton's proposal would not allow for that timing.

As an alternative to Plaintiffs' proposed summary judgment deadlines in the table above, Plaintiffs do not oppose Peloton's suggestion of deferring summary judgment briefing until after the Court's ruling on class certification and instead setting a pre-motion conference for any anticipated dispositive motions sometime following that ruling.

Respectfully Submitted,

*s/ Andrew Soukup*
Andrew Soukup
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000
Email: asoukup@cov.com

*Counsel for Defendant Peloton Interactive, Inc.*

*/s/ Adam J. Levitt*
Adam J. Levitt
Adam Prom (*pro hac vice*)
**DICELLO LEVITT LLP**

Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
alevitt@dicellolevitt.com
aprom@dicellolevitt.com

Chuck Dender
cdender@dicellolevitt.com
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, New York 10017
Telephone: (646) 933-1000

Benjamin J. Whiting
Alex J. Dravillas (*pro hac vice*)
**KELLER POSTMAN LLC**
150 North Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Telephone: (312) 741-5222
ben.whiting@kellerpostman.com
ajd@kellerpostman.com

Aaron M. Zigler
**ZIGLER LAW GROUP, LLC**
308 South Jefferson Street, Suite 333
Chicago, Illinois 60661
Telephone: (312) 673-8427
aaron@ziglerlawgroup.com

***Counsel for Plaintiffs***
***and the Proposed Class***

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------ X | |
| ERIC PASSMAN, ISHMAEL ALVARADO, JILL SCHNEIDER, and ALICIA PEARLMAN, individually and on behalf of all others similarly situated, Plaintiff(s), | 1:19 Civ.-11711 (LGS) |
| -v- | PLAINTIFFS' PROPOSED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER |
| PELOTON INTERACTIVE, INC., Defendant(s). | |
| ------------------------------------------ X | |

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties ~~[consent ______/~~ do not consent **X**] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed*.]

2. The parties [have **X** / ~~have not ________]~~ conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

   a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   ~~[Yes______/~~ No **X**]

   b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
   ~~[Yes______/~~ No **X**]

   c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
   ~~[Yes______/~~ No **X**]

d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield. ~~[Yes_____ /~~ No **X**]

4. Alternative Dispute Resolution/Settlement

a. Settlement discussions [have **X** / ~~have not ________]~~ taken place.

b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

N/A

c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

Retention of a private mediator

d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

After a ruling on Plaintiffs' motion for class certification

**e. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined after June 27, 2025 (already passed) without leave of Court.

6. Amended pleadings may be filed without leave of Court until June 27, 2025 (already passed).

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than February 20, 2020 (already served) ~~days from the date of this Order~~. [*Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.*]

8. Fact Discovery

a. All fact discovery shall be completed no later than July 1, 2026. [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by March 27, 2026.

c. Responsive documents shall be produced by 30 days following the receipt of a request, unless the parties agree otherwise.

Do the parties anticipate e-discovery? [~~Yes_____ /~~ No **X**]

d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by March 27, 2026.

e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by July 1, 2026.

f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by March 27, 2026.

**g. Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

a. Anticipated types of experts if any:

The Parties' prior expert reports may be amended and/or supplemented. Plaintiffs' expert disclosures and reports due concurrently with their motion for class certification, July 31, 2026. Defendant may depose Plaintiffs' experts by August 31, 2026. Defendant's expert disclosures and reports due concurrently with Defendant's Opposition to Plaintiffs' Motion for Class Certification, August 31, 2026. Plaintiffs may depose Defendant's experts by September 30, 2026. Plaintiffs' rebuttal expert disclosures and reports due concurrently with their Reply in Support of their Motion for Class Certification, September 30, 2026.

b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than September 30, 2026.
[*Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.*] Omit if you have not identified types of experts.

c. If you have identified types of experts in question 9(a), by ________[*no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery*] the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is **X**/ ~~is not ________]~~ to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is if a class is certified, 10 days; if no class is certified, 5 days.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

Class certification briefing: Plaintiffs' motion for class certification shall be due July 31, 2026, with Defendants' opposition due August 31, 2026, and Plaintiffs' reply due September 30, 2026.

Motion(s) to Strike Experts: Any motion due October 14, 2026, any response due November 13, 2026, and any reply due December 4, 2026.

Class certification hearing: A hearing shall be scheduled 77 days after Plaintiffs file their motion for class certification to address Plaintiffs' class certification motion.

13. Status Letters and Conferences

a. By 60 days after ruling denying Defendant's motion to dismiss [*60 days after the commencement of fact discovery*], the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

b. By 14 days after a ruling on Plaintiffs' class certification motion *[14 days after the close of fact discovery*], the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

c. On 42 days after a ruling on Plaintiffs' class certification motion at 11 A.M. [*usually 14 days after the close of all discovery*], a pre-motion conference will be held for any anticipated dispositive motions, provided:

i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and

in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. The conference will be in person at the United States Courthouse, Southern District of New York, 40 Foley Square, New York, NY, 10007 at Room 1106. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar, and to schedule the conference under paragraph 13(c) as a Pre-Motion Conference.

