

485 LEXINGTON AVENUE    SUITE 1001    NEW YORK, NEW YORK 10017

CHUCK DENDER
CDENDER@DICELLOLEVITT.COM
646.933.1000

March 13, 2026

<u>**VIA ECF**</u>

The Honorable Lorna G. Schofield
United States District Judge
Danial Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007

> **Re:**   ***Eric Passman, et al. v. Peloton Interactive, Inc.*, Case No. 19-cv-11711:**
> **<u>Plaintiffs' Second Letter Regarding Privilege Log Dispute</u>**

Dear Judge Schofield:

Pursuant to the Court's March 9, 2026 Order (Dkt. 371), Plaintiffs challenge herein ten additional representative documents from Peloton's privilege logs that Plaintiffs believe Peloton is withholding under improper assertions of privilege.

Before listing the ten specific challenges, Plaintiffs address three issues raised by Peloton in its March 6, 2026 response letter (Dkt. 370). First, Peloton says it previously produced three challenged documents amid nearly 200 other documents after Plaintiffs first raised this dispute with Peloton in 2021. Although Plaintiffs unknowingly identified those three documents as still being withheld by Peloton, their supposed production following Plaintiffs' initial privilege challenge in 2021 makes those three documents good examples of Peloton's improper privilege assertions. Also, in conjunction with that production, Plaintiffs have no record of Peloton identifying which privilege log entries were being removed, nor any amended logs reflecting which documents Peloton still withheld. The broad problems with Peloton's logs are exemplified by those three documents, the nearly 200 other documents produced by Peloton years ago, plus the additional five documents this Court ordered to be produced (Dkt. 371).

Second, in Plaintiffs' first letter (Dkt. 369), they raised the significant problem that Peloton has confirmed that its three logs contain few, if any, documents with privilege redactions and almost exclusively include only fully withheld documents. Peloton says it does not need to log redacted documents because the documents themselves provide the necessary information. Not so. Without log information, Plaintiffs are blind to whether the documents request or provide legal advice and the subject matter of that advice. Peloton has failed its burden to establish privilege in the first place and comply with the applicable rules governing privilege logs. All redacted but not logged documents should be re-produced without redactions. *See Zhao v. City of New York*, No. 07 CIV.3636 (LAK) (MHD), 2007 WL 4358470, at *7 (S.D.N.Y. Dec. 5, 2007) (ordering the production of unredacted versions of documents previously produced in redacted form where no privilege log was provided for the redacted documents); *Davis v. Hunt Leibert Jacobson P.C.*, No. 3:12CV1102 (JBA), 2016 WL 3349629, at *3-4 (D. Conn. June 10, 2016) (rejecting defendant's reasons for not logging redacted documents; finding willful failure to not produce a privilege log with such documents and finding waiver of any privilege).

Third, Plaintiffs oppose Peloton's unreasonable proposal that "Plaintiffs should be ordered to pay Peloton's legal fees related to any re-review based on the untimeliness and burden of their request." Dkt. 370, pg. 3. The problems with Peloton's privilege logs are widespread and due only to Peloton's conduct. Plaintiffs should not be required to pay for the time Peloton spends fixing its own problems. Indeed, in 2021, Peloton had to largely re-do its entire document production due to its own problems, so it's unsurprising that its privilege logs are also flawed.

## Challenges to Ten Representative Entries

The following ten challenges represent many other entries in all three logs. The first four are from Peloton's supplemental log, and the remaining six are from Peloton's first log. As best as Plaintiffs can tell, none of the ten challenges were previously produced by Peloton. A significant problem with several challenged documents is that Peloton's logs fail to identify any attorney involvement (*e.g.* to whom legal advice is requested and who is providing it) despite the log entries claiming that the documents supposedly reflect legal advice. *See WCA Holdings III, LLC v. Panasonic Avionics Corp.*, No. 1:20-CV-7472-GHW, 2025 WL 1434375, at *7-9 (S.D.N.Y. May 17, 2025) (regarding withheld communications exclusively among non-lawyers, "Panasonic has not met its burden to establish that emails among employees that purport to reflect legal advice are privileged.").

