COVINGTON

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

**Andrew Soukup**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5066
asoukup@cov.com

**By CM/ECF**

March 20, 2026

The Honorable Lorna G. Schofield
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**Re:** ***Passman v. Peloton Interactive, Inc.*, No. 19-cv-11711 (S.D.N.Y.)**
**Peloton's Response to Plaintiffs' Second Letter Regarding Privilege Log Dispute**

Dear Judge Schofield:

Pursuant to the Court's March 9, 2026 order (ECF No. 371), Peloton respectfully submits this response to Plaintiffs' March 13, 2026 letter concerning Peloton's privilege designations (ECF No. 372).

## I. Plaintiffs' Re-Review Request Is Untimely, Burdensome, and Pointless.

Plaintiffs still make no attempt to explain their years-long delay in challenging Peloton's privilege logs, much less explain why the challenged documents are material to their claims. As explained in Peloton's March 6 letter, Plaintiffs first raised purported privilege objections in 2021, but declined to pursue them after Peloton produced nearly 200 documents. Plaintiffs apparently did not even review those documents: their prior letter challenged three documents that Peloton produced in 2021. While Plaintiffs say they have "no record" of which documents Peloton removed from its logs, on August 17, 2021, Peloton's prior counsel emailed Plaintiffs' counsel amended logs identifying those documents. Plainly, Plaintiffs are not even reviewing the material they are receiving.

Nor have Plaintiffs explained why any challenged information is relevant, much less material, to their claims at this late stage. Presumably, if Plaintiffs believed the previously withheld documents Peloton produced—whether as part of Peloton's nearly-200-document production almost five years ago, or as part of the production earlier this month—were material, they would have said so. There simply is no basis to conclude that further re-reviews will identify any significant, relevant information—much less information that justifies re-reviewing more than 1,300 documents, as Plaintiffs belatedly request.

Plaintiffs' assertion that they are "blind" without a log indicating why Peloton redacted certain information from documents is also meritless. Plaintiffs' July 2021 letter challenged "multiple privilege redactions," yet they never requested a redaction log or otherwise objected to Peloton's redaction practices until their February 27, 2026 letter. Plaintiffs could mount informed challenges because "the nature of the redacted information" is "evident on the face of the pages." *Pinson v. Prieto*, 2013 WL 12377239, at *1 (C.D. Cal. May 31, 2013). The fact they do not include any redacted documents among their challenges now shows they do not believe any information was improperly withheld. Regardless, merely omitting documents from a log, "on its own, is not a flagrant violation … sufficient to warrant waiver of privilege." *Powers v. Mem'l Sloan Kettering Cancer Ctr.*, 2020 WL 5968126, at *2 (S.D.N.Y. Oct. 8, 2020) (Schofield, J.). Peloton has not waived its privilege, and requiring Peloton to prepare a supplemental log now would do nothing to advance this seven-year-old case.

## II. Peloton Properly Withheld No. 3574.

Pursuant to the Court's March 9 order, Peloton provides additional information regarding No. 3574 and attaches the retention agreements with the two public relations firms (ID and ICR Inc.) appearing in that document. The emails in No. 3574 include three consultants: Michael Smith (ID), and Brittany Fraser and Jessica Liddell (ICR). It also includes seven Peloton attorneys: in-house counsel Hisao Kushi and Caitlin Johnston, and outside counsel at Fenwick (James Evans, Jen Hitchcock, Ran Ben-Tzur, and Annie Omata) and King & Spalding (Kenneth Steinthal). Peloton retained ID in December 2016, and retained ICR in February 2019 to provide IPO-related consulting.

