COVINGTON

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

**Andrew Soukup**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5066
asoukup@cov.com

**By CM/ECF**

April 21, 2026

The Honorable Lorna G. Schofield
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**Re: *Passman v. Peloton Interactive, Inc.*, No. 19-cv-11711 (S.D.N.Y.)**
**Joint Letter Regarding Chronology of the Privilege Log Dispute**

Dear Judge Schofield:

Pursuant to the Court's April 6, 2026 order (ECF No. 374), Plaintiffs Eric Passman, Ishmael Alvarado, Jill Schneider, and Alicia Pearlman (collectively, "Plaintiffs") and Defendant Peloton Interactive, Inc. ("Peloton") (together with Plaintiffs, the "Parties") submit this joint letter setting forth a chronology of the Parties' privilege log dispute.[1]

**Dec. 23, 2019** Plaintiffs filed the first complaint in this lawsuit.

**Feb. 20, 2020** Judge Liman entered the first Case Management Order, setting initial discovery deadlines. *See* ECF No. 25. Judge Liman subsequently entered two revised Case Management Orders: the first on July 20, 2020, *see* ECF No. 53, and the second on March 21, 2021, *see* ECF Nos. 94-1, 95. The operative Case Management Order bifurcated discovery, setting a deadline for fact discovery for class certification purposes of August 16, 2021, and requiring that any remaining discovery "that may be necessary" be completed within 120 days or less of a class certification ruling.

**March 12, 2021** Peloton acknowledged the need to ensure its full discovery compliance. *See* ECF No. 94.

[1] The Court's order directed the Parties to include "the 2021 events mentioned in Dkt. No. 343." Dkt. No. 343 is a memo endorsement on Peloton's notice of supplemental authority. The Parties assume the Court intended to cite Dkt. No. 373, which is Peloton's second and most recent letter regarding this dispute.

**May 13, 2021** Plaintiffs sent a letter reminding Peloton of its need to produce a privilege log based on Peloton's 2020 productions. Plaintiffs also requested an amended privilege log for any "future production[s]" since document review was still ongoing.

**May 18, 2021** Peloton sent a letter stating that a privilege log was forthcoming, along with rolling document productions and a future amended privilege log.

**May 21, 2021** Peloton produced its first privilege log.

**July 2, 2021** Peloton produced its second privilege log.

**July 20, 2021** Plaintiffs sent a letter raising multiple objections to Peloton's first and second privilege logs and explained why Plaintiffs believed the logs were flawed. Plaintiffs also challenged "multiple privilege redactions" based on the "face" of certain produced documents.

**Aug. 6, 2021** Peloton responded to Plaintiffs' July 20 letter and explained why Peloton believed Plaintiffs' objections were without merit.

Peloton's letter additionally stated that Peloton was "in the process of re-evaluating the documents identified on its privilege log that involve third parties." Further, Peloton stated that it had downgraded and was producing certain documents identified in Plaintiffs' letter as well as "certain related documents." Peloton stated that it would "provide an updated privilege log reflecting these revisions at a later date," and that if Plaintiffs had "any additional concerns regarding Peloton's privilege log, do not hesitate to contact us."

Plaintiffs never responded to Peloton's August 6, 2021 letter, until this Court re-opened discovery nearly five years later.

**Aug. 16, 2021** Fact discovery closed for class certification. *See* ECF No. 95.

**Aug. 17, 2021** Peloton produced a third privilege log, which included 89 entries relating to documents that Peloton clawed back as privileged pursuant to the Court-ordered Protective Order.

Peloton simultaneously produced "amended versions of the May 21, 2021 Privilege Log and July 2, 2021 Supplemental Privilege Log," which Peloton had revised "to remove certain documents that were either produced on August 6, 2021, or [were] being produced concurrently with this letter."

Plaintiffs never responded to Peloton's third privilege log or amended first and second privilege logs, until this Court re-opened discovery nearly five years later.

| | |
|---|---|
| **Aug. 25, 2021** | Notice from Judge Liman regarding Peloton share purchases made on behalf of himself and his wife. ECF No. 110. Neither Plaintiffs nor Peloton objected to Judge Liman's continuing to preside over this case at that time. |
| **Sept. 9, 2021** | Judge Liman denied Plaintiffs' letter motion to compel responses to Plaintiffs' Third and Fourth Sets of Interrogatories because "they [we]re untimely," having been served "well after the February 5, 2021 deadline" for supplemental discovery requests and his view that they were not contention interrogatories that would not have had that same deadline. ECF No. 115. |
| **Sept. 16, 2021** | Plaintiffs' deadline to file motion for class certification. |
| **Jan. 19, 2022** | Judge Liman denied Plaintiffs' first motion for class certification. ECF No. 168. (Vacated by this Court. *See* ECF No. 345). |
| **Aug. 22, 2022** | Judge Liman "permit[ted] discovery of the two named plaintiffs" to "ensure that Plaintiffs are able to address in their motions for class certification any issues that arise from the discovery," but stated that "[n]o other discovery related to the class certification motion is permitted." ECF No. 212. |
| **Oct. 17, 2022** | Plaintiffs' deadline to file second motion for class certification. |
| **May 2, 2023** | Judge Liman denied Plaintiffs' second motion for class certification. ECF No. 284. (Vacated by this Court. *See* ECF No. 345). |
| **Oct. 13, 2023** | The Parties submitted a "joint statement on what discovery is appropriate going forward" pertaining to the merits. ECF Nos. 286, 290. Plaintiffs took the position that Judge Liman's class certification and *Daubert* rulings had effectively resolved the matter at that time, and they anticipated appealing. The Parties' joint discovery statement did not mention any privilege disputes. |
| **Dec. 4, 2023** | Peloton moved for summary judgment. ECF No. 294. |
| **Sept. 5, 2024** | This case was reassigned to Your Honor. *See* ECF No. 333. |
| **May 2, 2025** | The Court granted Plaintiffs' motion to vacate prior rulings on motions to dismiss and motions for class certification. *See* ECF No. 345. The Court subsequently stayed the case from July 9, 2025, until January 12, 2026. *See* ECF Nos. 355, 358. |
| **Feb. 10, 2026** | The Parties submitted a joint letter regarding their competing case management proposals, in which Plaintiffs stated that "they anticipate challenging some of Peloton's privilege log entries." ECF No. 364 at 4. |

| | |
|---|---|
| **Feb. 18, 2026** | The Court ordered the Parties to "meet and confer with respect to Defendant's privilege logs" by February 24 and permitted Plaintiffs, "to the extent the parties are unable to resolve any disputes," to "file a letter with ten representative entries that Plaintiffs argue may have been impermissibly withheld from production." ECF No. 366 at 1. |
| **Feb. 20, 2026** | The Parties met and conferred regarding the privilege log dispute. |
| **Feb. 27, 2026** | Plaintiffs filed a letter raising ten representative entries with the Court. *See* ECF No. 369. |
| **Mar. 6, 2026** | Peloton filed a response letter. *See* ECF No. 370. |
| **Mar. 9, 2026** | The Court ordered Peloton to produce the documents Peloton agreed to produce in its first letter and also ordered Plaintiffs to file a letter raising ten additional representative entries. *See* ECF No. 371. |
| **Mar. 13, 2026** | Plaintiffs filed a second letter raising ten additional representative entries. *See* ECF No. 372. |
| **Mar. 20, 2026** | Peloton filed a second response letter. *See* ECF No. 373. |
| **Apr. 6, 2026** | The Court ordered the Parties to submit this joint letter and to appear for a conference concerning this dispute on April 28, 2026. *See* ECF No. 374. |

Respectfully Submitted,

/s/ *Andew Soukup*

Andrew Soukup (*pro hac vice*)
Stephen Petkis (*pro hac vice*)
asoukup@cov.com
spetkis@cov.com
**COVINGTON & BURLING LLP**
One City Center
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000

Jordan Joachim
jjoachim@cov.com
**COVINGTON & BURLING LLP**
30 Hudson Yards
New York, NY 10001
Tel: (212) 841-1000

*Counsel for Defendant Peloton Interactive, Inc.*

/s/ *Chuck Dender*
Chuck Dender
cdender@dicellolevitt.com
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel: (646) 933-1000

Adam J. Levitt
Adam Prom (*pro hac vice*)
alevitt@dicellolevitt.com
aprom@dicellolevitt.com
**DICELLO LEVITT LLP**
Ten North Dearborn Street
Sixth Floor
Chicago, IL 60602
Tel: (312) 214-7900

Benjamin J. Whiting
Alex J. Dravillas (*pro hac vice*)
ben.whiting@kellerpostman.com
ajd@kellerpostman.com
**KELLER POSTMAN LLC**
150 North Riverside Plaza
Suite 4100
Chicago, IL 60606
Tel: (312) 741-5222

Aaron M. Zigler
aaron@ziglerlawgroup.com
**ZIGLER LAW GROUP, LLC**
308 South Jefferson Street
Suite 333
Chicago, IL 60661
Tel: (312) 673-8427

*Counsel for Plaintiffs*