# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIC PASSMAN, ISHMAEL ALVARADO, JILL SCHNEIDER, and ALICIA PEARLMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PELOTON INTERACTIVE, INC.,<br><br>Defendant. | Civil Action No. 1:19-CV-11711-LGS |

**PLAINTIFFS' AMENDED THIRD AND FOURTH SETS OF INTERROGATORIES**

Please take notice that, pursuant to Federal Rules of Civil Procedure 26 and 33, and Local Rule 33.3 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, Plaintiffs Eric Passman, Ishmael Alvarado, Jill Schneider, and Alicia Pearlman, by and through their counsel, hereby direct that Defendant Peloton Interactive, Inc. ("Peloton") answer the following Amended Third and Fourth Sets[1] of Interrogatories by April 7, 2026, and serve a copy of the written responses upon the undersigned counsel.

**DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and Local Rules 26.3 and 33.3.

---

[1] On July 16, 2021 and August 10, 2021, Plaintiffs served their third and fourth sets of interrogatories, which Plaintiffs amend and combine herein.

1. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

2. For purposes of these Interrogatories, "Class Library" means or refers to the collection of on-demand video content available through Your services, as referred to at https://onepeloton.com/bike/classes (last accessed Nov. 11, 2019).

3. For purposes of these Interrogatories, "Identify" and "State" mean to set forth each fact, consideration, circumstance, act, omission, event, transaction, occurrence, or statement which supports, refutes, concerns, relates, or refers to the allegation referenced or described in the Interrogatory.

4. For purposes of these Interrogatories, "Peloton" or "You" means Respondent Peloton Interactive Inc. and, where applicable its officers, directors, members, current and former employees, partners, corporate parents, subsidiaries, affiliates, predecessors, successors in interest, any other legal entities, whether foreign or domestic, that are owned or controlled by Peloton Interactive Inc., and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or part by Peloton Interactive Inc.

5. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

6. If You find the meaning of any term in these Interrogatories to be unclear, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the

Interrogatory according to the assumed meaning.

## INSTRUCTIONS

1.  The rules of construction of this Court as set forth in Local Rule 26.3 are incorporated herein by reference

2.  These Interrogatories shall be deemed continuing and, to the extent that Your answers may be enlarged, amplified, diminished, or otherwise modified by information acquired subsequent to Your initial answer, You are required to promptly provide supplemental answers reflecting such changes and/or additional information.

3.  If an Interrogatory is objected to, specify in full the reasons for Your objection.  If any part of an Interrogatory is objected to, then a response must be provided for any unobjectionable portion.

4.  If, in answering an Interrogatory, You claim any ambiguity in interpreting either the Interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized by You as a basis to refuse to respond, but there shall be set forth as part of the answer the language deemed to be ambiguous and the interpretation chosen or used in answering the Interrogatory.

5.  Pursuant to Local Civil Rule 26.2(a), in the event that any Interrogatory is not answered in whole or in part on the basis of an assertion of the attorney-client privilege, the work-product doctrine, or any other claim of privilege or immunity asserted, provide information sufficient to permit the Court to make a determination whether a proper basis exists for the assertion of privilege or immunity

6.  Plaintiffs reserve the right to serve supplemental Interrogatories.

7.  If, after a reasonable and thorough investigation using due diligence, You are unable to answer any Interrogatory, specify in full (a) the information that You claim is not

3

available, (b) the reason the information is not available to You; and (c) the steps You have taken to locate such information.

## **INTERROGATORIES**

1.     Identify the time, place, and manner of any marketing or other public statements where You characterize Your on-demand Class Library as ever-growing or growing, including the people (at Peloton or another company) involved in creating the marketing or the public statements where You characterize Your on-demand Class Library as ever-growing or growing.

2.     Identify the time, place, and manner of any marketing or other public statements concerning Your on-demand Class Library made during the period in which You were characterizing Your on-demand Class Library as ever-growing or growing.

3.     Identify the number of visitors between July 2017 and June 2019 to Your webpages where You characterize Your on-demand Class Library as ever-growing or growing.

4.     Why did You choose to publicly market or otherwise characterize Your on-demand Class Library as ever-growing and growing?

5.     Identify the intended recipients of any marketing or other public statements where You characterize Your on-demand Class Library as ever-growing or growing.

6.     What were the intended effect(s) of any marketing or other public statements where You characterize Your on-demand Class Library as ever-growing or growing?

7.     Identify from April 9, 2018 through March 25, 2019 the actual or estimated consumer penetration or reach of Your public marketing or other statements where You characterize Your on-demand Class Library as ever-growing or growing.

8.     Identify from April 9, 2018 through March 25, 2019 how You set the price of Your hardware (bike or tread) and subscription services, including the relevant factors, and any

reasons for a price premium over competitors.

9.  From April 9, 2018 through March 25, 2019 how much did You pay to create, market, or otherwise distribute Your public characterization of Your on-demand Class Library as ever-growing or growing?

10.  State all facts supporting Your contention that Your hardware (bike or tread) and subscription services do not command a price premium.

11.  Identify each person, other than current Peloton employees, who had advanced knowledge of Peloton's plans to remove classes from the on-demand Class Library due to alleged copyright infringement, including but not limited to the removals on or about March 25, 2019.

12.  Identify each person, other than current Peloton employees, who had knowledge of Peloton's use of unlicensed music in its on-demand Class Library from January 1, 2017 to April 30, 2019.

13.  Identify all cease-and-desist letters received by Peloton from January 1, 2017 to March 25, 2019 for alleged copyright infringement.

14.  State all facts supporting Your contention that there is no basis to infer sufficient consumer exposure to statements where You characterize Your on-demand Class Library as ever-growing or growing. *See, e.g.*, Dkt. 251 at 2.

15.  State all of the facts supporting Your contention that a reasonable consumer could have interpreted ever-growing or growing Class Library to mean something other than increasing in absolute size.

5

16.    State all characteristics of the Peloton hardware (bike or tread) and subscription services that justify Your pricing of those from April 9, 2018 through March 25, 2019 versus any competitor's hardware or subscription service.

17.    Identify from April 9, 2018 through March 25, 2019 each of Your competitors to Your hardware (bike or tread) and subscription services.

18.    Identify from April 9, 2018 through March 25, 2019 the number and percentage of purchases of Peloton hardware and/or Peloton membership subscriptions that occurred through Your website versus over the phone or in store.

19.    Identify from April 9, 2018 through March 25, 2019 the number and percentage of electronic payments (*i.e.*, credit card, debit from a bank account, wire, or similar means) for Your hardware (bike and tread) versus other forms of payment (*i.e.* cash or check).

20.    State the names, addresses, email addresses, and phone numbers for each Peloton user that purchased Peloton hardware and/or a corresponding Peloton membership subscription from April 9, 2018 through March 25, 2019.

21.    Explain each public representation You have made about your on-demand Class Library as ever-growing or growing, including but not limited to what was represented in each instance, the way in which each representation was made (website, social media, radio, television, print, email, etc.), where each instance occurred (nationally, globally, etc.), and when each representation was made.


Dated:  March 10, 2026                    */s/ Adam J. Levitt*

                                          Adam J. Levitt
                                          Adam Prom (*pro hac vice*)


6

**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone: (312) 214-7900
alevitt@dicellolevitt.com
aprom@dicellolevitt.com

Chuck Dender
cdender@dicellolevitt.com
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, New York  10017
Telephone: (646) 933-1000

Benjamin J. Whiting
Alex J. Dravillas (*pro hac vice*)
**KELLER POSTMAN LLC**
150 North Riverside Plaza, Suite 4100
Chicago, Illinois  60606
Telephone: (312) 741-5222
ben.whiting@kellerpostman.com
ajd@kellerpostman.com

Aaron M. Zigler
**ZIGLER LAW GROUP, LLC**
308 South Jefferson Street, Suite 333
Chicago, Illinois  60661
Telephone: (312) 673-8427
aaron@ziglerlawgroup.com

> *Counsel for Plaintiffs*
> *and the Proposed Class*

7