# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIC PASSMAN, ISHMAEL ALVARADO, JILL SCHNEIDER, and ALICIA PEARLMAN, individually and on behalf of all others similarly situated, | Civil Action No. 1:19-CV-11711-LGS |
| Plaintiffs, | |
| v. | |
| PELOTON INTERACTIVE, INC., | |
| Defendant. | |

**PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSION**

Please take notice that, pursuant to Federal Rules of Civil Procedure 26 and 30, Plaintiffs Eric Passman, Ishmael Alvarado, Jill Schneider, and Alicia Pearlman, by and through their counsel, hereby request that Defendant Peloton Interactive, Inc. ("Peloton") admit or deny, in accordance with the Definitions and Instructions set forth herein, in writing, the matters in the following requests by April 7, 2026, and serve a copy of the written responses upon the undersigned counsel. For failure to timely respond to these Requests for Admission, every matter set forth in this request may be deemed admitted and conclusively established against Peloton for purposes of this action.

**DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and Local Rule 26.3.

1. For purposes of these Requests, "Document" and "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

2. For purposes of these Requests, "Class Library" means or refers to the collection of on-demand video content available through Your services, as referred to at https://onepeloton.com/bike/classes (last accessed Nov. 11, 2019).

3. For purposes of these Requests, "Peloton" or "You" means Respondent Peloton Interactive Inc. and, where applicable its officers, directors, members, current and former employees, partners, corporate parents, subsidiaries, affiliates, predecessors, successors in interest, any other legal entities, whether foreign or domestic, that are owned or controlled by Peloton Interactive Inc., and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or part by Peloton Interactive Inc.

4. The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all"; "any" means "any and all."  "Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or."  Words in the masculine, feminine, or neuter form shall include each of the other genders.

5. If You find the meaning of any term in these Requests to be unclear, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

## INSTRUCTIONS

1.      The rules of construction of this Court as set forth in Local Rule 26.3 are incorporated herein by reference

2.      Each request shall be construed according to its terms and shall not be limited with reference to any other request.

3.      If You deny only a portion of a Request for Admission, specify in full and complete detail (a) the portion of the Request for Admission that is denied, (b) the reasons for Your denial, and (c) those positions that are admitted as true.

4.      If You object to a Request for Admission, specify in full the reasons for Your objection.

5.      If, after a reasonable and thorough investigation using due diligence, You are unable to answer any Request for Admission, specify in full (a) the information that You claim is not available, (b) the reason the information is not available to You; and (c) the steps You have taken to locate such information.

## REQUESTS FOR ADMISSION

36.      Admit that for years You characterized Your on-demand Class Library as ever-growing or growing.

37.      Admit that Your website included multiple separate webpages where You characterized Your on-demand Class Library as ever-growing or growing.

38.      Admit that You characterized Your on-demand Class Library as ever-growing or growing on Your website where You described Your company and its story.

39.      Admit that separate webpages on Your website where You characterized Your on-demand Class Library as ever-growing or growing included the following:

3

    a.   www.onepeloton.com/shop/bike
    b.   www.onepeloton.com/tread
    c.   www.onepeloton.com/digital
    d.   www.onepeloton.com/financing

40.    Admit that between hundreds of thousands and millions of unique consumers visited each of the webpages in Request for Admission 39 above between July 2017 and June 2019.

41.    Admit that each of the webpages in Request for Admission 39 above had between hundreds of thousands and millions of unique pageviews between July 2017 and June 2019.

42.    Admit that millions of unique consumers visited Your website between July 2017 and June 2019.

43.    Admit that You characterized Your on-demand Class Library as ever-growing or growing through multiple media channels, including Your website, internet advertisements, radio, and podcasts.

44.    Admit that Your multiple advertisements in which You characterized Your on-demand Class Library as ever-growing or growing were intended to reach at least many thousands of consumers.

45.    Admit that Your multiple advertisements in which You characterized Your on-demand Class Library as ever-growing or growing reached at least many thousands of consumers.

46.    Admit that between July 2017 and June 2019 You did not accept cash as a form of payment for Your hardware (bike and tread) and subscription services.

47.    Admit that between July 2017 and June 2019 You required electronic payment (*i.e.*, credit card, debit from a bank account, wire, or similar means) for Your hardware (bike and tread) and subscription services.

Dated:  March 10, 2026

*/s/ Adam J. Levitt*

Adam J. Levitt
Adam Prom (*pro hac vice*)
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone: (312) 214-7900
alevitt@dicellolevitt.com
aprom@dicellolevitt.com

Chuck Dender
cdender@dicellolevitt.com
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, New York  10017
Telephone: (646) 933-1000

Benjamin J. Whiting
Alex J. Dravillas (*pro hac vice*)
**KELLER POSTMAN LLC**
150 North Riverside Plaza, Suite 4100
Chicago, Illinois  60606
Telephone: (312) 741-5222
ben.whiting@kellerpostman.com
ajd@kellerpostman.com

Aaron M. Zigler
**ZIGLER LAW GROUP, LLC**
308 South Jefferson Street, Suite 333
Chicago, Illinois  60661
Telephone: (312) 673-8427
aaron@ziglerlawgroup.com

***Counsel for Plaintiffs
and the Proposed Class***

5