# Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ERIC PASSMAN, ISHMAEL ALVARADO, JILL SCHNEIDER, and ALICIA PEARLMAN, individually and on behalf of all others similarly situated,

                    Plaintiffs,

        v.

PELOTON INTERACTIVE, INC.,

                   Defendant.

Case No. 1:19-cv-11711 (LGS)

---

**DEFENDANT PELOTON INTERACTIVE, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' AMENDED THIRD AND FOURTH SETS OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Peloton Interactive, Inc. ("Peloton") hereby responds and objects to Plaintiffs Eric Passman, Ishmael Alvarado, Jill Schneider, and Alicia Pearlman's ("Plaintiffs") Amended Third and Fourth Sets of Interrogatories, dated March 10, 2026 ("Interrogatories"), as follows:

**RECURRING SPECIFIC OBJECTIONS**

Peloton asserts the following Recurring Specific Objections, which are incorporated by reference into each specific response set forth below. These Recurring Specific Objections govern the scope of any response made by Peloton to all Interrogatories, and are neither waived nor limited by Peloton's specific responses and objections. The fact that a specific response or objection may mention one or more of the following Recurring Specific Objections does not mean that the other Recurring Specific Objections do not apply to that Interrogatory.

1.      Peloton objects to the Interrogatories to the extent that any Interrogatory is inconsistent with the form and scope of interrogatories permitted under Local Rule 33.3.

2.      Peloton objects to the Interrogatories to the extent that any Interrogatory seeks to impose on Peloton any obligations beyond those authorized under the Federal Rules of Civil Procedure, this Court's local rules or standing orders, any case management order entered in this case, any other applicable court orders, rules or laws, or any agreements entered into among the parties.

3.      Peloton objects to the Interrogatories to the extent that any Interrogatory seeks information that is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  *See* Fed. R. Civ. P. 26(b)(2)(ii).  Peloton also objects to the Interrogatories to the extent that any Interrogatory seeks information that is already in the possession, custody, or control of Plaintiffs or their attorneys, including by virtue of Peloton's prior productions of documents to Plaintiffs, and for which the burden on Plaintiffs to obtain the information sought is no greater than the burden on Peloton.

4.      Peloton objects to the Interrogatories to the extent that any Interrogatory seeks information, including financial information, personal information, confidential information, proprietary business information, competitively sensitive business or commercial information, strategic planning information, trade secrets, or other sensitive or private information, that is protected or prohibited from disclosure under applicable law, statutes, regulations, rules, case law, or any other legal authority, including, but not limited to, the right of privacy, as well as any other confidentiality rights possessed by third parties.  Peloton also objects to the Interrogatories to the extent that any Interrogatory seeks information that is protected from disclosure by any

confidentiality or nondisclosure agreement, protective order, or other confidentiality requirement that is binding upon Peloton.

5.      Peloton objects to the Interrogatories to the extent that any Interrogatory seeks information protected by the attorney-client or attorney work product privileges or any other applicable privilege, protection, or immunity from discovery.  Any inadvertent disclosure of such information or documents shall not be deemed a waiver of (a) any such applicable privilege, protection, or immunity or (b) any other grounds for objecting to discovery with respect to such protected information or documents.

6.      Peloton objects to the Interrogatories as vague and ambiguous to the extent that any Interrogatory contains terms or phrases that Peloton cannot interpret or understand and to the extent the terms and/or phrases used therein are undefined.

7.      Peloton objects to the Interrogatories to the extent that any Interrogatory, as worded, assumes or appears to assume that any fact, event, assumption, premise, or characterization stated therein is true or accurate.  Peloton's responses to the Interrogatories do not acknowledge or concede that any fact, event, assumption, premise, or characterization in those Interrogatories is correct.

8.      Peloton objects to the Interrogatories to the extent that any Interrogatory is overbroad, unduly burdensome, or not proportional to the claims and defenses in this action. Peloton also objects to the Interrogatories to the extent that any Interrogatory seeks information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.  Peloton also objects to the Interrogatories as overly broad and unduly burdensome to the extent that any Interrogatory seeks "all" information when a subset of information would be sufficient.  Peloton also objects to the Interrogatories as unduly

3

burdensome to the extent that any Interrogatory seeks information from a time period beyond that for which Peloton agreed to produce documents:  January 1, 2016 – December 31, 2019.  Unless specified otherwise, where Peloton has responded to a particular Interrogatory, such response is for the time period January 1, 2016 – December 31, 2019.

9.  Peloton objects to the Interrogatories to the extent that any Interrogatory seeks information that is outside the possession, custody, or control of Peloton.

10.  Peloton objects to the Interrogatories to the extent that any Interrogatory purports to require more than a reasonably diligent search for information from reasonably accessible sources from which responsive information reasonably can be expected to be found, or to the extent that any Interrogatory seeks to require Peloton to undertake a search for information that is not centrally maintained on Peloton's servers by, or on behalf of, persons believed to have significant involvement in the matters at issue in this case.  Any specific Interrogatory that seeks to require Peloton to exceed such a reasonably diligent search is overly broad and unduly burdensome.

11.  Peloton's responses and objections are made without prejudice to, and are not a waiver of, Peloton's right to rely on other facts or documents at trial.

12.  Peloton provides the following responses and objections without waiving its right to produce evidence at trial, or in any other proceedings in this action, of any subsequently ascertained facts.

13.  By making these responses and objections to Plaintiffs' Interrogatories, Peloton does not waive, and hereby reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.  Further, Peloton

4

makes the responses and objections herein without in any way implying that it considers the Interrogatories or responses thereto to be relevant or material to the subject matter of this action.

14. Peloton expressly reserves the right to supplement, clarify, revise, or correct any or all responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s). However, Peloton undertakes no obligation to supplement, amend or modify its responses except as required by the Federal Rules of Civil Procedure and the Local Rules.

## OBJECTIONS AND RESPONSES TO DEFINITIONS AND INSTRUCTIONS

1. Peloton objects to the definitions set forth in Plaintiffs' Interrogatories to the extent that they are overbroad, misstate or mischaracterize the facts, or are otherwise inaccurate or misleading.

2. Peloton objects to Plaintiffs' definitions of "Concerning," "Identify," and "State" as vague, confusing, overbroad, and unduly burdensome, including to the extent they conflict with the definitions of these terms as set forth in Local Rule 26.3(c).

3. Peloton objects to Plaintiffs' definitions of "Peloton" and "You" to the extent that they seek information beyond Peloton's possession, custody, or control or exceed the permissible scope of discovery. Peloton will interpret "Peloton" and "You" to refer only to Peloton and will only provide information within Peloton's possession, custody, or control.

4. Peloton objects to Plaintiffs' definition of "Class Library" as vague, confusing, overbroad, and unduly burdensome, including to the extent it is not limited to any specific time period.

5. Peloton objects to Plaintiffs' Instructions, including Instructions 2, 3, 4, 5, 6, and 7, to the extent they impose any obligation on Peloton beyond the obligations imposed by the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Individual Rules and Orders.

5

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the time, place, and manner of any marketing or other public statements where You characterize Your on-demand Class Library as ever-growing or growing, including the people (at Peloton or another company) involved in creating the marketing or the public statements where You characterize Your on-demand Class Library as ever-growing or growing.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3. Plaintiffs have already sought this same information pursuant to their requests for production—including Requests Nos. 17, 23, and 24—and 30(b)(6) Deposition Notice. Further, Plaintiffs already conducted an entire deposition focused on "the who, what, when, where, why of Peloton's 'growing and ever-growing' library." *See* Tisch-Blodgett Dep. at 11:5–7. Peloton also objects to this Interrogatory on the grounds that it is cumulative or duplicative of documents and deposition testimony already provided to Plaintiffs in this action, as well as information sought through Interrogatory No. 3 in Plaintiffs' Second Set of Interrogatories. Peloton also objects to the undefined phrases "manner" and "characterize" as vague and ambiguous. Peloton also objects to this Interrogatory on the grounds that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content. Peloton also objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims and defenses in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Peloton also objects to this Interrogatory as vague and unduly burdensome because it is not limited to a particular time period.

Subject to and without waiving any foregoing objections, Peloton refers Plaintiffs to the documents, testimony, information, and responses discussed in the preceding paragraph. Peloton will not provide a further response to this Interrogatory based on Peloton's objections.

**INTERROGATORY NO. 2:**

Identify the time, place, and manner of any marketing or other public statements concerning Your on-demand Class Library made during the period in which You were characterizing Your on-demand Class Library as ever-growing or growing.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3. Plaintiffs have already sought this same information pursuant to their requests for production—including Requests Nos. 17, 23, and 24—and 30(b)(6) Deposition Notice. Further, Plaintiffs already conducted an entire deposition focused on "the who, what, when, where, why of Peloton's 'growing and ever-growing' library." *See* Tisch-Blodgett Dep. at 11:5–7. Peloton also objects to this Interrogatory on the grounds that it is cumulative or duplicative of documents and deposition testimony already provided to Plaintiffs in this action, as well as information sought through Interrogatory No. 1. Peloton also objects to the undefined phrases "manner" and "characterizing" as vague and ambiguous. Peloton also objects to this Interrogatory on the grounds that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content. Peloton also objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims and defenses in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome.

Subject to and without waiving any foregoing objections, Peloton refers Plaintiffs to the documents, testimony, information, and responses discussed in the preceding paragraph.  Peloton will not provide a further response to this Interrogatory based on Peloton's objections.

**INTERROGATORY NO. 3:**

Identify the number of visitors between July 2017 and June 2019 to Your webpages where You characterize Your on-demand Class Library as ever-growing or growing.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3.  Plaintiffs have already sought this same information pursuant to their requests for production—including Request No. 24—and 30(b)(6) Deposition Notice.  *See, e.g.*, Stanton 30(b)(6) Dep. at 156:13–157:24.  Peloton also objects to this Interrogatory on the grounds that it is cumulative or duplicative of deposition testimony already provided to Plaintiffs in this action, as well as information sought through Interrogatory No. 7.   Peloton also objects to this Interrogatory to the extent it assumes that Peloton tracked "the number of visitors" to each of its individual webpages, or that Peloton has any knowledge or understanding of the number of visitors to each of its individual webpages.  Peloton also objects to the undefined phrases "visitors," "characterize," and "webpages" as vague and ambiguous.  Peloton also objects to this Interrogatory on the grounds that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content.  Peloton also objects to this Interrogatory as unduly burdensome, disproportionate, and irrelevant because it seeks information about traffic for Peloton's webpages for a time period beyond the class period as specified in Plaintiffs' First Amended Complaint, ECF No. 351, and starting nearly nine years ago.  Peloton

8

also objects to this Interrogatory on the grounds that Plaintiffs did not serve this Interrogatory with their original Third and Fourth Sets of Interrogatories, meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would seek discovery that "previous orders from the prior judge . . . prevented . . . from being conducted," and Plaintiffs' failure to seek this information earlier in this case shows that the information is not relevant to Plaintiffs' claims or Peloton's defenses and that the burdens of providing this information are disproportionate to the needs of the case.  ECF No. 359 at 2.  Peloton also objects to this Interrogatory to the extent it requests information cumulative or duplicative of website traffic analytics that Plaintiffs have already obtained and used in this litigation.  *See* ECF No. 233 ¶ 41; ECF No. 233-41.

Subject to and without waiving any foregoing objections, Peloton refers Plaintiffs to the documents, testimony, information, and responses discussed in the preceding paragraph.  Peloton will not provide a further response to this Interrogatory based on Peloton's objections.

**INTERROGATORY NO. 4:**

Why did You choose to publicly market or otherwise characterize Your on-demand Class Library as ever-growing and growing?

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3.  Plaintiffs have already sought this same information pursuant to their requests for production—including Request No. 24—and 30(b)(6) Deposition Notice.  *See, e.g.*, Stanton 30(b)(6) Dep. at 142:20–145:23.  Further, Plaintiffs already conducted an entire deposition focused on "the who, what, when, where, why of Peloton's 'growing and ever-growing' library."  *See* Tisch-Blodgett Dep. at 11:5–7.  Peloton also objects to this Interrogatory on the grounds that it is

9

cumulative or duplicative of documents and deposition testimony already provided to Plaintiffs in this action.  Peloton also objects to the undefined phrase "characterize" as vague and ambiguous. Peloton also objects to this Interrogatory to the extent it assumes that Peloton made a deliberate choice to use the phrase "ever-growing and growing" to "publicly market or otherwise characterize" its "on-demand Class Library."  Peloton also objects to this Interrogatory on the grounds that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content.  Peloton also objects to this Interrogatory as vague and unduly burdensome because it is not limited to a particular time period.

Subject to and without waiving any foregoing objections, Peloton refers Plaintiffs to the documents, testimony, information, and responses discussed in the preceding paragraph.  Peloton will not provide a further response to this Interrogatory based on Peloton's objections.

**INTERROGATORY NO. 5:**

Identify the intended recipients of any marketing or other public statements where You characterize Your on-demand Class Library as ever-growing or growing.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3.  Plaintiffs have already sought this same information pursuant to their requests for production—including Requests Nos. 5 and 24—and 30(b)(6) Deposition Notice.  *See, e.g.,* Stanton 30(b)(6) Dep. at 145:24–148:7.  Further, Plaintiffs already conducted an entire deposition focused on "the who, what, when, where, why of Peloton's 'growing and ever-growing' library." *See* Tisch-Blodgett Dep. at 11:5–7.  Peloton also objects to this Interrogatory on the grounds that it is cumulative or duplicative of documents and deposition testimony already provided to

10

Docusign Envelope ID: D055F779-3398-84A2-83FD-44604FBBF0FD

Plaintiffs in this action, as well as information sought through Interrogatories Nos. 1–2. Peloton also objects to this Interrogatory to the extent it assumes that there were specific "intended recipients" of Peloton's marketing or other public statements describing its on-demand class library as "ever-growing or growing." Peloton also objects to the undefined phrases "intended recipients" and "characterize" as vague and ambiguous. Peloton also objects to this Interrogatory on the grounds that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content. Peloton also objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims and defenses in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Peloton also objects to this Interrogatory as vague and unduly burdensome because it is not limited to a particular time period. Peloton also objects to this Interrogatory on the grounds that Plaintiffs did not serve this Interrogatory with their original Third and Fourth Sets of Interrogatories, meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would seek discovery that "previous orders from the prior judge . . . prevented . . . from being conducted," and Plaintiffs' failure to seek this information earlier in this case shows that the information is not relevant to Plaintiffs' claims or Peloton's defenses and that the burdens of providing this information are disproportionate to the needs of the case. ECF No. 359 at 2.

Subject to and without waiving any foregoing objections, Peloton refers Plaintiffs to the documents, testimony, information, and responses discussed in the preceding paragraph. Peloton will not provide a further response to this Interrogatory based on Peloton's objections.

**INTERROGATORY NO. 6:**

What were the intended effect(s) of any marketing or other public statements where You characterize Your on-demand Class Library as ever-growing or growing?

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3. Plaintiffs have already sought this same information pursuant to their requests for production—including Requests Nos. 5 and 24—and 30(b)(6) Deposition Notice. Further, Plaintiffs already conducted an entire deposition focused on "the who, what, when, where, why of Peloton's 'growing and ever-growing' library." *See* Tisch-Blodgett Dep. at 11:5–7. Peloton also objects to this Interrogatory on the grounds that it is cumulative or duplicative of documents and deposition testimony already provided to Plaintiffs in this action, as well as information sought through Interrogatories Nos. 1–2. Peloton also objects to this Interrogatory to the extent it assumes that there were specific "intended effect(s)" of Peloton's marketing or other public statements describing its on-demand class library as "ever-growing or growing." Peloton also objects to the undefined phrases "intended effect(s)" and "characterize" as vague and ambiguous. Peloton also objects to this Interrogatory on the grounds that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content. Peloton also objects to this Interrogatory as vague and unduly burdensome because it is not limited to a particular time period.

Subject to and without waiving any foregoing objections, Peloton refers Plaintiffs to the documents, testimony, information, and responses discussed in the preceding paragraph. Peloton will not provide a further response to this Interrogatory based on Peloton's objections.

**INTERROGATORY NO. 7:**

Identify from April 9, 2018 through March 25, 2019 the actual or estimated consumer penetration or reach of Your public marketing or other statements where You characterize Your on-demand Class Library as ever-growing or growing.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3. Plaintiffs have already sought this same information pursuant to their requests for production—including Request No. 24—and 30(b)(6) Deposition Notice. *See, e.g.*, Stanton 30(b)(6) Dep. at 156:13–157:24. Peloton also objects to this Interrogatory on the grounds that it is cumulative or duplicative of documents and deposition testimony already provided to Plaintiffs in this action, as well as information sought through Interrogatories Nos. 1–3. Peloton also objects to this Interrogatory to the extent it assumes that Peloton estimated the "penetration" or "reach" of its "public marketing or other statements" characterizing its on-demand class library as "ever-growing or growing," or that Peloton has any knowledge or understanding of the actual penetration or reach of this characterization. Peloton also objects to the undefined phrases "penetration," "characterize," and "reach" as vague and ambiguous. Peloton also objects to this Interrogatory on the grounds that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content. Peloton also objects to this Interrogatory to the extent it seeks information that Peloton would not have access to, including information about marketing or other public statements disseminated by third parties other than Peloton. Peloton also objects to this Interrogatory to the extent it is a more proper subject for expert testimony. Peloton also objects to this Interrogatory on the grounds that Plaintiffs did not

13

serve this Interrogatory with their original Third and Fourth Sets of Interrogatories, meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would seek discovery that "previous orders from the prior judge . . . prevented . . . from being conducted," and Plaintiffs' failure to seek this information earlier in this case shows that the information is not relevant to Plaintiffs' claims or Peloton's defenses and that the burdens of providing this information are disproportionate to the needs of the case. ECF No. 359 at 2. Peloton also objects to this Interrogatory to the extent it requests information cumulative or duplicative of website traffic analytics that Plaintiffs have already obtained and used in this litigation. *See* ECF No. 233 ¶ 41; ECF No. 233-41.

Subject to and without waiving any foregoing objections, Peloton refers Plaintiffs to the documents, testimony, information, and responses discussed in the preceding paragraph. Peloton will not provide a further response to this Interrogatory based on Peloton's objections.

**INTERROGATORY NO. 8:**

Identify from April 9, 2018 through March 25, 2019 how You set the price of Your hardware (bike or tread) and subscription services, including the relevant factors, and any reasons for a price premium over competitors.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3. Plaintiffs have already sought this same information pursuant to their requests for production—including Requests Nos. 6, 22, 33, 37, 37, 46–52, 55, and 58—and 30(b)(6) Deposition Notice. *See, e.g.*, Stanton 30(b)(6) Dep. at 164:4–180:21. Peloton also objects to this Interrogatory on the grounds that it is cumulative or duplicative of documents and deposition

14

testimony already provided to Plaintiffs in this action.  Peloton also objects to this Interrogatory to the extent it assumes that a "price premium" existed for Peloton's products and services relative to Peloton's competitors, if any.  Peloton also objects to the undefined phrases "price premium" and "competitors" as vague and ambiguous.  Peloton also objects to this Interrogatory on the grounds that Plaintiffs did not serve this Interrogatory with their original Third and Fourth Sets of Interrogatories, meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would seek discovery that "previous orders from the prior judge . . . prevented . . . from being conducted," and Plaintiffs' failure to seek this information earlier in this case shows that the information is not relevant to Plaintiffs' claims or Peloton's defenses and that the burdens of providing this information are disproportionate to the needs of the case.  ECF No. 359 at 2.  Peloton also objects to this Interrogatory on the grounds that it does not relate to the phrases "ever-growing" or "growing," meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would use interrogatories "regarding issues such as Peloton's use of the phrases 'ever-growing' or 'growing' to characterize its class library." ECF No. 364 at 4.

Subject to and without waiving any foregoing objections, Peloton refers Plaintiffs to the documents, testimony, information, and responses discussed in the preceding paragraph.  Peloton will not provide a further response to this Interrogatory based on Peloton's objections.

**INTERROGATORY NO. 9:**

From April 9, 2018 through March 25, 2019 how much did You pay to create, market, or otherwise distribute Your public characterization of Your on-demand Class Library as ever-growing or growing?

15

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3. Plaintiffs already conducted an entire deposition focused on "the who, what, when, where, why of Peloton's 'growing and ever-growing' library." *See* Tisch-Blodgett Dep. at 11:5–7. Peloton also objects to this Interrogatory on the grounds that it is cumulative or duplicative of information sought through Interrogatory No. 9 in Plaintiffs' Original Third Set of Interrogatories, which Peloton responded to. Peloton also objects to the undefined phrases "pay to create, market, or otherwise distribute" and "public characterization" as vague and ambiguous. Peloton also objects to this Interrogatory on the grounds that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content. Peloton also objects to this Interrogatory to the extent it suggests that Peloton segments its spending for marketing or other public characterizations of its on-demand class library as "ever-growing or growing." Peloton also objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims and defenses in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Peloton also objects to this Interrogatory on the grounds that Plaintiffs did not serve this Interrogatory with their original Third and Fourth Sets of Interrogatories, meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would seek discovery that "previous orders from the prior judge . . . prevented . . . from being conducted," and Plaintiffs' failure to seek this information earlier in this case shows that the information is not relevant to Plaintiffs' claims or Peloton's defenses and that the burdens of providing this information are disproportionate to the needs of the case. ECF No. 359 at 2.

16

Subject to and without waiving any foregoing objections, Peloton refers Plaintiffs to the testimony, information, and responses discussed in the preceding paragraph. Peloton will not provide a further response to this Interrogatory based on Peloton's objections.

**INTERROGATORY NO. 10:**

State all facts supporting Your contention that Your hardware (bike or tread) and subscription services do not command a price premium.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to the undefined phrases "subscription services," "command," and "price premium" as vague and ambiguous. Peloton also objects to this Interrogatory to the extent it is a more proper subject for expert testimony. Peloton also objects to this Interrogatory as vague and unduly burdensome because it is not limited to a particular time period. Peloton also objects to this Interrogatory on the grounds that Plaintiffs did not serve this Interrogatory with their original Third and Fourth Sets of Interrogatories, meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would seek discovery that "previous orders from the prior judge . . . prevented . . . from being conducted," and Plaintiffs' failure to seek this information earlier in this case shows that the information is not relevant to Plaintiffs' claims or Peloton's defenses and that the burdens of providing this information are disproportionate to the needs of the case. ECF No. 359 at 2. Peloton also objects to this Interrogatory on the grounds that it does not relate to the phrases "ever-growing" or "growing," meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would use interrogatories "regarding issues such as Peloton's use of the phrases 'ever-growing' or 'growing' to characterize its class library." ECF No. 364 at 4.

Subject to and without waiving any foregoing objections, Peloton refers Plaintiffs to Peloton's briefing on Plaintiffs' class certification motions (*see, e.g.*, ECF No. 138 at 2–3, 26–30; ECF No. 251 at 1–2, 19–24), Peloton's briefing on its motions to exclude the testimony of Plaintiffs' experts (*see, e.g.*, ECF No. 139 at 1, 7–16, 23–25; ECF No. 161 at 1–5, 6–9; ECF No. 252 at 1–2, 7–16, 22–25; ECF No. 276 at 1–8; ECF No. 302 at 1–2, 11–25; ECF No. 313 at 1–5, 6–8), and Peloton's briefing on its motion for summary judgment (*see, e.g.*, ECF No. 301 at 11–22; ECF No. 314 at 2–9), as well as the declarations and exhibits underlying those briefs.

## INTERROGATORY NO. 11:

Identify each person, other than current Peloton employees, who had advanced knowledge of Peloton's plans to remove classes from the on-demand Class Library due to alleged copyright infringement, including but not limited to the removals on or about March 25, 2019.

## RESPONSE TO INTERROGATORY NO. 11:

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3. Peloton also objects to the undefined phrase "advanced knowledge" as vague and ambiguous. Peloton also objects to this Interrogatory on the grounds that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content. Peloton also objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims and defenses in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Peloton also objects to this Interrogatory as vague and unduly burdensome because it is not limited to a particular time period. Peloton also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Peloton also objects

18

to this Interrogatory on the grounds that it does not relate to the phrases "ever-growing" or "growing," meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would use interrogatories "regarding issues such as Peloton's use of the phrases 'ever-growing' or 'growing' to characterize its class library." ECF No. 364 at 4.

For the foregoing reasons, Peloton will not provide a response to this Interrogatory.

**INTERROGATORY NO. 12:**

Identify each person, other than current Peloton employees, who had knowledge of Peloton's use of unlicensed music in its on-demand Class Library from January 1, 2017 to April 30, 2019.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3. Peloton also objects to the undefined phrase "use of unlicensed music" as vague and ambiguous. Peloton also objects to this Interrogatory on the grounds that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content. Peloton also objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims and defenses in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Peloton also objects to this Interrogatory as unduly burdensome, disproportionate, and irrelevant because it seeks information about non-Peloton employees for a time period beyond the class period as specified in Plaintiffs' First Amended Complaint, ECF No. 351, and starting more than nine years ago. Peloton also objects to this Interrogatory to the extent it calls for a legal conclusion regarding whether Peloton used "unlicensed" music. Peloton also objects to this Interrogatory on the grounds

that Plaintiffs did not serve this Interrogatory with their original Third and Fourth Sets of Interrogatories, meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would seek discovery that "previous orders from the prior judge . . . prevented . . . from being conducted," and Plaintiffs' failure to seek this information earlier in this case shows that the information is not relevant to Plaintiffs' claims or Peloton's defenses and that the burdens of providing this information are disproportionate to the needs of the case. ECF No. 359 at 2. Peloton also objects to this Interrogatory on the grounds that it does not relate to the phrases "ever-growing" or "growing," meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would use interrogatories "regarding issues such as Peloton's use of the phrases 'ever-growing' or 'growing' to characterize its class library." ECF No. 364 at 4.

For the foregoing reasons, Peloton will not provide a response to this Interrogatory.

**INTERROGATORY NO. 13:**

Identify all cease-and-desist letters received by Peloton from January 1, 2017 to March 25, 2019 for alleged copyright infringement.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3. Peloton also objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims and defenses in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Peloton also objects to this Interrogatory as unduly burdensome, disproportionate, and irrelevant because it seeks information for a time period beyond the class period as specified in Plaintiffs' First Amended Complaint, ECF

20

No. 351, and starting more than nine years ago.  Peloton also objects to this Interrogatory on the grounds that Plaintiffs did not serve this Interrogatory with their original Third and Fourth Sets of Interrogatories, meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would seek discovery that "previous orders from the prior judge . . . prevented . . . from being conducted," and Plaintiffs' failure to seek this information earlier in this case shows that the information is not relevant to Plaintiffs' claims or Peloton's defenses and that the burdens of providing this information are disproportionate to the needs of the case.  ECF No. 359 at 2.  Peloton also objects to this Interrogatory on the grounds that it does not relate to the phrases "ever-growing" or "growing," meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would use interrogatories "regarding issues such as Peloton's use of the phrases 'ever-growing' or 'growing' to characterize its class library." ECF No. 364 at 4.

Subject to and without waiving any foregoing objections, Peloton states that it has already produced responsive letters to Plaintiffs, *see, e.g.*, PELFISH0072794 (May 17, 2016); PELFISH0028530 (February 26, 2018), and the burden of deriving or ascertaining the answer to this Interrogatory from the documents Peloton already produced would be substantially the same for either party, *see* Fed. R. Civ. P. 33(d).

**<u>INTERROGATORY NO. 14</u>:**

State all facts supporting Your contention that there is no basis to infer sufficient consumer exposure to statements where You characterize Your on-demand Class Library as ever-growing or growing.  *See, e.g.*, Dkt. 251 at 2.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to the undefined phrases "sufficient consumer exposure" and "characterize" as vague and ambiguous. Peloton also objects to this Interrogatory on the grounds that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content. Peloton also objects to this Interrogatory to the extent it is a more proper subject for expert testimony. Peloton also objects to this Interrogatory on the grounds that Plaintiffs did not serve this Interrogatory with their original Third and Fourth Sets of Interrogatories, meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would seek discovery that "previous orders from the prior judge . . . prevented . . . from being conducted," and Plaintiffs' failure to seek this information earlier in this case shows that the information is not relevant to Plaintiffs' claims or Peloton's defenses and that the burdens of providing this information are disproportionate to the needs of the case. ECF No. 359 at 2.

Subject to and without waiving any foregoing objections, Peloton refers Plaintiffs to Peloton's briefing on Plaintiffs' class certification motions (*see, e.g.*, ECF No. 138 at 2–3, 13–15, 20–22, 25–26; ECF No. 251 at 2, 19–22), Peloton's briefing on its motions to exclude the testimony of Plaintiffs' experts (*see, e.g.*, ECF No. 139 at 10–13; ECF No. 161 at 1–5; ECF No. 252 at 1–2, 14–16, 25; ECF No. 276 at 1–6, 10; ECF No. 302 at 1–2, 12–15; ECF No. 313 at 2–5), and Peloton's briefing on its motion for summary judgment (*see, e.g.*, ECF No. 301 at 24; ECF No. 314 at 9–10), as well as the declarations and exhibits underlying those briefs.

**INTERROGATORY NO. 15:**

State all of the facts supporting Your contention that a reasonable consumer could have interpreted ever-growing or growing Class Library to mean something other than increasing in absolute size.

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it is cumulative or duplicative of documents and deposition testimony already provided to Plaintiffs in this action. Peloton also objects to this Interrogatory to the extent it is a more proper subject for expert testimony.

Subject to and without waiving any foregoing objections, Peloton states that a reasonable consumer could have interpreted "ever-growing or growing" class library to mean a class library to which new content is being added because that is a common use of these phrases and a key attribute of Peloton's on-demand class library, and this is how Peloton employees have understood these phrases and intended them to be understood. Those facts have been and will be supported by the testimony of both Peloton employees and absent class members. *See, e.g.*, ECF No. 138 at 22–24; ECF No. 251 at 15–17; ECF No. 252 at 19–20; ECF No. 302 at 22; ECF No. 313 at 9.

**INTERROGATORY NO. 16:**

State all characteristics of the Peloton hardware (bike or tread) and subscription services that justify Your pricing of those from April 9, 2018 through March 25, 2019 versus any competitor's hardware or subscription service.

**RESPONSE TO INTERROGATORY NO. 16:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under

23

Local Rule 33.3. Plaintiffs have already sought this same information pursuant to their requests for production and 30(b)(6) Deposition Notice. *See, e.g.*, Stanton 30(b)(6) Dep. at 160:3–180:21. Peloton also objects to this Interrogatory on the grounds that it is cumulative or duplicative of documents and deposition testimony already provided to Plaintiffs in this action related to the characteristics that add value to Peloton's hardware and subscription services. *See, e.g.*, Dillon-Curran Dep. at 83:14–86:3. Peloton also objects to this Interrogatory to the extent it assumes that Peloton has an understanding or views of the characteristics of competitor's hardware or subscription services that justify any purported price premium. Peloton also objects to the undefined phrases "subscription services," "competitor's," and "subscription service" as vague and ambiguous. Peloton also objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims and defenses in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Peloton also objects to this Interrogatory to the extent it is a more proper subject for expert testimony. Peloton also objects to this Interrogatory on the grounds that Plaintiffs did not serve this Interrogatory with their original Third and Fourth Sets of Interrogatories, meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would seek discovery that "previous orders from the prior judge . . . prevented . . . from being conducted," and Plaintiffs' failure to seek this information earlier in this case shows that the information is not relevant to Plaintiffs' claims or Peloton's defenses and that the burdens of providing this information are disproportionate to the needs of the case. ECF No. 359 at 2. Peloton also objects to this Interrogatory on the grounds that it does not relate to the phrases "ever-growing" or "growing," meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would use interrogatories "regarding issues

24

such as Peloton's use of the phrases 'ever-growing' or 'growing' to characterize its class library."

ECF No. 364 at 4.

Subject to and without waiving any foregoing objections, Peloton refers Plaintiffs to the documents, testimony, information, and responses discussed in the preceding paragraph. Peloton will not provide a further response to this Interrogatory based on Peloton's objections.

**INTERROGATORY NO. 17:**

Identify from April 9, 2018 through March 25, 2019 each of Your competitors to Your hardware (bike or tread) and subscription services.

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3. Plaintiffs have already sought this same information pursuant to their requests for production—including Request No. 40—and 30(b)(6) Deposition Notice. *See, e.g.*, Stanton 30(b)(6) Dep. at 159:17–25. Peloton also objects to this Interrogatory on the grounds that it is cumulative or duplicative of documents and deposition testimony already provided to Plaintiffs in this action. *See, e.g.*, PELFISH0027752; Cotter Dep. at 243:20–22. Peloton also objects to the undefined phrases "competitors" and "subscription services" as vague and ambiguous. Peloton also objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims and defenses in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Peloton also objects to this Interrogatory to the extent it is a more proper subject for expert testimony. Peloton also objects to this Interrogatory on the grounds that Plaintiffs did not serve this Interrogatory with their original Third and Fourth Sets of Interrogatories, meaning this Interrogatory is inconsistent with Plaintiffs' position before

25

the Court that Plaintiffs would seek discovery that "previous orders from the prior judge . . . prevented . . . from being conducted," and Plaintiffs' failure to seek this information earlier in this case shows that the information is not relevant to Plaintiffs' claims or Peloton's defenses and that the burdens of providing this information are disproportionate to the needs of the case. ECF No. 359 at 2. Peloton also objects to this Interrogatory on the grounds that it does not relate to the phrases "ever-growing" or "growing," meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would use interrogatories "regarding issues such as Peloton's use of the phrases 'ever-growing' or 'growing' to characterize its class library." ECF No. 364 at 4.

Subject to and without waiving any foregoing objections, Peloton refers Plaintiffs to the documents, testimony, information, and responses discussed in the preceding paragraph. Peloton will not provide a further response to this Interrogatory based on Peloton's objections.

**INTERROGATORY NO. 18:**

Identify from April 9, 2018 through March 25, 2019 the number and percentage of purchases of Peloton hardware and/or Peloton membership subscriptions that occurred through Your website versus over the phone or in store.

**RESPONSE TO INTERROGATORY NO. 18:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3. Peloton also objects to this Interrogatory to the extent it assumes that all purchases of "Peloton hardware and/or Peloton membership subscriptions" occurred through Peloton's "website" or "over the phone or in store." Peloton also objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims and defenses in this action, is

26

not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Peloton also objects to this Interrogatory on the grounds that Plaintiffs did not serve this Interrogatory with their original Third and Fourth Sets of Interrogatories, meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would seek discovery that "previous orders from the prior judge . . . prevented . . . from being conducted," and Plaintiffs' failure to seek this information earlier in this case shows that the information is not relevant to Plaintiffs' claims or Peloton's defenses and that the burdens of providing this information are disproportionate to the needs of the case. ECF No. 359 at 2. Peloton also objects to this Interrogatory on the grounds that it does not relate to the phrases "ever-growing" or "growing," meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would use interrogatories "regarding issues such as Peloton's use of the phrases 'ever-growing' or 'growing' to characterize its class library." ECF No. 364 at 4. Peloton also objects to this Interrogatory on the grounds that it is comprised of multiple subparts, resulting in multiple separate interrogatories. Peloton also objects to this Interrogatory as exceeding the numerical limitation for interrogatories imposed by Rule 33.

For the foregoing reasons, Peloton will not provide a response to this Interrogatory.

**INTERROGATORY NO. 19:**

Identify from April 9, 2018 through March 25, 2019 the number and percentage of electronic payments (*i.e.*, credit card, debit from a bank account, wire, or similar means) for Your hardware (bike and tread) versus other forms of payment (*i.e.* cash or check).

**RESPONSE TO INTERROGATORY NO. 19:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under

27

Local Rule 33.3. Peloton also objects to the undefined phrase "similar means" as vague and ambiguous. Peloton also objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims and defenses in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Peloton also objects to this Interrogatory on the grounds that Plaintiffs did not serve this Interrogatory with their original Third and Fourth Sets of Interrogatories, meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would seek discovery that "previous orders from the prior judge . . . prevented . . . from being conducted," and Plaintiffs' failure to seek this information earlier in this case shows that the information is not relevant to Plaintiffs' claims or Peloton's defenses and that the burdens of providing this information are disproportionate to the needs of the case. ECF No. 359 at 2. Peloton also objects to this Interrogatory on the grounds that it does not relate to the phrases "ever-growing" or "growing," meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would use interrogatories "regarding issues such as Peloton's use of the phrases 'ever-growing' or 'growing' to characterize its class library." ECF No. 364 at 4. Peloton also objects to this Interrogatory on the grounds that it is comprised of multiple subparts, resulting in multiple separate interrogatories. Peloton also objects to this Interrogatory as exceeding the numerical limitation for interrogatories imposed by Rule 33.

For the foregoing reasons, Peloton will not provide a response to this Interrogatory.

**INTERROGATORY NO. 20:**

State the names, addresses, email addresses, and phone numbers for each Peloton user that purchased Peloton hardware and/or a corresponding Peloton membership subscription from April 9, 2018 through March 25, 2019.

**RESPONSE TO INTERROGATORY NO. 20:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3.  Peloton also objects to this Interrogatory to the extent it seeks the identity of Peloton's customers, which is subject to privacy and confidentiality restrictions and is irrelevant because (among other reasons) no class has been certified.  Peloton also objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims and defenses in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome.  Peloton also objects to this Interrogatory on the grounds that it does not relate to the phrases "ever-growing" or "growing," meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would use interrogatories "regarding issues such as Peloton's use of the phrases 'ever-growing' or 'growing' to characterize its class library."  ECF No. 364 at 4.  Peloton also objects to this Interrogatory as exceeding the numerical limitation for interrogatories imposed by Rule 33.

For the foregoing reasons, Peloton will not provide a response to this Interrogatory. However, Peloton would be willing to meet and confer regarding the information sought by this Interrogatory if the Court certifies a class.

**INTERROGATORY NO. 21:**

Explain each public representation You have made about your on-demand Class Library as ever-growing or growing, including but not limited to what was represented in each instance, the way in which each representation was made (website, social media, radio, television, print, email, etc.), where each instance occurred (nationally, globally, etc.), and when each representation was made.

**RESPONSE TO INTERROGATORY NO. 21:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Interrogatory on the grounds that it exceeds the permissible scope of interrogatories under Local Rule 33.3. Plaintiffs have already sought this same information pursuant to their requests for production—including Request No. 24—and 30(b)(6) Deposition Notice. Further, Plaintiffs already conducted an entire deposition focused on "the who, what, when, where, why of Peloton's 'growing and ever-growing' library." *See* Tisch-Blodgett Dep. at 11:5–7. Peloton also objects to this Interrogatory on the grounds that it is cumulative or duplicative of documents and deposition testimony already provided to Plaintiffs in this action, as well as information sought through Interrogatories Nos. 1–2. Peloton also objects to the undefined phrase "instance" as vague and ambiguous. Peloton also objects to this Interrogatory on the grounds that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content. Peloton also objects to this Interrogatory on the basis that it seeks information that is not relevant to the claims and defenses in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Peloton also objects to this Interrogatory as vague and unduly burdensome because it is not limited to a particular time period. Peloton also objects to this Interrogatory on the grounds that Plaintiffs did not serve this Interrogatory with their original Third and Fourth Sets of Interrogatories, meaning this Interrogatory is inconsistent with Plaintiffs' position before the Court that Plaintiffs would seek discovery that "previous orders from the prior judge . . . prevented . . . from being conducted," and Plaintiffs' failure to seek this information earlier in this case shows that the information is not relevant to Plaintiffs' claims or Peloton's defenses and that the burdens of providing this

30

information are disproportionate to the needs of the case.  ECF No. 359 at 2.  Peloton also objects

to this Interrogatory as exceeding the numerical limitation for interrogatories imposed by Rule 33.

For the foregoing reasons, Peloton will not provide a response to this Interrogatory.

Dated:  April 7, 2026

By: /s/ *Andrew Soukup*
Andrew Soukup
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000
asoukup@cov.com

Jordan Joachim
Celin Carlo-Gonzalez
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001
Tel: (212) 841-1000
jjoachim@cov.com
ccarlogonzalez@cov.com

*Counsel for Defendant Peloton
Interactive, Inc.*

32

Docusign Envelope ID: D055F779-3398-84A2-83FD-44604FBBF0FD

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2026, I caused a copy of the foregoing document to be served via electronic mail upon all counsel of record for Plaintiffs in this case.

Dated:  April 7, 2026

By: /s/ *Celin Carlo-Gonzalez*
Celin Carlo-Gonzalez
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001
Tel: (212) 841-1000
ccarlogonzalez@cov.com

*Counsel for Defendant Peloton Interactive, Inc.*

# **VERIFICATION**

I, Amanda Hill, am Senior Vice President, Global Content Strategy & Programming at Peloton Interactive, Inc. ("Peloton"), and I am authorized to provide Verification of discovery responses. I have read the foregoing Peloton Defendant's Responses and Objections to Plaintiffs' Amended Third and Fourth Sets of Interrogatories. I verify the foregoing Peloton Defendant's Responses and Objections to Plaintiffs' Amended Third and Fourth Sets of Interrogatories as true and accurate to the best of my knowledge, information, and belief. To the extent I do not have personal knowledge of the information contained in a particular response, I believe it to be true based on information assembled by authorized employees and/or counsel of Peloton who have informed me that the information is true and accurate.

I declare under penalty of perjury that the foregoing statements are true and accurate on this 7th day of April 2026.

Signed by:

*Amanda Hill*

DE0AA5E8AE6349E

Amanda Hill
Senior Vice President,
Global Content Strategy &
Programming
Peloton Interactive, Inc.

34