# Exhibit 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ERIC PASSMAN, ISHMAEL ALVARADO, JILL
SCHNEIDER, and ALICIA PEARLMAN,
individually and on behalf of all others similarly
situated,

                    Plaintiffs,

        v.

PELOTON INTERACTIVE, INC.,

                    Defendant.

Case No. 1:19-cv-11711 (LGS)

---

**DEFENDANT PELOTON INTERACTIVE, INC.'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules

of this Court, Defendant Peloton Interactive, Inc. ("Peloton") hereby responds and objects to

Plaintiffs Eric Passman, Ishmael Alvarado, Jill Schneider, and Alicia Pearlman's ("Plaintiffs")

Second Set of Requests for Admission, dated March 10, 2026 ("Requests"), as follows:

**RECURRING SPECIFIC OBJECTIONS**

Peloton asserts the following Recurring Specific Objections, which are incorporated by

reference into each specific response set forth below.  These Recurring Specific Objections govern

the scope of any response made by Peloton to all Requests for Admission, and are neither waived

nor limited by Peloton's specific responses and objections.  The fact that a specific response or

objection may mention one or more of the following Recurring Specific Objections does not mean

that the other Recurring Specific Objections do not apply to that Request.

1.      Peloton objects to the Requests as exceeding the scope of discovery contemplated

during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to

serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests.

2.      Peloton objects to each Request to the extent it seeks to impose obligations that differ from or exceed those imposed by the Federal Rules of Civil Procedure and the Local Rules. Peloton will comply with its obligations under these Rules.

3.      Peloton objects to each Request to the extent it seeks information that is not relevant to the subject matter of this action or is not reasonably calculated to lead to the discovery of admissible evidence.  By responding to these Requests, Peloton does not concede the relevance materiality, or admissibility of any of the information sought for use as evidence in any proceeding. Peloton provides its responses subject to and without waiving any objections as to relevance, materiality, or admissibility.  Peloton expressly reserves the right to object to further discovery on the subject matters of these Requests.

4.      Peloton objects to the Requests to the extent that they effectively constitute interrogatories seeking ultimate contentions and conclusions of fact and law, which are improper under Local Civil Rule 33.3 of the Local Rules.

5.      Peloton objects to each Request to the extent it is overly broad, unduly burdensome, vague, ambiguous, harassing and vexatious, and/or oppressive and irrelevant.

6.      Peloton objects to each Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product protection, common interest, joint defense, or any other applicable privileges, rules, doctrines, or immunities, whether created by statute or common law.  Peloton further objects to each Request to the extent that it seeks information prepared in anticipation of litigation or for trial in this or any matter and/or that is subject to protection under Federal Rule of Civil Procedure 26(b)(4)(B).  Peloton will provide

responses that it believes are non-privileged and are otherwise properly discoverable. By providing such information, Peloton does not waive any privileges.

7.      Peloton objects to each Request to the extent that it improperly depends upon or seeks legal conclusions or opinions of law that Peloton is not qualified to provide.

8.      Peloton objects to each Request to the extent that it seeks information in the possession of a third party or otherwise outside of Peloton's possession, custody, or control.

9.      Peloton objects to each Request to the extent that it seeks information with respect to which Peloton is under an obligation to one or more third parties not to disclose.

10.     Peloton objects to each Request to the extent that it fails to specify any relevant time period for the information requested.

11.     Peloton objects to each Request to the extent it seeks information that is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. *See* Fed. R. Civ. P. 26(b)(2)(ii) (made applicable to requests for admission by Fed. R. Civ. P. 36(a)(1)).

12.     Peloton objects to each Request to the extent it seeks information duplicative or cumulative of Plaintiffs' prior Requests for Admission, to which Peloton previously responded.

13.     Peloton objects to Instructions No. 3, 4, and 5 to the extent they impose obligations beyond those established by the Federal Rules of Civil Procedure and Local Rules.

14.     The applicable foregoing Recurring Specific Objections are incorporated into each of the specific objections and responses that follow. Responding to a Request shall not be construed as a waiver of Peloton's Recurring Specific Objections.

15.     Peloton's responses and objections are made without prejudice to, and are not a waiver of, Peloton's right to rely on other facts or documents at trial.

16.      Peloton provides the following responses and objections without waiving its right to produce evidence at trial, or in any other proceedings in this action, of any subsequently ascertained facts.

17.      By making these responses and objections to Plaintiffs' Requests, Peloton does not waive, and hereby reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.  Further, Peloton makes the responses and objections herein without in any way implying that it considers the Requests for Admission or responses thereto to be relevant or material to the subject matter of this action.

18.      Peloton expressly reserves the right to supplement, clarify, revise, or correct any or all responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).  However, Peloton undertakes no obligation to supplement, amend or modify its responses except as required by the Federal Rules of Civil Procedure and the Local Rules.

## OBJECTIONS AND RESPONSES TO DEFINITIONS

1.      Peloton objects to the definitions set forth in Plaintiffs' Requests to the extent that they are overbroad, misstate or mischaracterize the facts, or are otherwise inaccurate or misleading.

2.      Peloton objects to Plaintiffs' definition of "Class Library" as vague, confusing, overbroad, and unduly burdensome, including to the extent it is not limited to any specific time period.

3.      Peloton objects to Plaintiffs' definitions of "Peloton" and "You" to the extent that they seek information beyond Peloton's possession, custody, or control or exceed the permissible

scope of discovery.  Peloton will interpret "Peloton" and "You" to refer only to Peloton and will only provide information within Peloton's possession, custody, or control.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 36:**

Admit that for years You characterized Your on-demand Class Library as ever-growing or growing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Request as exceeding the scope of discovery contemplated during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests.  Peloton objects to the undefined phrase "characterized" as vague and ambiguous. Peloton further objects to this Request as overbroad, not proportional to the needs of the case, and unduly burdensome because the Request is not limited to a specific time period, statement, location, or medium.  Peloton also objects to this Request on the ground that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content.  Peloton further objects to this Request to the extent it is duplicative or cumulative of Requests in Plaintiffs' First Set of Requests for Admission.

Subject to and without waiving any of the preceding objections and limitations, and consistent with Peloton's responses to Request Nos. 2 and 3, Peloton admits that certain of its consumer-facing statements used the phrases "ever-growing" or "growing" to describe the Class Library for a limited period of time.  Peloton otherwise denies this Request.

5

**REQUEST FOR ADMISSION NO. 37:**

Admit that Your website included multiple separate webpages where You characterized Your on-demand Class Library as ever-growing or growing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Request as exceeding the scope of discovery contemplated during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests.  Peloton objects to the undefined phrase "characterized" as vague and ambiguous. Peloton further objects to this Request as overbroad, not proportional to the needs of the case, and unduly burdensome because the Request is not limited to a specific time period, statement, or location.  Peloton also objects to this Request on the ground that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content.  Peloton further objects to this Request to the extent it is duplicative or cumulative of Requests in Plaintiffs' First Set of Requests for Admission.

Subject to and without waiving any of the preceding objections and limitations, and consistent with Peloton's responses to Request Nos. 2 and 3, Peloton admits that certain of its consumer-facing statements used the phrases "ever-growing" or "growing" to describe the Class Library for a limited period of time.  Peloton otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 38:**

Admit that You characterized Your on-demand Class Library as ever-growing or growing on Your website where You described Your company and its story.

6

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Request as exceeding the scope of discovery contemplated during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests. Peloton objects to the undefined phrases "characterized" and "where You described Your company and story" as vague and ambiguous. Peloton further objects to this Request as overbroad, not proportional to the needs of the case, and unduly burdensome because the Request is not limited to a specific time period, statement, or location. Peloton also objects to this Request to the extent it assumes that Peloton "characterized" its "on-demand Class Library as ever-growing or growing," which Peloton denies. Peloton also objects to this Request on the ground that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content. Peloton further objects to this Request to the extent it is duplicative or cumulative of Requests in Plaintiffs' First Set of Requests for Admission.

Subject to and without waiving any of the preceding objections and limitations, and consistent with Peloton's responses to Request Nos. 2 and 3, Peloton admits that certain of its consumer-facing statements used the phrases "ever-growing" or "growing" to describe the Class Library for a limited period of time. Peloton otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 39:**

Admit that separate webpages on Your website where You characterized Your on-demand Class Library as ever-growing or growing included the following:

    a. www.onepeloton.com/shop/bike
    b. www.onepeloton.com/tread
    c. www.onepeloton.com/digital
    d. www.onepeloton.com/financing

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Request as exceeding the scope of discovery contemplated during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests. Peloton objects to the undefined phrases "separate webpages" and "characterized" as vague and ambiguous. Peloton further objects to this Request as overbroad, not proportional to the needs of the case, and unduly burdensome because the Request is not limited to a specific time period or statement. Peloton also objects to this Request to the extent it assumes that Peloton "characterized" its "Class Library" as "ever growing or growing," which Peloton denies. Peloton also objects to this Request on the ground that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content. Peloton further objects to this Request to the extent it is duplicative or cumulative of Requests in Plaintiffs' First Set of Requests for Admission.

Subject to and without waiving any of the preceding objections and limitations, and consistent with Peloton's responses to Request Nos. 2 and 3, Peloton admits that certain of its consumer-facing statements used the phrases "ever-growing" or "growing" to describe the Class Library for a limited period of time. Peloton otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 40:**

Admit that between hundreds of thousands and millions of unique consumers visited each of the webpages in Request for Admission 39 above between July 2017 and June 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Request as exceeding the scope of discovery contemplated during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests. Peloton objects to the undefined phrases "unique consumers" and "visited" as vague and ambiguous. Peloton further objects to this Request on the basis that it is irrelevant to the claims and defenses in this action, overbroad, unduly burdensome, and not proportionate to the needs of the case because it seeks information about traffic for Peloton's entire website for a time period beyond the class period as specified in Plaintiffs' First Amended Complaint, ECF No. 351, and starting nearly nine years ago. Peloton also objects to this request on the ground that it depends on information not in Peloton's possession, custody, or control. Peloton also objects to this Request to the extent that it assumes Peloton will admit any portion of Request 39, and Peloton incorporates by reference its objections and response to Request 39.

Subject to and without waiving any of the preceding objections and limitations, Peloton states that it can neither admit or deny this Request because it depends on information outside of Peloton's possession, custody, or control.

**REQUEST FOR ADMISSION NO. 41:**

Admit that each of the webpages in Request for Admission 39 above had between hundreds of thousands and millions of unique pageviews between July 2017 and June 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Request as exceeding the scope of discovery contemplated during the February 17, 2026

9

scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests. Peloton objects to the undefined phrase "unique pageviews" as vague and ambiguous. Peloton further objects to this Request on the basis that it is irrelevant to the claims and defenses in this action, overbroad, unduly burdensome, and not proportionate to the needs of the case because it seeks information about traffic for Peloton's entire website for a time period beyond the class period as specified in Plaintiffs' First Amended Complaint, ECF No. 351, and starting nearly nine years ago. Peloton also objects to this Request on the ground that it depends on information not in Peloton's possession, custody, or control. Peloton also objects to this Request to the extent that it assumes Peloton will admit any portion of Request 39, and Peloton incorporates by reference its objections and response to Request 39.

Subject to and without waiving any of the preceding objections and limitations, Peloton states that it can neither admit or deny this Request because it depends on information outside of Peloton's possession, custody, or control.

**REQUEST FOR ADMISSION NO. 42:**

Admit that millions of unique consumers visited Your website between July 2017 and June 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Request as exceeding the scope of discovery contemplated during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests. Peloton objects to the undefined phrase "unique consumers" as vague and ambiguous.

Peloton further objects to this Request on the basis that it is irrelevant to the claims and defenses in this action, overbroad, unduly burdensome, and not proportionate to the needs of the case because it seeks information about traffic for Peloton's entire website for a time period beyond the class period as specified in Plaintiffs' First Amended Complaint, ECF No. 351, and starting nearly nine years ago. Peloton also objects to this Request on the ground that it seeks information not in Peloton's possession, custody, or control.

Subject to and without waiving any of the preceding objections and limitations, Peloton states that it can neither admit or deny this Request because it depends on information outside of Peloton's possession, custody, or control.

**REQUEST FOR ADMISSION NO. 43:**

Admit that You characterized Your on-demand Class Library as ever-growing or growing through multiple media channels, including Your website, internet advertisements, radio, and podcasts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Request as exceeding the scope of discovery contemplated during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests. Peloton objects to the undefined phrases "media channels" and "characterized" as vague and ambiguous. Peloton further objects to this Request as overbroad, not proportional to the needs of the case, and unduly burdensome because the Request is not limited to a specific time period, statement, location, or medium. Peloton also objects to this Request on the ground that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library"

11

only includes on-demand content.  Peloton further objects to this Request to the extent it is duplicative or cumulative of Requests in Plaintiffs' First Set of Requests for Admission.

Subject to and without waiving any of the preceding objections and limitations, and consistent with Peloton's responses to Request Nos. 2 and 3, Peloton admits that certain of its consumer-facing statements used the phrases "ever-growing" or "growing" to describe the Class Library for a limited period of time.  Peloton otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 44:**

Admit that Your multiple advertisements in which You characterized Your on-demand Class Library as ever-growing or growing were intended to reach at least many thousands of consumers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Request as exceeding the scope of discovery contemplated during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests.  Peloton objects the undefined phrases "advertisements," "characterized," "intended," "reach," and "consumers" as vague and ambiguous.  Peloton further objects to this Request as overbroad, not proportional to the needs of the case, and unduly burdensome because the Request is not limited to a specific time period, statement, location, or medium.  Peloton also objects to this Request to the extent it assumes that Peloton had "multiple advertisements in which" it "characterized" its "on-demand Class Library as ever-growing or growing," which Peloton denies.  Peloton also objects to this Request on the ground that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand

content.  Peloton further objects to this Request to the extent it is duplicative or cumulative of Requests in Plaintiffs' First Set of Requests for Admission.

Subject to and without waiving any of the preceding objections and limitations, Peloton denies this Request.

**REQUEST FOR ADMISSION NO. 45:**

Admit that Your multiple advertisements in which You characterized Your on-demand Class Library as ever-growing or growing reached at least many thousands of consumers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Request as exceeding the scope of discovery contemplated during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests.  Peloton objects to the undefined phrases "advertisements," "characterized," "reached," and "consumers" as vague and ambiguous.  Peloton further objects to this Request as overbroad, not proportional to the needs of the case, and unduly burdensome because the Request is not limited to a specific time period, statement, location, or medium.  Peloton also objects to this Request to the extent it assumes that Peloton had "multiple advertisements in which" it "characterized" its "on-demand Class Library as ever-growing or growing," which Peloton denies. Peloton also objects to this Request on the ground that the phrase "on-demand Class Library" is vague, ambiguous, and redundant, given that the "Class Library" only includes on-demand content.  Peloton further objects to this Request to the extent it is duplicative or cumulative of Requests in Plaintiffs' First Set of Requests for Admission.

Subject to and without waiving any of the preceding objections and limitations, Peloton denies this Request.

**REQUEST FOR ADMISSION NO. 46:**

Admit that between July 2017 and June 2019 You did not accept cash as a form of payment for Your hardware (bike and tread) and subscription services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Request as exceeding the scope of discovery contemplated during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests. Peloton objects to the undefined phrases "Your hardware (bike and tread)" and "subscription services" as vague and ambiguous. Peloton also objects to this Request on the ground that it is overbroad, irrelevant, and not reasonably proportional to the claims and defenses in this action, including because it seeks information beyond the class period as specified in Plaintiffs' First Amended Complaint. ECF No. 351.

Subject to and without waiving any of the preceding objections and limitations, Peloton admits this Request.

**REQUEST FOR ADMISSION NO. 47:**

Admit that between July 2017 and June 2019 You required electronic payment (*i.e.*, credit card, debit from a bank account, wire, or similar means) for Your hardware (bike and tread) and subscription services.

14

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Request as exceeding the scope of discovery contemplated during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests.   Peloton objects the undefined phrases "Your hardware (bike and tread)" and "subscription services" as vague and ambiguous.   Peloton also objects to this Request on the ground that it is overbroad, irrelevant, and not reasonably proportional to the claims and defenses in this action, including because it seeks information beyond the class period as specified in Plaintiffs' First Amended Complaint.  ECF No. 351.

Subject to and without waiving any of the preceding objections and limitations, Peloton denies this Request.

Dated:  April 7, 2026

By: /s/ *Andrew Soukup*
Andrew Soukup
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000
asoukup@cov.com

Jordan Joachim
Celin Carlo-Gonzalez
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001
Tel: (212) 841-1000
jjoachim@cov.com
ccarlogonzalez@cov.com

*Counsel for Defendant Peloton
Interactive, Inc.*

16

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2026, I caused a copy of the foregoing document to be served via electronic mail upon all counsel of record for Plaintiffs in this case.

Dated:  April 7, 2026

By: /s/ *Celin Carlo-Gonzalez*
Celin Carlo-Gonzalez
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001
Tel: (212) 841-1000
ccarlogonzalez@cov.com

*Counsel for Defendant Peloton Interactive, Inc.*

17