# Exhibit 7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ERIC PASSMAN, ISHMAEL ALVARADO, JILL
SCHNEIDER, and ALICIA PEARLMAN,
individually and on behalf of all others similarly
situated,

                         Plaintiffs,

              v.

PELOTON INTERACTIVE, INC.,

                        Defendant.

Case No. 1:19-cv-11711 (LGS)

---

**DEFENDANT PELOTON INTERACTIVE, INC.'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION**

Peloton Interactive, Inc. ("Peloton"), by and through its attorneys, and pursuant to Rules

26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby

provides responses and objections to Plaintiffs Eric Passman, Ishmael Alvarado, Jill Schneider,

and Alicia Pearlman's (collectively, "Plaintiffs") Fourth Set of Requests for Production dated

March 10, 2026 ("Request(s)") as follows:

**RECURRING SPECIFIC OBJECTIONS**

Peloton asserts the following Recurring Specific Objections, which are incorporated by

reference into each specific response set forth below.  These Recurring Specific Objections govern

the scope of any response made by Peloton to all Requests for Production, and are neither waived

nor limited by Peloton's specific responses and objections.  The fact that a specific response or

objection may mention one or more of the following Recurring Specific Objections does not mean

that the other Recurring Specific Objections do not apply to that Request.

1.      Peloton's responses and objections are made without prejudice to, and are not a waiver of, Peloton's right to rely on other facts or documents at trial.

2.      Peloton provides the following responses and objections without waiving its right to produce evidence at trial, or in any other proceedings in this action, of any subsequently ascertained facts.

3.      By making the accompanying responses and objections to Plaintiffs' Requests, Peloton does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege. Further, Peloton makes the responses and objections herein without in any way implying that it considers the Requests or responses thereto to be relevant or material to the subject matter of this action, or that it is in possession, custody, or control of any documents responsive to the Requests.

4.      Peloton expressly reserves the right to supplement, clarify, revise, or correct all of the responses and objections herein, and to assert additional objections or privileges in one or more subsequent supplemental response(s).  However, Peloton undertakes no obligation to supplement, amend or modify its responses except as required by the Federal Rules of Civil Procedure and the Local Rules.

5.      Peloton incorporates its prior Responses and Objections to Plaintiffs' Requests for Production – Set One, Peloton's Supplemental Responses and Objections to Plaintiffs' Requests for Production – Set One, Peloton's Responses and Objections to Plaintiffs' Requests for Production – Set Two, Peloton's Responses and Objections to Plaintiffs' Requests for Production – Set Three, and Peloton's Supplemental Responses and Objections to Plaintiffs' Requests for Production – Set Three.

6.      Peloton objects to the Requests as exceeding the scope of discovery contemplated during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 59:**

All Documents concerning analysis of traffic to Your website between July 2017 and June 2019, including, but not limited to, the number of visitors, the number of pageviews, and which portions of Your website consumers visited.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Request as exceeding the scope of discovery contemplated during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests.  Peloton further objects to this Request on the basis that it seeks information that is not relevant to the claims and defenses in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome.  Peloton further objects to this Request on the basis that it is overbroad, unduly burdensome, and not proportionate to the needs of the case because it seeks information about traffic for Peloton's entire website for a time period beyond the class period as specified in Plaintiffs' First Amended Complaint, ECF No. 351, and starting nearly nine years ago.  Peloton objects to the undefined phrases "analysis," "traffic," "visitors," "pageviews," and "portions of Your website consumers visited" as vague and ambiguous.  Peloton objects to the definition of "Documents" to the extent it requires a burdensome search and collection.  Peloton objects to this Request to the extent it demands

3

production of documents protected by the attorney client privilege and/or attorney work product doctrine. Peloton further objects to this Request to the extent that it seeks "all" documents "concerning analysis of traffic to Your website" during a two-year time period, which is unduly burdensome to gather. Peloton further objects to this Request to the extent it requests information cumulative or duplicative of website traffic analytics that Plaintiffs have already obtained and used in this litigation. *See* ECF No. 233 ¶ 41; ECF No. 233-41. Peloton further objects to this Request to the extent it purports to require Peloton to create or generate analyses of website traffic that are not already in existence.

Subject to and without waiving the foregoing objections, Peloton states that it did not locate any responsive and nonprivileged documents in its possession, custody, or control after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents concerning summaries or compilations of information concerning traffic to Your website between July 2017 and June 2019, including, but not limited to, the number of visitors, the number of pageviews, and which portions of Your website consumers visited.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Request as exceeding the scope of discovery contemplated during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests. Peloton further objects to this Request on the basis that it seeks information that is not relevant to the claims and defenses in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Peloton further objects to this

Request on the basis that it is overbroad, unduly burdensome, and not proportionate to the needs of the case because it seeks information about traffic for Peloton's entire website for a time period beyond the class period as specified in Plaintiffs' First Amended Complaint, ECF No. 351, and starting nearly nine years ago.  Peloton objects to the undefined phrases "summaries," "compilations," "information concerning traffic to Your website," "visitors," "pageviews," and "which portions of Your website consumer visited" as vague and ambiguous.  Peloton objects to the definition of "Documents" to the extent it requires a burdensome search and collection.  Peloton objects to this Request to the extent it demands production of documents protected by the attorney client privilege and/or attorney work product doctrine.  Peloton further objects to this Request to the extent that it seeks "all" documents "concerning summaries or compilations of information concerning traffic to Your website" during a two-year time period, which is unduly burdensome to gather.  Peloton further objects to this Request to the extent it requests information cumulative or duplicative of website traffic analytics that Plaintiffs have already obtained and used in this litigation.  *See* ECF No. 233 ¶ 41; ECF No. 233-41.  Peloton further objects to this Request to the extent it purports to require Peloton to create or generate summaries or compilations of information concerning website traffic that are not already in existence.

Subject to and without waiving the foregoing objections, Peloton states that it did not locate any responsive and nonprivileged documents in its possession, custody, or control after a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents concerning Your intended and actual reach of consumers through advertisements (*e.g.*, Your website, email to consumers, internet advertisements, radio, and podcasts) in which You characterized Your on-demand Class Library as ever-growing or growing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

In addition to and without waiving its Recurring Specific Objections, Peloton objects to this Request as exceeding the scope of discovery contemplated during the February 17, 2026 scheduling conference, at which Plaintiffs requested permission to serve, and the Court indicated it would permit Plaintiffs to serve, only supplemental interrogatories, not other forms of discovery requests. Peloton objects to this Request on the basis that it is overbroad, unduly burdensome, and not proportionate to the needs of the case in that it is not sufficiently tailored to the relevant timeframe. Peloton further objects to this Request to the extent that it seeks "all" documents "concerning Your intended and actual reach of consumers" through certain advertisements without any time limitation, which is unduly burdensome to gather. Peloton objects to the undefined phrase "intended and actual reach of consumers through advertisements" as vague and ambiguous. Peloton objects to the definition of "Documents" to the extent it requires a burdensome search and collection. Peloton also objects to this Request on the grounds that it is cumulative or duplicative of documents and deposition testimony already provided to Plaintiffs in this action. Peloton further objects to this Request to the extent it demands production of documents protected by the attorney client privilege and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Peloton states that it has already produced responsive and nonprivileged documents in its possession, custody, and control in response to Plaintiffs' Request for Production No. 24 and that it has provided responsive information in its 30(b)(6) deposition. *See, e.g.*, Stanton 30(b)(6) Dep. at 156:13–157:24. In light of Peloton's prior searches and productions of responsive documents and information, and on the basis of the foregoing objections, Peloton states that it will not conduct further searches in response to this Request.

Dated:  April 7, 2026

By: /s/ *Andrew Soukup*
Andrew Soukup
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000
asoukup@cov.com

Jordan Joachim
Celin Carlo-Gonzalez
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001
Tel: (212) 841-1000
jjoachim@cov.com
ccarlogonzalez@cov.com

*Counsel for Defendant Peloton
Interactive, Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2026, I caused a copy of the foregoing document to be served via electronic mail upon all counsel of record for Plaintiffs in this case.

Dated:  April 7, 2026

By: /s/ *Celin Carlo-Gonzalez*
Celin Carlo-Gonzalez
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001
Tel: (212) 841-1000
ccarlogonzalez@cov.com

*Counsel for Defendant Peloton Interactive, Inc.*

8