# COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Andrew Soukup

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5066
asoukup@cov.com

By CM/ECF                                                      July 2, 2026

The Honorable Lorna G. Schofield
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

> Re:    *Passman v. Peloton Interactive, Inc.*, No. 19-cv-11711 (S.D.N.Y.)
>         **Peloton's Response to Plaintiffs' Letter Regarding Peloton's Privilege Re-Review**

Dear Judge Schofield:

Pursuant to the Court's May 7, 2026 order (ECF No. 384), Peloton respectfully submits this response to Plaintiffs' June 25, 2026 letter (ECF No. 387).  As an initial matter, Plaintiffs' 2,430-word letter violated this Court's 1,200-word limit for pre-motion letters.  Peloton will not compound Plaintiffs' violation absent leave, and this Court should disregard the improper chart on pages 3–9 of Plaintiffs' letter.  To the extent the Court considers that chart, Peloton requests leave to file a supplemental letter exceeding the applicable word limit. Regardless, Plaintiffs' objections—which rehash arguments the Court implicitly rejected during the letter briefing stage—lack merit, and the Court should end Plaintiffs' fishing expedition.

## I.    Peloton's Careful Re-Review Confirmed The Overwhelming Majority Of Its Privilege Designations.

Consistent with the Court's prior Order, Peloton painstakingly re-reviewed 12.5% of the entries on its privilege logs.  Plaintiffs hand-selected the documents, choosing those they believed were most vulnerable to challenge and/or most relevant to their case.  **Peloton's attorneys spent more than 259 hours completing this re-review** and did not uncover any systemic issues with Peloton's prior privilege designations.  Indeed, Peloton ultimately determined that only 12 of the 675 documents re-reviewed (1.8%) were non-privileged, and accordingly produced them.  In an abundance of caution, Peloton also produced 102 documents with privilege redactions.  By and large, those documents warranted redaction because they contain limited non-privileged portions of email threads Peloton *already produced* in earlier discovery phases as separate documents.  For example, 88 redacted documents came from 10 threads previously produced in part, and Peloton produced only a handful of new, mostly non-substantive emails on these threads—many discussing scheduling.

**COVINGTON**

July 2, 2026
Page 2

The vast majority of documents Peloton re-reviewed have now been designated as privileged following two independent reviews—managed by different firms using different discovery vendors and reviewing attorneys—5 years apart. They contain privileged material that closely tracks the content this Court determined was properly withheld during earlier letter briefing and *in camera* reviews. Plaintiffs previously challenged similar documents containing attorney-involved discussions regarding the *Downtown* copyright dispute and Peloton's related decision to remove certain classes from its on-demand library. These communications reflect core legal advice and instructions regarding anticipated and pending litigation. After reviewing these communications *in camera*, the Court did not order Peloton to produce them. ECF Nos. 371, 374.

## II.     Plaintiffs' Objections Are Meritless.

Undeterred, Plaintiffs now purportedly object to 451 (80%) of the entries Peloton withheld following the re-review and 81 documents (79.5%) Peloton produced with redactions. Plaintiffs admit that more than half (281) come from chains this Court already reviewed *in camera*.[1] The Court should reject Plaintiffs' objections to these designations. Plaintiffs parrot the unsubstantiated, incorrect argument they previously advanced that these documents "predominantly involve business issues, not legal advice," ECF No. 369 at 2, but they do not explain why this Court should revisit its prior determinations and give them a "second bite at the apple." *United States ex rel. Silbersher v. Janssen Biotech, Inc.*, 2025 WL 2693954, at *4 (D.N.J. Sep. 22, 2025) (critiquing request for second *in camera* review of same documents).

Plaintiffs' purported objections to other chains discussing the *Downtown* lawsuit—which Peloton treated consistently—fare no better. Indeed, the Court correctly determined that Peloton properly withheld class-removal communications involving counsel. That was not a mere downstream business "effect" of litigation, as Plaintiffs claim. It was an inextricable part of Peloton's litigation strategy. Peloton's in-house and outside lawyers oversaw that strategy, and related communications involving those lawyers are properly withheld. *E.g.*, *La Liberte v. Reid*, 2024 WL 22781, at *1, *3 (E.D.N.Y. Jan. 2, 2024) (finding privileged communications regarding content "giving rise to this litigation, including a response to plaintiff's threat of litigation").

Critically, Plaintiffs' supposed "analogous" cases did not involve litigation strategy. In *TVT Records v. Island Def Jam Music Group*, the Court rejected privilege over communications regarding "business matters" unrelated to litigation, and *found privileged* communications "that arguably raise issues requiring legal advice." 214 F.R.D. 143, 146 (S.D.N.Y. 2003). And in *In re OpenAI, Inc., Copyright Infringement Litigation*, the Court rejected privilege claims over communications discussing events that occurred long "before any litigation." *See* 2026 WL 328182, at *1–2 (S.D.N.Y. Feb. 6, 2026) (related decision). Here, it is clear that Peloton's in-

---

[1] Many documents from these chains are iterative draft emails containing substantially the same privileged content, which Peloton explained to Plaintiffs in 2021 and reiterated recently.

**COVINGTON**

July 2, 2026
Page 3

house lawyers performed a "predominantly legal function."  *Durling v. Papa John's Int'l, Inc.*, 2018 WL 557915, at \*6 (S.D.N.Y. Jan. 24, 2018).

Nor did Peloton "automatically cloak" communications with in-house attorneys, but rather took a diligent, document-by-document approach to assessing privilege, producing many documents that include in-house attorneys and citing several in its 2021 response to Plaintiffs. Moreover, dozens of documents Plaintiffs challenge also include outside litigation counsel, giving rise to "a presumption of privilege." *In re Blue Cross Shield Antitrust Litig.*, 2018 WL 10801570, at \*3 (N.D. Ala. Jan. 29, 2018) (citation omitted).

### III.    Plaintiffs' Wasteful Fishing Expedition Should End.

Plaintiffs' rehashed objections reflect an ongoing effort to drive up discovery costs and delay resolution of a case they had been on the verge of losing—not the "limited" discovery process they initially pitched.  *See* ECF Nos. 359, 364.  Plaintiffs' conduct has been notable for all the wrong reasons:

- When Plaintiffs initially presented 20 objections to the Court, they carelessly included 3 documents Peloton produced years ago—and then incorrectly told the Court they had "no record" of Peloton removing certain documents from its logs.  *See* ECF No. 373 at 1.

- In their letter briefing, Plaintiffs insisted they were "blind" without a redaction log, ECF Nos. 369, 372, so Peloton spent many hours diligently assembling a log of *nearly 3,000* redacted documents consistent with the Court's Order.  But it is unclear what end this served:  Plaintiffs raised *zero* challenges to previous redactions.

- After Peloton completed its careful re-review and amended its privilege descriptions, Plaintiffs responded with vague, categorical objections to *nearly 90%* of the documents Peloton continued to withhold.  Plaintiffs maintain essentially all objections in their letter—even after Peloton scrupulously reviewed Plaintiffs' lengthy list, re-assessed all challenged documents, and provided a point-by-point explanation why Plaintiffs' objections overwhelmingly lacked merit.

- Concerningly, Plaintiffs' original objections cited multiple documents Peloton clawed back in 2021.  *See* ECF No. 44 ¶ 24 (Amended Protective Order).  As the Court noted during the April 28 hearing, lawyers rely on their adversaries to act in good faith.  Yet Plaintiffs apparently failed for years to fulfill their obligations to "promptly return, sequester, or destroy" these documents and to "not use…the information until the claim is resolved." Fed. R. Civ. P. 26(b)(5)(B).  After Peloton asked Plaintiffs to immediately comply, Plaintiffs waited another week to explain their citations "were inadvertent" and to represent (without evidence) that they had "sequestered or destroyed" the documents.

Given these unduly burdensome, disproportionate, and abusive tactics, this Court should deny Plaintiffs' objections and conclude this re-review process.  *Cf. SEC v. Cavanagh*, 2004 WL

**COVINGTON**

July 2, 2026
Page 4

1594818, at *14 (S.D.N.Y. July 16, 2004) (describing "a court's broad discretion to control and remedy abuses of the discovery process").

**\*\*\***

Peloton respectfully requests that the Court reject Plaintiffs' objections, order that Plaintiffs may not further challenge Peloton's logs, and enter a schedule on Peloton's dispositive motion.

Respectfully Submitted,

/s/ *Andrew Soukup*
Andrew Soukup
**COVINGTON & BURLING LLP**
One City Center
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000
Email: asoukup@cov.com

*Counsel for Defendant Peloton
Interactive, Inc.*