# COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

**Andrew Soukup**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5066
asoukup@cov.com

**By CM/ECF**

The Honorable Lorna G. Schofield
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

July 2, 2026

The parties shall meet and confer regarding the issues raised in this letter and in Dkt. No. 386 and, by **July 20, 2026**, submit a joint letter with their respective positions as to any outstanding disputes.  So Ordered.

Dated:  July 6, 2026
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:    *Passman v. Peloton Interactive, Inc.*, No. 19-cv-11711 (S.D.N.Y.)
       **Response to ECF No. 386, Plaintiffs' Pre-Motion Letter Regarding Motion to Compel Discovery**

Dear Judge Schofield:

Peloton respectfully requests that the Court deny Plaintiffs' request for a pre-motion conference regarding Peloton's discovery responses.

## I.    Plaintiffs Failed to Meet and Confer in Good Faith.

This Court's Individual Rule III.C.3 requires good-faith conferral before bringing discovery disputes before the Court.  Plaintiffs have not done so.  Following the parties' last meet-and-confer on May 28, Peloton sent Plaintiffs a letter on June 3 containing detailed responses to each of Plaintiffs' objections.  Yet Plaintiffs did not even acknowledge the letter or request further conferral—instead, they stayed silent for more than three weeks until filing their June 25 pre-motion letter.  Peloton asks that this Court deny Plaintiffs' request for a pre-motion conference or, at minimum and consistent with Rule III.C.3, direct Plaintiffs to meet and confer with Peloton before taking up this dispute.

## II.    Plaintiffs' Broad Discovery Requests Are Duplicative and Improper at This Stage.

### A.    Duplicative.

When seeking to reopen discovery in this nearly seven-year-old case, Plaintiffs repeatedly assured this Court that any requested discovery would be "limited" and "not [] duplicative."  ECF No. 359 at 2.  They told the Court that additional discovery would focus on Peloton's "ever-growing" language and that they "anticipate[d] using interrogatories and/or reopening a Rule 30(b)(6) deposition."

**COVINGTON**

July 2, 2026
Page 2

Once discovery was reopened, however, Plaintiffs abandoned their "limited" approach. In addition to 21 new interrogatories ("ROGs"), Plaintiffs served 12 additional Requests for Admission ("RFAs") and 3 additional Requests for Production ("RFPs"). Many are unrelated to Peloton's "ever-growing" language and seek to improperly duplicate or "re-do" discovery that took place years ago. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (permitting courts to limit "unreasonably cumulative or duplicative" discovery). Plaintiffs' requests—all of which seek information that was available in 2021—are cumulative to extensive requests served in 2020–2021, including 58 RFPs, 35 RFAs, and 28 interrogatories, to which Peloton responded in writing and produced tens of thousands of documents. The requests also duplicate discovery Peloton previously provided, including deposition testimony, containing much of the information now sought. Notably, numerous interrogatories came directly from Plaintiffs' years-old 30(b)(6) deposition notice, contravening the Court's directive that reopened discovery be limited to information not previously sought. The Court should deny Plaintiffs' request.

### B. *Improper under Local Rule 33.3.*

Under Local Rule 33.3, interrogatories that do not seek basic facts or contentions are only proper if "they are a more practical method of obtaining the information sought than a request for production or a deposition." *See, e.g.*, *Trilegiant Corp. v. Sitel Corp.* 272 F.R.D. 360, 367 (S.D.N.Y. 2010). Most of Plaintiffs' interrogatories are improper under this rule. Judge Liman previously limited Plaintiffs' improper interrogatories on this basis, correctly noting that the Local Rules do not give Plaintiffs license to serve interrogatories where they believe prior discovery responses were insufficient. ECF No. 115 at 2–3. That is what Plaintiffs attempted to do here: many interrogatories are duplicative of RFPs Peloton previously answered, including RFPs requesting "all representations or descriptions of Library size," all documents concerning the "ever-growing" or "growing" representations, and all documents regarding the determination of product pricing. Plaintiffs' own requests show that this information can be (and was) sought through RFPs in 2020–2021, rendering their new interrogatories improper.

## III. Peloton Properly Responded to Each Request.

Setting aside these threshold defects, Plaintiffs' requests are meritless because Peloton sufficiently answered each request at issue.

### A. *Website Traffic Information (RFPs 59–60; RFAs 40–42; Interrogatory Nos. 3, 7)*

As detailed in both Peloton's supplemental interrogatory responses and June 3 letter, Peloton reasonably and diligently searched for website traffic information from July 2017–June 2019 and found no responsive information in its possession, custody, or control. Peloton's search included discussions with knowledgeable employees and a targeted search of its collected documents. Peloton provided Plaintiffs these details, including the exact search terms, on June 3. Peloton does not oppose verifying these details in an interrogatory response, but Plaintiffs raised that issue with the Court before responding to Peloton's letter.

**COVINGTON**

July 2, 2026
Page 3

Regarding Peloton's relationship with Netlify, Plaintiffs incorrectly suggest Netlify was substantively involved in marketing the "ever-growing" statement. Netlify had no involvement in Peloton's marketing, and Plaintiffs provide no evidence supporting their conclusory assertion. Netlify—a third-party vendor Peloton previously used to track website traffic—has no existing contractual relationship with or obligations to Peloton, nor has it since Plaintiffs first made this request in March 2026. Peloton therefore has no possession, custody, or control over Netlify's data. *See Suriel v. Port Auth. of N.Y. & N.J.*, 2023 WL 2727522, at *5–7 (E.D.N.Y. Mar. 31, 2023) (finding defendant did not "control" or "spoliate" third-party evidence because third-party had no "contractual obligation" to make evidence available).

### B.    *Interrogatory Nos. 1–7.*

Peloton properly responded to each Interrogatory Nos. 1–7, identifying specific documents and deposition testimony directly addressing Plaintiffs' requests regarding marketing containing the "ever-growing" statement, decisions behind Peloton's marketing, and the marketing's intended recipients and effects. *See* ECF No. 386. In accusing Peloton of "dodging" these interrogatories, Plaintiffs misrepresent their requests and focus on one detail—the people involved in creating this marketing—to overstate Peloton's alleged non-response. Notably, however, Plaintiffs already had the names of those involved, as they asked this question in multiple 2021 depositions. Ex. 1, Tisch-Blodgett Tr. at 17:8–18:15; Ex. 2, Dillon-Curran Tr. at 59:10–13.

Further, Plaintiffs' 33(d) argument fails. "Rule 33(d) does not require the identification of all documents that touch on the subject of the interrogatory, but only those documents sufficient to provide a complete response to the question posed." *Scanlon v. Curtis Int'l, Ltd.*, 2020 WL 7360543, at *7 (E.D. Cal. Dec. 15, 2020). Peloton searched for and provided the exact location of responsive information, satisfying its burden. Peloton's document productions—totaling about 40,000 documents, not "hundreds of thousands"—are readily available to Plaintiffs and no more burdensome for them to search. And Plaintiffs' verification argument is inapposite. A verifier can properly attest to information "based on both personal knowledge *and information provided by others in the corporation.*" *Marksberry v. FCA US LLC*, 2020 WL 5653316, at *4 (D. Kan. Sep. 23, 2020) (emphasis added).

### C.    *RFAs and RFPs.*

Plaintiffs rehash many of these arguments with respect to their RFAs and RFPs. *See supra* Section III.A.

For RFP 61, Plaintiffs invoke Rule 33(d), which governs interrogatory responses and has no application to an RFP. Consistent with Rule 34(b)(2)(E), Peloton properly responded by producing these documents as they were kept in the usual course of business and has no obligation to further organize the responsive documents. *See Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 338 (N.D.N.Y. 2008) (stating it would be "unduly onerous" to require further document organization where documents are "both manageable and text searchable").

**COVINGTON**

July 2, 2026
Page 4

For RFAs 36–39 and 43, Plaintiffs accuse Peloton of not responding.  However, Plaintiffs ask Peloton only to admit that it used the statements in marketing; they do not request "which, where, or when" those statements appeared.  Peloton complied with the Rule.  *See* Fed. R. Civ. P. 36(a)(4).

Oddly, Plaintiffs also ask this Court to order further responses to RFAs 44–45 without articulating purported deficiencies with those responses.  The Court should deny that request as waived.

*        *        *

Plaintiffs' premature and meritless request for a pre-motion conference should be denied.

Respectfully Submitted,

*s/ Andrew Soukup*
Andrew Soukup
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000
Email: asoukup@cov.com

*Counsel for Defendant Peloton Interactive, Inc.*