AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| Eric Passman, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 19-cv-11711 (LGS) |
| Peloton Interactive, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Netlify, Inc. 101 2nd St, 5th Floor, San Francisco, CA 94105

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Exhibit A, attached to this subpoena.

| Place: DiCello Levitt LLP<br>485 Lexington Avenue, Suite 1001<br>New York, New York 10017 | Date and Time:<br><br>09/05/2026 1:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Eric Passman, et al. _____ , who issues or requests this subpoena, are:

Charles Dender DiCello Levitt LLP 485 Lexington Avenue, Suite 1001 New York, NY 10017 cdender@dicellolevitt.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  19-cv-11711 (LGS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

<div style="display:flex; gap:20px;">Print     Save As...     Add Attachment     Reset</div>

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## INSTRUCTIONS

1.      Unless otherwise agreed, documents responsive to this Request shall be produced to, or made available for inspection at, the law offices of DiCello Levitt LLP, 485 Lexington Avenue, Suite 1001, New York, New York, 10017.

2.      If the production of any document responsive to the Request is objected to on the grounds that the Request is burdensome or oppressive, please set forth the following information:

    a.   The precise reason why the Request poses a special burden;

    b.   The approximate number of documents which are responsive to the Request; and

    c.   The location(s) of the documents responsive to the Request.

3.      If any document(s) responsive to the Request is objected to on the grounds that it is privileged in whole or in part, please set forth the following information:

    a.   Describe in detail the nature and contents of the document;

    b.   The date each document bears;

    c.   The name, occupation, and capacity of the individual from whom the privileged matter originated;

    d.   All persons to whom the document was addressed, copied, blind copied, or to whom the document was forwarded; and

    e.   A clear and concise statement as to the grounds upon which a claim of privilege is based.

4.      All documents responsive to the Request shall be produced as they are kept in the ordinary course of business. With respect to electronically-stored information (ESI), it should be produced in a form substantively and organizationally identical to the form in which that ESI is

maintained (i.e., in native file format with all directories and folder organizational structure preserved).

5.      The following Request is continuing in nature and, in the event you become aware of or acquire additional information responsive to the Request, You are required to produce that information.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and Local Rule 26.3.

1.      "Defendant" means Peloton Interactive, Inc.

2.      "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

4.      "Document" and "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and shall include, without limitation, any written material, whether typed, handwritten, printed or otherwise, and whether in draft or final form, of any kind or nature, or any photograph, microfilm or other reproduction thereof, including, without limitation, each note, memorandum, letter, telegram, telex, circular, release, article, report, prospectus, memorandum of any telephone or in-person conversation, any financial statement, analysis, drawing, graph, chart, account, book, notebook, draft, summary, diary, transcript, computer data base, computer printout or other computer generated matter, and other data compilations, and

any other documents or electronically stored information in any medium from which information can be obtained, whether directly or, if necessary, after translation into a reasonably usable form. Electronic mail, electronic chats and messages, voice mail and any pictures, video, or sound recorded by any means are included within the definition of the terms "Document" or "Documents." A draft or non-identical copy, including a copy with handwritten notes, is a separate Document within the meaning of the term.

5.    "Library" means or refers to the collection of on-demand video content that was available through Peloton's exercise class offerings during the period July 2017 through and including June 2019.

6.    "Peloton" means Peloton Interactive, Inc.

7.    "You" or "Your" means Netlify, Inc., its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, or other representatives of affiliated third parties.

8.    "Website traffic information" means or refers to the data collected about the users who visited Peloton's websites, measured in visits, sessions, and pageviews over the July 2017 through and including June 2019 period.

9.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or."

## REQUEST FOR PRODUCTION

1.    All documents in Your possession sufficient to show website traffic information and related metrics for Peloton webpages containing the phrases "growing" or "ever-growing" or

3

"ever growing" to describe Peloton's live and on-demand class library, during the period July 2017 through and including June 2019.