Dated: ______________________________
New York, New York

______________________________
LORNA G. SCHOFIELD
United States District Judge

Counsel for the Parties:

______________________________ ______________________________

______________________________ ______________________________

______________________________ ______________________________

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | | |
|---|---|---|
| ERIC PASSMAN, ISHMAEL ALVARADO, JILL SCHNEIDER, and ALICIA PEARLMAN, individually and on behalf of all others similarly situated, Plaintiff(s), | : | 1:19 Civ.-11711 (LGS) |
| -v- | : | |
| PELOTON INTERACTIVE, INC., Defendant(s). | : | DEFENDANT'S PROPOSED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER |

------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties ~~[consent ______ /~~ do not consent **X**] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed.*]

2. The parties [have **X** / ~~have not ________]~~ conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

   a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   ~~[Yes______ /~~ No **X**]

   b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
   ~~[Yes______ /~~ No **X**]

   c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
   ~~[Yes______ /~~ No **X**]

   d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   ~~[Yes______ /~~ No **X**]

4. Alternative Dispute Resolution/Settlement

a. Settlement discussions [have **X** / ~~have not ________~~] taken place.

b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

N/A

c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

Retention of a private mediator

d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

After a ruling on Plaintiffs' motion for class certification

**e. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined after June 27, 2025 (already passed) without leave of Court.

6. Amended pleadings may be filed without leave of Court until June 27, 2025 (already passed, and so no further amended pleadings will be permitted).

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than February 20, 2020 (already served) ~~days from the date of this Order~~. [*Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.*]

8. Fact Discovery

a. All fact discovery shall be completed no later than 60 days following a denial of Defendant's motion to dismiss, if the Court denies that motion. [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by 14 days following a denial of Defendant's motion to dismiss, if the Court denies that motion.

c. Responsive documents shall be produced by 30 days following the receipt of a request, unless the parties agree otherwise.

Do the parties anticipate e-discovery? [~~Yes______/~~ No **X**]

d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by 14 days following a denial of Defendant's motion to dismiss, if the Court denies that motion.

e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by 60 days following a denial of Defendant's motion to dismiss, if the Court denies that motion.

f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by 14 days following a denial of Defendant's motion to dismiss, if the Court denies that motion.

**g. Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

a. Anticipated types of experts if any:

The parties have already served expert reports. To the extent parties anticipate conducting additional expert discovery, such discovery shall be limited to supplementation of existing expert disclosures and reports based on new fact discovery (if any) that occurs. Plaintiffs shall serve supplemental expert reports, if any, 21 days following the close of fact discovery. Defendant shall serve supplemental expert reports, if any, 42 days following the close of fact discovery. No further supplemental expert reports shall be permitted.

b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than 63 days after the close of fact discovery. [*Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.*] Omit if you have not identified types of experts.

c. If you have identified types of experts in question 9(a), by ________[*no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery*] the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is **X**/ ~~is not ________]~~ to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is if a class is certified, 10 days; if no class is certified, 5 days.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

Class certification briefing: Plaintiffs' motion for class certification shall be due 28 days after the close of expert discovery, with Defendants' opposition due 28 days later, and Plaintiffs' reply due 21 days later.

Plaintiffs' Rule 702 motions: Plaintiffs' Rule 702 motion to exclude any of Defendants' experts shall be due 28 days after the close of expert discovery, with Defendants' opposition due 28 days later, and Plaintiffs' reply due 21 days later.

Defendants' Rule 702 motions: Defendant's Rule 702 motion to exclude any of Defendants' experts shall be due 56 days after the close of expert discovery (i.e., on the same date that Defendants' opposition to class certification is due), with Plaintiffs' opposition due 21 days later (i.e., on the same date that Plaintiffs' class certification reply is due), and Defendants' reply due 21 days later.

Class certification and Rule 702 hearing: A hearing shall be scheduled 77 days after Plaintiffs file their motion for class certification to address Plaintiffs' class certification motion and any Rule 702 motions.

13. Status Letters and Conferences

a. By 60 days after a ruling denying Defendant's motion to dismiss [*60 days after the commencement of fact discovery*], the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

b. By 14 days after a ruling on Plaintiffs' class certification motion *[14 days after the close of fact discovery*], the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

c. On 42 days after a ruling on Plaintiffs' class certification motion at 11 A.M. [*usually 14 days after the close of all discovery*], a pre-motion conference will be held for any anticipated dispositive motions, provided:

i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. The conference will be in person at the United States Courthouse, Southern District of New York, 40 Foley Square, New York, NY, 10007 at Room 1106. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar, and to schedule the conference under paragraph 13(c) as a Pre-Motion Conference.

SO ORDERED.

Dated: ______________________________
New York, New York

______________________________
LORNA G. SCHOFIELD
United States District Judge

Counsel for the Parties:

______________________________ ______________________________

______________________________ ______________________________

______________________________ ______________________________