1.  Log # 1167: Email among four non-attorney Peloton employees who worked in music licensing, communications, and class content removal, withheld for supposedly reflecting legal advice but involving music licensing and "class library management," which are business-related.

2.  Log # 736: Email between two non-attorney Peloton employees, both of whom worked in product and user experience, withheld for supposedly

reflecting legal advice, but involving "class library management," which is business-related.

3.  Log # 1490: Email between two non-attorney Peloton employees, one of whom worked with music and the other who worked with member experience and Peloton's business side, withheld for supposedly reflecting legal advice, but involving "class library management," which is business-related.

4.  Log # 1678: Email from non-attorney Peloton employee who worked with music to Peloton's non-attorney CEO, withheld for supposedly reflecting legal advice, but involving music licensing and "class library management," which is business-related.

5.  Log # 704 (*from Peloton's first log*): Email between two Peloton employees, both of whom worked with music for Peloton's content, withheld for supposedly reflecting legal advice, but involving music licensing and "class library management," which is business-related.

6.  Log # 782 (*from Peloton's first log*): Email from non-attorney Peloton employee who worked with music to Peloton's non-attorney CEO, withheld for supposedly reflecting legal advice, but involving music licensing and "class library management," which is business-related.

7.  Log # 875 (*from Peloton's first log*): Email between two Peloton employees, both of whom worked with music for Peloton's content, withheld for supposedly reflecting legal advice, but involving music rights, which is business-related and at the heart of this case.

8.  Log # 1014 (*from Peloton's first log*): Email between two non-attorney Peloton employees, both of whom worked in marketing, withheld for supposedly reflecting legal advice, but involving "marketing activity," "class library management," and music licensing which are business-related.

9.  Log # 1076 (*from Peloton's first log*): Spreadsheet attachment from a non-attorney Peloton employee to two other non-attorney employees, all of whom worked in marketing, withheld for supposedly requesting legal advice, but involving "class library management and marketing activity," which are business-related.

10. Log # 1201 (*from Peloton's first log*): Email between three non-attorney Peloton employees who worked in marketing, withheld for supposedly reflecting legal advice, but involving "marketing activity," which is business-related.

***

Plaintiffs have successfully challenged most of the first set of ten representative documents (plus many others that Peloton says it produced after Plaintiffs raised this dispute in 2021). If Plaintiffs continue to demonstrate the problems in Peloton's logs with this second submission, Plaintiffs respectfully request that this Court order Peloton to conduct a re-review of at least 25% of the total documents Peloton still withholds and to provide weekly updates to the Court on its findings from that re-review. Based on the results of that re-review, the Court could then determine if Peloton should re-review any additional portion of the documents Peloton is then still withholding.

If this Court orders Peloton to conduct such a re-review, Plaintiffs respectfully request that it be completed *prior to* the forthcoming summary judgment briefing (Peloton's motion is currently due May 5, 2026 and Plaintiffs' opposition is due June 2, 2026) (Dkt. 366), to ensure that any document production can be considered and incorporated into that briefing.

Respectfully submitted,

*/s/ Chuck Dender*

Chuck Dender
cdender@dicellolevitt.com
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, New York  10017
Telephone: (646) 933-1000

Adam J. Levitt
Adam Prom (*pro hac vice*)
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone: (312) 214-7900
alevitt@dicellolevitt.com
aprom@dicellolevitt.com

Benjamin J. Whiting
Alex J. Dravillas (*pro hac vice*)
**KELLER POSTMAN LLC**
150 North Riverside Plaza, Suite 4100
Chicago, Illinois  60606
Telephone: (312) 741-5222
ben.whiting@kellerpostman.com
ajd@kellerpostman.com

Aaron M. Zigler
**ZIGLER LAW GROUP, LLC**
308 South Jefferson Street, Suite 333
Chicago, Illinois 60661
Telephone: (312) 673-8427
aaron@ziglerlawgroup.com

*Counsel for Plaintiffs*
*and the Proposed Class*