Peloton properly withheld No. 3574 as attorney-client privileged and protected work product. The chain reflects discussions among Peloton's in-house counsel, outside litigation counsel, employees, and the public relations consultants to further litigation strategy while accounting for the risk of "further exposure" related to Peloton's then-imminent IPO. *See In re Copper Mkt. Litig.*, 200 F.R.D. 213, 221 (S.D.N.Y. 2001). For example, the consultants collected media coverage that counsel used in a letter filed in the copyright litigation. ECF No. 73, *Downtown Music Publ'g, LLC v. Peloton Interactive, Inc.*, No. 1:19-cv-02426 (S.D.N.Y.). The consultants thus "participated to assist the lawyers in rendering legal advice, which included how defendant should respond to [the] lawsuit." *H.W. Carter & Sons, Inc. v. William Carter Co.*, 1995 WL 301351, at *3 (S.D.N.Y. May 16, 1995). Additionally, at counsel's and Peloton's direction, the consultants disseminated a statement—which Peloton and its counsel prepared considering legal obligations related to the IPO—regarding a procedural development in the litigation. "[T]his is not a case in which PR specialists were enlisted to battle bad publicity." *Bozorgi v. Cassava Scis., Inc.*, 2024 WL 2874636, at *4 (D. Mass. May 9, 2024) (cleaned up). And if any communications were made in furtherance of both litigation and non-litigation strategies, "[t]he litigation purpose so permeates any PR purpose that the two purposes cannot be discretely separated." *Kirkpatrick v. City of Oakland*, 2022 WL 137628, at *2 (N.D. Cal. Jan. 14, 2022) (cleaned up).

**III. Plaintiffs' Additional Privilege Challenges Do Not Warrant Any Re-Review.**

Plaintiffs' additional challenges again include documents Peloton properly withheld. And, like Plaintiffs' prior challenges, none of these documents are material to this litigation.

- **Nos. 1076**, **1167**, and **1201** are properly withheld in full.
  - No. 1076 is a chart attached to an email thread including in-house counsel Johnston. At the top of the chain, a marketing employee forwards the chart and emails to other marketing employees, one of whom responds in a later email indicating she will use the information to seek legal advice from counsel. Peloton submits No. 1076, the email it was attached to, and the later email *in camera*.
  - No. 1167 is a draft email that was later sent to outside counsel King & Spalding seeking legal advice. Peloton submits both emails *in camera*.
  - No. 1201 includes emails seeking information at the request of outside counsel Hueston Hennigan, reflected on a separate chain, to facilitate legal advice. Peloton submits both emails *in camera*.
- **Nos. 704**, **782**, and **875** are branches of the same email chain. The first 12 emails on Nos. 704 and 875 (which are identical), and the first 13 emails on No. 782, include in-house counsel Kushi and Johnston and outside counsel King & Spalding and Fenwick. The emails reflect privileged requests for legal advice regarding a statement to customers. The remaining two emails on each are irrelevant and immaterial, but Peloton will produce them with redactions of the earlier privileged communications.
- **No. 1014** is part of the same chain as Nos. 1483 and 1511 previously challenged by Plaintiffs. Peloton already produced redacted copies of this chain with all non-privileged material appearing in No. 1014; it will produce No. 1014 with the same redaction.
- **No. 1490** is a cancelled invitation for a privileged meeting involving in-house and outside counsel and requesting legal advice. Peloton will produce No. 1490 while redacting the privileged substantive communications.
- **Nos. 736** and **1678** were previously produced in full except for the top emails on each. PELFISH0145694 (No. 736); PELFISH0148988 (No. 1678). The two withheld emails are immaterial, but Peloton will produce them.

In summary, Plaintiffs have identified nothing in the documents Peloton produced this month that is remotely material to this action, and there is nothing material in Plaintiffs' latest challenges that warrants any re-review. Plaintiffs' demand that Peloton engage in an extensive and expensive re-review of 25% of its logs (at least 1,350 entries) is untimely, unnecessary, and disproportionate to the needs of this case, particularly at this late stage. To the extent the Court

believes any further re-review is necessary, it should be narrow (e.g., no more than 100 entries) and Plaintiffs should bear the cost.

Respectfully Submitted,

/s/ *Andrew Soukup*
Andrew Soukup
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000
Email: asoukup@cov.com

*Counsel for Defendant Peloton Interactive, Inc.*

A conference concerning the parties' privilege log dispute will be held on **April 28, 2026, at 2:30 pm**. Defendant shall be prepared to explain in detail how and by whom its privilege review was conducted, including the quality control measures taken.

By **April 21, 2026**, the parties shall file a joint letter setting forth a chronology of the privilege log dispute that includes the 2021 events mentioned in Dkt. No. 343. So Ordered.

Dated: April 6, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE